UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MOLDEX METRIC INC., <br><br> Plaintiff, <br><br> vs. <br><br> 3M COMPANY AND 3M INNOVATIVE PROPERTIES COMPANY, <br><br> Defendants. | Court File No.: 14-cv-01821-JNE/FLN |

**DECLARATION OF KEVIN D. CONNEELY IN SUPPORT OF MOLDEX'S OPPOSITION TO 3M'S MOTION TO DISMISS**

I, Kevin D. Conneely, declare as follows:

1. I am of legal age and competent to testify to the matters set forth in this Declaration. The matters set forth herein are true and correct and are based on my personal knowledge.

2. I am an attorney admitted to practice in the District of Minnesota and am one of the attorneys representing Plaintiff Moldex Metric, Inc. ("Moldex") in this matter.

3. I was also one of the attorneys representing Moldex in an underlying, prior litigation, styled *3M Company and 3M Innovative Properties Company vs. Moldex Metric, Inc.*, Civil No. 12-cv-00611-JNE-FLN ("Patent Lawsuit").

4. Attached as <u>Exhibit 1</u> is a true and correct copy of the Complaint filed by 3M on March 8, 2012, in the Patent Lawsuit (ECF Docket No. 1).

5. Attached as <u>Exhibit 2</u> is a true and correct copy of the August 16, 2012 Protective Order and the October 18, 2012, Amended Protective Order signed by Chief Magistrate Judge Franklin L. Noel in the Patent Litigation (ECF Docket Nos. 28 and 29).

6. Attached as <u>Exhibit 3</u> is a true and correct copy of Plaintiffs' Responses to First Set of Requests for Admission, dated September 12, 2012, and signed by 3M's counsel of record. In that Response, among other blanket denials of case dispositive matters, 3M refused to admit (at page 8) that "the Moldex BattlePlug does not infringe the '693 patent."

7. The parties submitted their Joint Claim Construction Statement (JCCS) on November 1, 2012 (ECF Docket No. 31), and a true and correct copy is attached hereto as <u>Exhibit 4</u>. In that JCCS, 3M uniformly refused to offer any construction of any disputed term in its asserted patents, instead taking the position that only the plain and ordinary meaning should prevail and the court should not adopt Moldex's proffered constructions.

8. In response to the Joint Claim Construction Statement submitted by the parties in the Patent Lawsuit, the Court entered an order on November 5, 2012 (ECF Docket No. 32) indicating that the Court declined to hold a separate claim construction hearing and would instead address the parties' respective arguments by way of dispositive summary judgment motions. A copy of that order is attached hereto as <u>Exhibit 5</u>.

9. Attached hereto as <u>Exhibits 6 through 8</u>, respectively, are the unredacted, sealed version of Moldex's motion papers in support of its motion for summary judgment

of non-infringement of the '693 patent. That motion was filed on January 18, 2013. The documents making up Moldex's summary judgment motion on the '693 patent that are attached are: the motion (Exhibit 6), the unredacted FILED UNDER SEAL Memorandum in Support (Exhibit 7), and my Declaration, with Exhibits (Exhibit 8). Exhibits G, H, and I to my Declaration are FILED UNDER SEAL.

10. Along with co-counsel for Moldex, I attended a settlement conference conducted by Chief Magistrate Judge Noel on February 8, 2013 in the Patent Lawsuit. No agreement was reached. At no time at or prior to the filing of Moldex's summary judgment motion did 3M offer Moldex a royalty-free covenant not to sue on either of its asserted patents.

11. On February 19, 2013, the 3M defendants submitted a memorandum in opposition to Moldex's summary judgment motion of non-infringement of the '693 Patent, together with a declaration of their counsel of record. Those documents were not filed under seal. Attached hereto as Exhibit 9 is a copy of 3M's Opposition to Moldex's motion for summary judgment of non-infringement of '693 Patent. Attached hereto as Exhibit 10 is a copy of the Declaration of Felicia J. Boyd in opposition to Moldex's motion for summary judgment of non-infringement of the '693 Patent, with the as-filed exhibits.

12. On March 7, 2013, as further support for its motion for summary judgment on the '693 patent, Moldex also submitted a Reply and a Declaration of its counsel, Katherine A. Moerke. Attached as Exhibit 11 is a copy of the unredacted, FILED UNDER SEAL version of Moldex's Reply. (ECF Docket No. 53). Attached hereto as

Exhibit 12 is a true and correct copy of the Declaration of Katherine A. Moerke in support of Moldex's motion for summary judgment of non-infringement of '693 Patent, together with exhibits. Exhibit Z to that Declaration is FILED UNDER SEAL.

13. Moldex's motion for summary judgment was set to be heard on March 21, 2013, but after all of the briefing identified in paragraphs 9-11, above, 3M proffered to Moldex by letter dated March 12, 2013, a covenant not to sue on the '693 Patent. A copy of 3M's letter, a proposed dismissal, and the signed covenant not to sue are attached as Exhibit 13.

14. 3M then wrote a letter to the Court on March 15, 2013, stating that its proffered covenant on the '693 patent effectively ended all claims relating to the '693 patent and that 3M wished to have the summary judgment hearing cancelled s to that patent challenge by Moldex. A copy of that letter is attached as Exhibit 14. The Court then issued an order directing the parties to attend a follow-up settlement conference before Chief Magistrate Judge Noel. That order was signed on March 22, 2013, and a follow-up settlement conference was set for April 25, 2013. (ECF Docket No. 57).

15. The follow-up settlement conference never took place in the 3M Patent Lawsuit. Instead, 3M's counsel proffered a second covenant not to sue on the remaining patent-in-suit, U.S. Patent No. 7,036,157 ('157 Patent).

16. The 3M Patent Lawsuit was resolved and concluded by an order (ECF Docket No. 92) by which the Court granted 3M's motion to dismiss with prejudice Counts I and II of plaintiff's Complaint and dismissed Moldex's counterclaims without prejudice and denied as moot the parties' motions for summary judgment (Docket Nos.

33 and 39). That order was entered on June 18, 2013, and a Judgment was entered on June 19, 2013 (ECF Docket No. 93). Attached hereto as Exhibit 15 is a copy of the printed PACER Docket for the Patent litigation, reflecting this course of events leading to dismissal of the Patent Lawsuit.

17.     From my own personal experience, 3M Company and 3M Innovative Properties Company are frequent litigants regarding patent rights in this District. In addition to the Patent Lawsuit previously brought against Moldex, I have represented parties adverse to 3M on several occasions. Attached as Exhibit 16 is a copy of some of the past patent litigation cases that have been brought by 3M in this District prior to 2012. Of these, I have personal knowledge of at least the EnvisionWare, Barton Nelson, Edward M. Gerson Co., Inc., and Infocus lawsuits by 3M, because I or others in our law firm acted as counsel for the defendant accused of infringement. I have no personal knowledge of past patent cases where, as in the Patent Lawsuit, 3M has voluntarily granted a covenant not to sue on patents that it previously asserted against others and then sought to unilaterally dismiss its patent suits, except in the context of a settlement agreement or consent judgment.

18.     My recent search of this Court's PACER records shows that, since March 2012 (when the 3M Patent Lawsuit was commenced), 3M has brought at least seven other actions in this District in which it alleges patent infringement. Attached as Exhibit 17 are copies of ECF Docket Reports that I printed out from this Court's ECF system reflecting 3M lawsuits filed since 2012 by 3M, many of which are still pending.

102116002v1

19.  Moldex intends to prove in this case that 3M both lacked an objective, good-faith basis for commencing and continuing the 3M underlying Patent Lawsuit and that 3M and its agents brought that Patent Lawsuit for an improper purpose. To do so, Moldex intends to rely on the entire record of the Patent Litigation and to conduct discovery addressed to the objective baselessness of 3M's claims and the subjective intent, legal advice, and market-based motivations for the conduct of 3M – as alleged in Moldex's Complaint in this action.

20.  To the extent that the Court deems any of the averments of Moldex's Complaint to require supplementation or amendment as a part of its ruling on 3M's motion to dismiss, Moldex is prepared to do so, and pursuant to Rule 15 of the Federal Rules of Civil Procedure, Moldex tenders an Amended Complaint, which is attached hereto as Exhibit 18.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS ARE TRUE AND CORRECT.

DATED: July 30, 2014               By: s/Kevin D. Conneely
                                       Kevin D. Conneely