Exhibit A—Plaintiff's Prior Art Statement                                    U.S. Patent No. 6,070,693

| Asserted Claims of U.S. Patent No. 6,070,693 (the "'693 Patent") | Exhibit B[4] US 2,717,596 to Knight et al. ("Knight") | |
| --- | --- | --- |
| | Defendant's Statement[5] | Plaintiff's Statement |
| | | 3M further denies that Knight includes "said channel." *See* limitation above. |
| said channel containing a first acoustic filter and a second acoustic filter, each of said first and second filters being in communication with one of said first and second ends. | Knight discloses that its hearing protector has a channel containing a first acoustic filter and a second acoustic filter, specifically the first and second constrictions in the various embodiments, as depicted and described below:<br><br><br><br>"Plug 10 has an **elongated, axial bore 14 extending longitudinally therethrough to permit the passage of sound waves of frequencies encountered in normal conversation**, a bore diameter of approximately .03 inch in a filter plug of approximately .25 inch in length and weighing in the neighborhood of .005 pound having been found satisfactory." Col. 2:12-19 (emphasis added); "Referring now to Figs. 5 and 6 wherein is illustrated another embodiment of ear protector made in accordance | 3M denies that Knight includes, discloses, teaches, discusses, identifies, suggests, or anticipates this limitation.<br><br>3M admits that Knight includes a channel containing a first acoustic filter, the first filter being in communication with at least one of the first and second ends.<br><br><br><br>[Figure from Defendant's Prior Art Statement (annotations added).]<br><br>However, 3M denies that Knight includes a channel containing a first acoustic filter and a second acoustic filter, each of the first and second filters being in communication with one of the first and second ends. Knight contains only one acoustic filter as taught by the '693 patent.<br><br>The "Second Acoustic Filter[(s)]," as |

Exhibit A—Plaintiff's Prior Art Statement                                                                    U.S. Patent No. 6,070,693

| Asserted Claims of U.S. Patent No. 6,070,693 (the "'693 Patent") | Exhibit B[4] US 2,717,596 to Knight et al. ("Knight") | |
|---|---|---|
| | Defendant's Statement[5] | Plaintiff's Statement |
| | with the principles of this invention whereby inertia of a filter plug is aided in resisting external forces by frictional engagement between a substantial portion of its lateral surface and the walls of a resilient, tubular casing in which it is housed. The numeral 110 broadly designates an elongated, preferably cylindrical filter plug provided with **a longitudinal bore 114** and disposed within an elongated chamber 126 of tubular, cushion mounting structure broadly designated 112 and formed of resilient material. Plug 110 preferably has one end slightly rounded as at 111." Col. 3:14-26 (emphasis added). | labeled by Moldex, are not filters as taught by the '693 Patent. Knight describes these variously as "a central perforation" (*see* Knight at Col. 2:24, applicable to Figs. 2, 3 and 4), "a clearance opening" (*see* Knight at Col. 3:49, applicable to Fig.5), and a "flange[]" (*see* Knight at Col. 3:50, applicable to Fig.6), and not as filters. Knight only describes one filter for each embodiment—a "filter plug" (*see* Knight at Col. 2:6, applicable to Figs. 2, 3 and 4, and at Col. 3:21, applicable to Figs. 5 and 6; *see, also,* Knight, *generally*). Therefore, there is only one acoustic filter — the "First Acoustic Filter[(s)]" as labeled by Moldex. |
| **Claim 3** | | |
| The hearing protector according to claim 1, wherein said first and second acoustic filters are not identical. | The filters disclosed by Knight are not identical within any given embodiment, as the annotated Figs. 2-6 show below:<br> | 3M denies that Knight includes, discloses, teaches, discusses, identifies, suggests, or anticipates claim 3, which depends on claim 1, for at least the reasons stated in connection with claim 1 above. Therefore, Knight does not qualify under 35 U.S.C. 102 as invalidating prior art for claim 3.<br><br>Furthermore, 3M denies that Knight includes, discloses, teaches, discusses, identifies, suggests, or anticipates the first and second acoustic filters of claim 1. Therefore, Knight does not include, disclose, teach, discuss, identify, suggest, or anticipate a hearing protector according to claim 1, wherein the first and second acoustic filters are not identical. |

**Exhibit A—Plaintiff's Prior Art Statement**                                    **U.S. Patent No. 6,070,693**

| Asserted Claims of U.S. Patent No. 6,070,693 (the "'693 Patent") | Exhibit B[4] US 2,717,596 to Knight et al. ("Knight") | |
|---|---|---|
| | Defendant's Statement[5] | Plaintiff's Statement |
| *Claim 17* | | |
| The hearing protector according to claim 1, wherein said acoustic filters permit non-linear filtration of sound. | Knight discloses that its hearing protector's acoustic filters permit non-linear filtration of sound, as described below: "Plug 10 has an **elongated, axial bore 14 extending longitudinally therethrough to permit the passage of sound waves of frequencies encountered in normal conversation,** a bore diameter of approximately .03 inch in a filter plug of approximately .25 inch in length and weighing in the neighborhood of .005 pound having been found satisfactory." Col. 2:12-19 (emphasis added). | 3M denies that Knight includes, discloses, teaches, discusses, identifies, suggests, or anticipates claim 17, which depends on claim 1, for at least the reasons stated in connection with claim 1 above. Therefore, Knight does not qualify under 35 U.S.C. 102 as invalidating prior art for claim 17. Furthermore, 3M denies that Knight includes, discloses, teaches, discusses, identifies, suggests, or anticipates "said acoustic filters" of claim 1. Therefore, Knight does not include, disclose, teach, discuss, identify, suggest, or anticipate a hearing protector according to claim 1, wherein said acoustic filters permit non-linear filtration of sound. |

**October 15, 2012**

Exhibit A—Plaintiff's Prior Art Statement                                    U.S. Patent No. 6,070,693

| Asserted Claims of U.S. Patent No. 6,070,693 (the "'693 Patent") | Exhibit C[6] US 4,587,965 to de Boer et al. ("de Boer") | |
|---|---|---|
| | Defendant's Statement[7] | Plaintiff's Statement |
| **Claim 1** | | |
| **Summary:** | | 3M denies that de Boer includes, discloses, teaches, discusses, identifies, suggests, or anticipates all of the limitations of claim 1. Therefore, de Boer does not qualify under 35 U.S.C. 102 as invalidating prior art for claim 1. |
| A hearing protector for selectively or automatically reducing noises having intensities up to 190 dB, the hearing protector being intended to be sealingly inserted into an auditory canal of a user, the hearing protector comprising: | To the extent the preamble is limiting, de Boer discloses a hearing protector for selectively or automatically reducing noises having intensities up to 190 dB: "FIG. 7 is a graph of the sound damping effect by three filters in dependence on the sound frequency." Col. 3:1-2; Fig. 7:  FIG.7 de Boer further discloses a hearing protector being intended to be sealingly inserted into an auditory canal of a user: "The manufacture of a personalized ear protector according to the invention from a hard material is, however, time-consuming because in this case at **first a print has to be made of the inner part of the ear of the potential user of the ear protector.** By means of this mould the final ear protector is made. **As an alternative, the ear protector can be made from a relatively soft** | 3M denies that de Boer includes, discloses, teaches, discusses, identifies, suggests, or anticipates the preamble. 3M admits that de Boer describes a hearing protector for selectively or automatically reducing noises having intensities up to 190 dB, the hearing protector being intended to be sealingly inserted into an auditory canal of a user. However, 3M denies that de Boer includes, discloses, teaches, discusses, identifies, suggests, or anticipates a hearing protector for selectively or automatically reducing noises having intensities up to 190 dB, the hearing protector being intended to be sealingly inserted into an auditory canal of a user and including all of the elements listed in subsequent limitations below. |

---

[6] Exhibit numbers listed herein reflect those from from Defendant's Prior Art Statement.
[7] From Defendant's Prior Art Statement. Footnotes from original are included at end of each limitation. Errors in original have not been corrected or flagged.

                                                                        **October 15, 2012**

Exhibit A—Plaintiff's Prior Art Statement                                        U.S. Patent No. 6,070,693

| Asserted Claims of U.S. Patent No. 6,070,693 (the "'693 Patent") | Exhibit C[6] US 4,587,965 to de Boer et al. ("de Boer") | |
|---|---|---|
| | Defendant's Statement[7] | Plaintiff's Statement |
| | **material, for example, silicon, in which case the relatively soft material can assume the desired shape of the concha of the auricle in a single operation."** Col. 3:16-25 (emphasis added. | |
| a cylindrical body having a center, a first end and a second end; | de Boer discloses a cylindrical body having a center, a first end and a second end, as shown in the following annotated depictions of Fig. 1:<br><br><br><br>"FIG. 1 shows an ear protector embodying the invention, which is p[er]sonalized by its specific shape. The ear protector has a duct 6 opening out in a widened part 5 in which the filter 1 is arranged. This filter comprises a fitting piece 2 having a bore 5, in which an insertion piece 3 is arranged, which ensures that the elongate object, preferably a wire 4, is held in place in the bore 5." Col. 3:3-9. | 3M denies that de Boer includes, discloses, teaches, discusses, identifies, suggests, or anticipates this limitation.<br><br>3M admits that de Boer includes a cylindrical body having a first end and a second end.<br><br><br><br>[Figure from Defendant's Prior Art Statement (annotations added).]<br><br>However, 3M denies that de Boer includes a cylindrical body having a center as taught by the '693 Patent, which must be located between the first and second acoustic filters. As de Boer has only one filter (*see* limitation below), it does not have such a center. |
| a channel extending from said first and second ends to said center of said cylindrical body; and | de Boer discloses a channel extending from said first and second ends to said center of said cylindrical body, as shown below: | 3M denies that de Boer includes, discloses, teaches, discusses, identifies, suggests, or anticipates this limitation.<br><br>3M admits that de Boer includes a |

Exhibit A—Plaintiff's Prior Art Statement                                    U.S. Patent No. 6,070,693

| Asserted Claims of U.S. Patent No. 6,070,693 (the "'693 Patent") | Exhibit C[6] US 4,587,965 to de Boer et al. ("de Boer") | |
|---|---|---|
| | *Defendant's Statement[7]* | *Plaintiff's Statement* |
| |  | channel extending between the first and second ends of the cylindrical body.  [Figure from Defendant's Prior Art Statement (annotations added).] However, 3M denies that de Boer includes a cylindrical body having a center as taught by the '693 Patent. *See* limitation above. Therefore, 3M denies that de Boer includes a channel extending from the first and second ends to the center of the cylindrical body. 3M further denies that de Boer includes "said channel." *See* limitation above. |
| said channel containing a first acoustic filter and a second acoustic filter, each of said first and second filters being in communication with one of said first and second ends. | de Boer discloses that its hearing protector has a channel containing a first acoustic filter and a second acoustic filter, specifically the first and second constrictions as depicted and described below: | 3M denies that de Boer includes, discloses, teaches, discusses, identifies, suggests, or anticipates this limitation. 3M admits that de Boer includes a channel containing a first acoustic filter, the first filter being in communication with at least one of the first and second ends. |

**Exhibit A—Plaintiff's Prior Art Statement**                    **U.S. Patent No. 6,070,693**

| Asserted Claims of U.S. Patent No. 6,070,693 (the "'693 Patent") | Exhibit C[6] US 4,587,965 to de Boer et al. ("de Boer") | |
|---|---|---|
| | **Defendant's Statement**[7] | **Plaintiff's Statement** |
| | <br><br>"FIG. 2 shows a filter 1 embodying the invention which comprises a fitting piece 2 in which an insertion piece 3 is arranged. The bore 5 is made in the fitting piece 2 and prolong[]s in the insertion piece 3. An elongate object, preferably a wire 4 is arranged in part of the bore 5 or in the whole bore 5 **so that a part of the bore 5 has a considerably smaller free flow passage.**" Col. 3:29-36 (emphasis added).<br><br><br><br>.Alternatively, one or both of the constrictions described above could be considered as the first acoustic filter, and the constriction that follows element 1 could then be | <br><br><br><br><br><br>[Figures from Defendant's Prior Art Statement (annotations added).]<br><br>However, 3M denies that de Boer includes a channel containing a first |

Exhibit A—Plaintiff's Prior Art Statement                                              U.S. Patent No. 6,070,693

| Asserted Claims of U.S. Patent No. 6,070,693 (the "'693 Patent") | Exhibit C[6] US 4,587,965 to de Boer et al. ("de Boer") | |
| --- | --- | --- |
| | Defendant's Statement[7] | Plaintiff's Statement |
| | considered the second acoustic filter, as shown below:<br><br><br><br>Furthermore, as show above, each of the first and second filters is in communication with one of the first and second ends through[1] "a duct 6 opening out in a widened part 7 in which the filter 1 is arranged." Col. 3:5-6.<br><br>Additionally, de Boer discloses how the size of constrictions and length of channels can be altered to create various attenuation effects: "FIG. 6 shows an alternative embodiment of the ear protector of FIG. 1, in which grip 8 and filter 1 are combined to form a holding member 17, in which the grip 8 coincides with the filter 1. An additional advantage of the ear protector of FIG. 6 is that penetration of dirt into the bore 12 can even be more avoided than in the embodiment of FIG. 1, **whilst the filter may have a greater length without protruding in a troublesome manner. The lengthening of the filter, especially of the bore of restricted passage has the advantage that the bore may be wider in order to obtain uniform damping in accordance with the formula D= k.(1/0), wherein** | acoustic filter and a second acoustic filter, each of the first and second filters being in communication with one of the first and second ends. de Boer contains only one acoustic filter as taught by the '693 patent.<br><br><br><br>[Figure from Defendant's Prior Art Statement (annotations added).]<br><br>For the embodiment shown in Fig. 1 of de Boer, the "First Acoustic Filter," as labeled by Moldex, is not a filter as taught by the '693 Patent. de Boer describes this as an "open cavity" in an "insertion piece" (*see* de Boer at Col. 3:63 and Col. 3:7-8) and not a filter. Therefore, there is only one acoustic filter — the "Second Acoustic Filter" as labeled by Moldex. |

**Exhibit A—Plaintiff's Prior Art Statement**                                  **U.S. Patent No. 6,070,693**

| Asserted Claims of U.S. Patent No. 6,070,693 (the "'693 Patent") | Exhibit C[6] US 4,587,965 to de Boer et al. ("de Boer") | |
| --- | --- | --- |
| | Defendant's Statement[7] | Plaintiff's Statement |
| | D = damping 1 = length of bore 0 = surface of bore and k = fixed factor (at a given frequency).<br><br>Apart from the insertion of the elongate object 4 into the bore 5, a ceramic or glass plate having very fine pores may be arranged in the cavity 9 of FIG. 2. **The free passage in the bore with the wire could be expressed as a surface size, although the size depends on the diameter of the bore.** A preferred surface of the passage is 0.005 to 0.1 mm^2.<br><br>The wire 4 may be made of stainless steel, copper, yarn or a synthetic resin, for example, Nylon. FIG. 7 indicates the **result of measurements in accordance with ISO 4869 with sound reducing filters M and L embodying the invention. In FIG. 7 curve "H" relates to a filter without wire in bore 5, which had a diameter of 0.33 mm.** From the results indicated by the curves of FIG. 7 it appears that an improvement of the damping is obtained by using an ear protector according to the invention." Col. 4:16-48 (emphasis added); Figs. 6 and 7:<br><br><br><br>[1] In fact de Boer discloses a partially non-cylindrical shape in this alternative. However, as 3M's erroneous contentions read this limitaiton on the BattlePlug which is | <br>[Figure from Defendant's Prior Art Statement (annotations added).]<br><br>For the embodiment shown in Fig. 2 of de Boer, the "First Acoustic Filter," as labeled by Moldex, is not a filter by the '693 Patent. de Boer again describes this as an (unlabeled) "open cavity" in an "insertion piece" (*see* de Boer at Col. 3:63 and Col. 3:7-8) and not a filter. Therefore, there again is only one acoustic filter — the "Second Acoustic Filter" as labeled by Moldex.<br><br><br>[Figure from Defendant's Prior Art Statement (annotations added).]<br><br>For Moldex's alternative consideration of the embodiment shown in Fig. 1 of de Boer, the "Second Acoustic Filter," as labeled |

Exhibit A—Plaintiff's Prior Art Statement     U.S. Patent No. 6,070,693

| Asserted Claims of U.S. Patent No. 6,070,693 (the "'693 Patent") | Exhibit C[6] US 4,587,965 to de Boer et al. ("de Boer") | |
|---|---|---|
| | Defendant's Statement[7] | Plaintiff's Statement |
| | a non-cylindrical tapered cone, under 3M's erroneous construction, the limitation is met by de Boer. | by Moldex, is not a filter as taught by the '693 Patent. de Boer describes this as a "duct 6 opening out in a widened part 7 in which the filter 1 [Moldex's "First Acoustic Filter"] is arranged" (see de Boer at Col. 3:5-6) and not a filter. Therefore, there is only one acoustic filter — the "First Acoustic Filter" as labeled by Moldex. |
| **Claim 3** | | |
| The hearing protector according to claim 1, wherein said first and second acoustic filters are not identical. | None of the filters disclosed by de Boer are identical, as shown in the excerpts from Fig. 1 below:  | 3M denies that de Boer includes, discloses, teaches, discusses, identifies, suggests, or anticipates claim 3, which depends on claim 1, for at least the reasons stated in connection with claim 1 above. Therefore, de Boer does not qualify under 35 U.S.C. 102 as invalidating prior art for claim 3.<br><br>Furthermore, 3M denies that de Boer includes, discloses, teaches, discusses, identifies, suggests, or anticipates the first and second acoustic filters of claim 1. Therefore, de Boer does not include, disclose, teach, discuss, identify, suggest, or anticipate a hearing protector according to claim 1, wherein the first and second acoustic filters are not identical. |
| **Claim 17** | | |
| The hearing protector according to claim 1, wherein said acoustic filters permit non-linear filtration of sound. | de Boer discloses that its hearing protector's acoustic filters permit non-linear filtration of sound, as described and depicted below: "FIG. 7 is a graph of the sound damping effect by three filters in dependence on the sound frequency." Col. 3:1-2; Fig. 7: | 3M denies that de Boer includes, discloses, teaches, discusses, identifies, suggests, or anticipates claim 17, which depends on claim 1, for at least the reasons stated in connection with claim 1 above. Therefore, de Boer does not qualify under 35 U.S.C. 102 as invalidating prior art for claim 17.<br><br>Furthermore, 3M denies that de Boer includes, discloses, teaches, discusses, identifies, suggests, or anticipates "said acoustic filters" of |

    October 15, 2012

Exhibit A—Plaintiff's Prior Art Statement                                  U.S. Patent No. 6,070,693

| Asserted Claims of U.S. Patent No. 6,070,693 (the "'693 Patent") | Exhibit C[6] US 4,587,965 to de Boer et al. ("de Boer") | |
|---|---|---|
| | Defendant's Statement[7] | Plaintiff's Statement |
| |  FIG. 7 The non-linear nature of the disclosed filtration is clearly visible above. | claim 1. Therefore, de Boer does not include, disclose, teach, discuss, identify, suggest, or anticipate a hearing protector according to claim 1, wherein said acoustic filters permit non-linear filtration of sound. |

**Exhibit A—Plaintiff's Prior Art Statement**                                    **U.S. Patent No. 6,070,693**

| Asserted Claims of U.S. Patent No. 6,070,693 (the "'693 Patent") | Exhibit D[8] US 2,427,664 to Dunbar et al. ("Dunbar") | |
|---|---|---|
| | Defendant's Statement[9] | Plaintiff's Statement |
| **Claim 1** | | |
| **Summary:** | | 3M denies that Dunbar includes, discloses, teaches, discusses, identifies, suggests, or anticipates all of the limitations of claim 1. Therefore, Dunbar does not qualify under 35 U.S.C. 102 as invalidating prior art for claim 1. |
| A hearing protector for selectively or automatically reducing noises having intensities up to 190 dB, the hearing protector being intended to be sealingly inserted into an auditory canal of a user, the hearing protector comprising: | To the extent the preamble is limiting, Dunbar discloses a hearing protector for selectively or automatically reducing noises having intensities up to 190 dB: "The use of hearing guards of rubber, composition, wax, and cotton has long been customary in an effort to protect the ear mechanism. **The use of modern explosives has rendered these inadequate.** Attempts have also been made to filter out certain intense sounds and to seal the ears against high pressures without satisfactory result. Present records and data show that damage does not coincide with excess pressures or duration of pressure alone. Injury in some cases is greater even with the use of ear plugs as the rate of pressure change is increased, even when low maximum pressures are encountered. It, therefore, appears that damage is caused by the rate of rise of pressure which is a shock function. **An object of this invention is to provide an ear plug capable of offering sufficient mass impedance to resist sudden pressure changes with a minimum of exposed area** | 3M denies that Dunbar includes, discloses, teaches, discusses, identifies, suggests, or anticipates the preamble. 3M admits that Dunbar describes a hearing protector for selectively or automatically reducing noises having intensities up to 190 dB, the hearing protector being intended to be sealingly inserted into an auditory canal of a user. However, 3M denies that Dunbar includes, discloses, teaches, discusses, identifies, suggests, or anticipates a hearing protector for selectively or automatically reducing noises having intensities up to 190 dB, the hearing protector being intended to be sealingly inserted into an auditory canal of a user and including all of the elements listed in subsequent limitations below. |

---

[8] Exhibit numbers listed herein reflect those from from Defendant's Prior Art Statement.
[9] From Defendant's Prior Art Statement. Footnotes from original are included at end of each limitation. Errors in original have not been corrected or flagged.

**October 15, 2012**

**Exhibit A—Plaintiff's Prior Art Statement**                    **U.S. Patent No. 6,070,693**

| Asserted Claims of U.S. Patent No. 6,070,693 (the "'693 Patent") | Exhibit D[8] US 2,427,664 to Dunbar et al. ("Dunbar") | |
|---|---|---|
| | Defendant's Statement[9] | Plaintiff's Statement |
| | and provided with means for hearing conversation." Col. 1:6-26 (emphasis added); | |

and provided with means for hearing conversation." Col. 1:6-26 (emphasis added);

"A small perforation or channel 3 is provided to extend through the mass designed to pass audible frequency and moderate intensity of speech and being small enough to prevent high pressure or energy sounds from passing. In so doing the perforated plug acts to dampen sounds or noises of high frequency and will filter sounds of high intensity and pressure." Col. 2:22-29 (emphasis added).

Dunbar further discloses a hearing protector being intended to be sealingly inserted into an auditory canal of a user: "The mass should be encased in a holder of rubber, neoprene, or any other resilient material famed to fit into the outer ear canal. It should be provided with resilient sealing flange or flanges 4 to prevent irritation and provide a snug fit, and should preferably be provided with a tab 5 to prevent too deep ear penetration as shown in Fig. 1." Col. 2:10-17 (emphasis added).; Fig. 1 (annotated):



*Fig. 1*

**Exhibit A—Plaintiff's Prior Art Statement**                    **U.S. Patent No. 6,070,693**

| Asserted Claims of U.S. Patent No. 6,070,693 (the "'693 Patent") | Exhibit D[8] US 2,427,664 to Dunbar et al. ("Dunbar") | |
|---|---|---|
| | Defendant's Statement[9] | Plaintiff's Statement |
| a cylindrical body having a center, a first end and a second end; | Dunbar discloses a cylindrical body[1] having a center, a first end and a second end, as shown in the following annotated depiction of Fig. 1:  Fig. 1 [1] In fact Dunbar discloses a non-cylindrical tapered cone. However, as 3M's erroneous contentions read this limitaiton on the BattlePlug which is also a non-cylindrical tapered cone, under 3M's erroneous construction, the limitation is met by Dunbar. | 3M denies that Dunbar includes, discloses, teaches, discusses, identifies, suggests, or anticipates this limitation. 3M admits that Dunbar includes a cylindrical body having a first end and a second end.  Fig. 1 [Figure from Defendant's Prior Art Statement (annotations added).] However, 3M denies that Dunbar includes a cylindrical body having a center as taught by the '693 Patent, which must be located between the first and second acoustic filters. As Dunbar has only one filter (see limitation below), it does not have such a center. |
| a channel extending from said first and second ends to said center of said cylindrical body; and | Dunbar discloses a channel extending from said first and second ends to said center of said cylindrical body, as shown in the following annotated depiction of Fig. 1: | 3M denies that Dunbar includes, discloses, teaches, discusses, identifies, suggests, or anticipates this limitation. 3M admits that Dunbar includes a channel extending between the first and second ends of the cylindrical body. |

Exhibit A—Plaintiff's Prior Art Statement                                    U.S. Patent No. 6,070,693

| Asserted Claims of U.S. Patent No. 6,070,693 (the "'693 Patent") | Exhibit D[8] US 2,427,664 to Dunbar et al. ("Dunbar") | |
|---|---|---|
| | Defendant's Statement[9] | Plaintiff's Statement |
| |  Fig. 1 |  Fig. 1 [Figure from Defendant's Prior Art Statement (annotations added).] However, 3M denies that Dunbar includes a cylindrical body having a center as taught by the '693 Patent. *See* limitation above. Therefore, 3M denies that Dunbar includes a channel extending from the first and second ends to the center of the cylindrical body. 3M further denies that Dunbar includes "said channel." *See* limitation above. |
| said channel containing a first acoustic filter and a second acoustic filter, each of said first and second filters being in communication with one of said first and second ends. | Dunbar discloses that its hearing protector has a channel containing a first acoustic filter and a second acoustic filter, specifically the first and second constrictions as depicted and described below:  Fig. 1 "A small perforation or channel 3 | 3M denies that Dunbar includes, discloses, teaches, discusses, identifies, suggests, or anticipates this limitation. 3M admits that Dunbar includes a channel containing a first acoustic filter, the first filter being in communication with at least one of the first and second ends. |

Exhibit A—Plaintiff's Prior Art Statement                                    U.S. Patent No. 6,070,693

| Asserted Claims of U.S. Patent No. 6,070,693 (the "'693 Patent") | Exhibit D[8] US 2,427,664 to Dunbar et al. ("Dunbar") | |
|---|---|---|
| | Defendant's Statement[9] | Plaintiff's Statement |
| | is provided to extend through the **mass designed to pass audible frequency and moderate intensity of speech and being small enough to prevent high pressure or energy sounds from passing.** In so doing the perforated plug acts to dampen sounds or noises of high frequency and will **filter sounds of high intensity and pressure.** The filtering protection of the perforation or tube 3 is a function of length and diameter of opening." Col. 2:22-32 (emphasis added).<br><br>As shown above, each of the first and second filters is in communication with one of the first and second ends such that sound can pass from outside the plug to the eardrum, after being selectively attenuated as described above. | <br>[Figure from Defendant's Prior Art Statement (annotations added).]<br><br>However, 3M denies that Dunbar includes a channel containing a first acoustic filter and a second acoustic filter, each of the first and second filters being in communication with one of the first and second ends. Dunbar contains only one acoustic filter as taught by the '693 patent.<br><br>The "Second Acoustic Filter," as labeled by Moldex, is not a filter as taught by the '693 Patent. Dunbar makes no mention of this portion and teaches only that the portion labeled by Moldex as the "First Acoustic Filter" is a filter (*see* Dunbar at Col. 2:30 and *generally*). Therefore, there is only one acoustic filter — the "Second Acoustic Filter" as labeled by Moldex. |
| **Claim 3** | | |
| The hearing protector according to claim 1, wherein said first and second acoustic filters are not identical. | The filters disclosed by Dunbar are not identical, as shown in the excerpts from Fig. 1 below:<br><br> | 3M denies that Dunbar includes, discloses, teaches, discusses, identifies, suggests, or anticipates claim 3, which depends on claim 1, for at least the reasons stated in connection with claim 1 above. Therefore, Dunbar does not qualify under 35 U.S.C. 102 as invalidating prior art for claim 3.<br><br>Furthermore, 3M denies that Dunbar |

Exhibit A—Plaintiff's Prior Art Statement                                     U.S. Patent No. 6,070,693

| Asserted Claims of U.S. Patent No. 6,070,693 (the "'693 Patent") | Exhibit D[8] US 2,427,664 to Dunbar et al. ("Dunbar") | |
|---|---|---|
| | Defendant's Statement[9] | Plaintiff's Statement |
| | | includes, discloses, teaches, discusses, identifies, suggests, or anticipates the first and second acoustic filters of claim 1. Therefore, Dunbar does not include, disclose, teach, discuss, identify, suggest, or anticipate a hearing protector according to claim 1, wherein the first and second acoustic filters are not identical. |
| Claim 17 | | |
| The hearing protector according to claim 1, wherein said acoustic filters permit non-linear filtration of sound. | Dunbar discloses that its hearing protector's acoustic filters permit non-linear filtration of sound, as described below:<br><br>"The use of hearing guards of rubber, composition, wax, and cotton has long been customary in an effort to protect the ear mechanism. **The use of modern explosives has rendered these inadequate.** Attempts have also been made to filter out certain intense sounds and to seal the ears against high pressures without satisfactory result.<br><br>Present records and data show that damage does not coincide with excess pressures or duration of pressure alone. Injury in some cases is greater even with the use of ear plugs as the rate of pressure change is increased, even when low maximum pressures are encountered. It, therefore, appears that damage is caused by the rate of rise of pressure which is a shock function.<br><br>**An object of this invention is to provide an ear plug capable of offering sufficient mass impedance to resist sudden pressure changes with a minimum of exposed area and provided with means for** | 3M denies that Dunbar includes, discloses, teaches, discusses, identifies, suggests, or anticipates claim 17, which depends on claim 1, for at least the reasons stated in connection with claim 1 above. Therefore, Dunbar does not qualify under 35 U.S.C. 102 as invalidating prior art for claim 17.<br><br>Furthermore, 3M denies that Dunbar includes, discloses, teaches, discusses, identifies, suggests, or anticipates "said acoustic filters" of claim 1. Therefore, Dunbar does not include, disclose, teach, discuss, identify, suggest, or anticipate a hearing protector according to claim 1, wherein said acoustic filters permit non-linear filtration of sound. |

**Exhibit A—Plaintiff's Prior Art Statement**      **U.S. Patent No. 6,070,693**

| *Asserted Claims of U.S. Patent No. 6,070,693 (the "'693 Patent")* | *Exhibit D[8]* US 2,427,664 to Dunbar et al. ("Dunbar") | |
|---|---|---|
| | *Defendant's Statement[9]* | *Plaintiff's Statement* |
| | hearing conversation." Col. 1:6-26 (emphasis added); "A small perforation or channel 3 is provided to extend through the mass designed to pass audible frequency and moderate intensity of speech and being small enough to prevent high pressure or energy sounds from passing. In so doing the perforated plug acts to dampen sounds or noises of high frequency and will filter sounds of high intensity and pressure." Col. 2:22-29 (emphasis added). | |

     **October 15, 2012**

Exhibit A—Plaintiff's Prior Art Statement                                              U.S. Patent No. 6,070,693

| Asserted Claims of U.S. Patent No. 6,070,693 (the "'693 Patent") | Exhibit E[10] US 3,565,069 to Miller et al. ("Miller") | |
|---|---|---|
| | Defendant's Statement[11] | Plaintiff's Statement |
| **Claim 1** | | |
| **Summary:** | | 3M denies that Miller includes, discloses, teaches, discusses, identifies, suggests, or anticipates all of the limitations of claim 1. Therefore, Miller does not qualify under 35 U.S.C. 102 as invalidating prior art for claim 1. |
| A hearing protector for selectively or automatically reducing noises having intensities up to 190 dB, the hearing protector being intended to be sealingly inserted into an auditory canal of a user, the hearing protector comprising: | To the extent the preamble is limiting, Miller discloses a hearing protector for selectively or automatically reducing noises having intensities up to 190 dB: "In general, there is provided an acoustical filter device characterized by a filter element which serves to **screen out substantially all noise above a predetermined level** while permitting sound below such level to pass therethrough without deleterious loss." Col. 1:17-21 (emphasis added); "Accordingly, it has been observed that, when wearing the acoustical assembly 11, **the report of a shotgun is minimized whereby only that portion of the sound generated by the firing of the shotgun is transmitted to the listener which lies below the predetermined cutoff level.** Thus, in certain circumstances, such as in the environment of extremely high noise levels as found in and about airports in close proximity to jet engine operation and the like, the above **construction may permit the passage of enough higher noise levels, for example, up to a level on the order of 90 or 95 decibels that, if these are objectionable, a** | 3M denies that Miller includes, discloses, teaches, discusses, identifies, suggests, or anticipates the preamble.

3M admits that Miller describes a hearing protector for selectively or automatically reducing noises having intensities up to 190 dB, the hearing protector being intended to be sealingly inserted into an auditory canal of a user.

However, 3M denies that Miller includes, discloses, teaches, discusses, identifies, suggests, or anticipates a hearing protector for selectively or automatically reducing noises having intensities up to 190 dB, the hearing protector being intended to be sealingly inserted into an auditory canal of a user and including all of the elements listed in subsequent limitations below. |

---

[10] Exhibit numbers listed herein reflect those from from Defendant's Prior Art Statement.
[11] From Defendant's Prior Art Statement. Footnotes from original are included at end of each limitation. Errors in original have not been corrected or flagged.

**Exhibit A—Plaintiff's Prior Art Statement**    **U.S. Patent No. 6,070,693**

| Asserted Claims of U.S. Patent No. 6,070,693 (the "'693 Patent") | Exhibit E[10] US 3,565,069 to Miller et al. ("Miller") | |
|---|---|---|
| | Defendant's Statement[11] | Plaintiff's Statement |
| | reduction in the noise level can be achieved by further increasing the ratio of the diameter of chamber 23 with respect to the diameter of vent 24. Thus, for use under such circumstances, a ratio on the order of seven to one has been observed to screen out substantially all noise levels above 80 decibels. Under these extreme circumstances some reduction in the transmission of those noise levels below 80 decibels may be experienced which could, for example, require people in conversation to speak somewhat more loudly to be fully heard." Col. 3:8-32 (emphasis added).<br><br>To the extent the preamble is limiting, Miller discloses a hearing protector being intended to be sealingly inserted into an auditory canal of a user, such as through "body surface 12" as described and depicted below: "While being formed in the general nature of an "ear plug" in the sense that it is a body of material which can be carried within the ear, the form of body 12 provides exterior surfaces which conform in a closely fitting relation to the canal surfaces to provide an acoustically sealed interface around body 12. Thus, no sound will be permitted to pass around the exterior surface of body 12 to enter canal 13." Col. 1:70-2:2 (emphasis added); Fig. 1 (annotations added):<br><br> | |

Exhibit A—Plaintiff's Prior Art Statement                                                                    U.S. Patent No. 6,070,693

| Asserted Claims of U.S. Patent No. 6,070,693 (the "'693 Patent") | Exhibit E[10] US 3,565,069 to Miller et al. ("Miller") | |
|---|---|---|
| | Defendant's Statement[11] | Plaintiff's Statement |
| a cylindrical body having a center, a first end and a second end; | Miller discloses a hearing protector with a cylindrical body having a center, a first end and a second end, as shown in the annotated Fig. 1 below:  | 3M denies that Miller includes, discloses, teaches, discusses, identifies, suggests, or anticipates this limitation.<br><br>3M admits that Miller includes a cylindrical body having a first end and a second end. <br><br>[Figure from Defendant's Prior Art Statement (annotations added).]<br><br>However, 3M denies that Miller includes a cylindrical body having a center as taught by the '693 Patent, which must be located between the first and second acoustic filters. As Miller has only one filter (see limitation below), it does not have such a center. |
| a channel extending from said first and second ends to said center of said cylindrical body; and | Miller discloses a hearing protector with a channel extending from the first and second ends to the center of the cylindrical body[1] as shown in the annotated Fig. 1 below: <br><br>[1] In fact Millerr discloses a non-cylindrical tapered cone in portions. However, as 3M's erroneous contentions read this limitaiton on the BattlePlug which is also a non-cylindrical tapered cone, under 3M's | 3M denies that Miller includes, discloses, teaches, discusses, identifies, suggests, or anticipates this limitation.<br><br>3M admits that Miller includes a channel extending between the first and second ends of the cylindrical body. <br><br>[Figure from Defendant's Prior Art Statement (annotations added).] |

Exhibit A—Plaintiff's Prior Art Statement                                    U.S. Patent No. 6,070,693

| Asserted Claims of U.S. Patent No. 6,070,693 (the "'693 Patent") | Exhibit E[10] US 3,565,069 to Miller et al. ("Miller") | |
|---|---|---|
| | Defendant's Statement[11] | Plaintiff's Statement |
| | erroneous construction, the limitation is met by Miller. | However, 3M denies that Miller includes a cylindrical body having a center as taught by the '693 Patent. *See* limitation above. Therefore, 3M denies that Miller includes a channel extending from the first and second ends to the center of the cylindrical body. |
| said channel containing a first acoustic filter and a second acoustic filter, each of said first and second filters being in communication with one of said first and second ends. | Miller discloses a channel containing a first acoustical filter and a second acoustical filter, through its discussion of multiple constrictions to achieve acoustical filtration effects: "From inspection of the drawing, it will be readily evident that passageway 19 is in open communication between ear canal 13 and the outside surroundings. **The incoming sound waves next encounter a somewhat reduced cylindrical resonant chamber 23 which cooperates with a much smaller vent passage 24. At the junction formed at the transition between chamber 23 and vent 24, the end wall surface 26 is abruptly diminished to the restricting diameter of vent 24** whereby incoming sound waves serve to develop an increasing pressure caused by the constriction of the relatively small diameter vent 24 with respect to the relatively large diameter of chamber 23." Col. 2:36-47 (emphasis added); Fig 1 (annotations added):  Miller further discloses each of the first and second filters are in | 3M denies that Miller includes, discloses, teaches, discusses, identifies, suggests, or anticipates this limitation.

3M admits that Miller includes a channel containing a first acoustic filter, the first filter being in communication with at least one of the first and second ends.



[Figure from Defendant's Prior Art Statement (annotations added).]

However, 3M denies that Miller includes a channel containing a first acoustic filter and a second acoustic filter, each of the first and second filters being in communication with one of the first and second ends. Miller contains only one acoustic filter as taught by the '693 patent.

The "First Filter," as labeled by Moldex, is not a filter as taught by the '693 Patent. Miller describes this as a "relatively large cylindrical recess" (*see* Miller at Col. 2:33-34) and not a filter. Therefore, there is only one acoustic filter — the "Second Acoustic Filter" as labeled |

Exhibit A—Plaintiff's Prior Art Statement                                    U.S. Patent No. 6,070,693

| Asserted Claims of U.S. Patent No. 6,070,693 (the "'693 Patent") | Exhibit E[10] US 3,565,069 to Miller et al. ("Miller") | |
|---|---|---|
| | Defendant's Statement[11] | Plaintiff's Statement |
| | communication with one of said first and second ends, as described and depicted below: **"From inspection of the drawing, it will be readily evident that passageway 19 is in open communication between ear canal 13 and the outside surroundings.** The incoming sound waves next encounter a somewhat reduced cylindrical resonant chamber 23 which cooperates with a much smaller vent passage 24. At the junction formed at the transition between chamber 23 and vent 24, the end wall surface 26 is abruptly diminished to the restricting diameter of vent 24 whereby incoming sound waves serve to develop an increasing pressure caused by the constriction of the relatively small diameter vent 24 with respect to the relatively large diameter of chamber 23." Col. 2:36-47 (emphasis added); Fig 1 (annotations added):  | by Moldex. 3M further denies that Miller includes "said channel." *See* limitation above. |
| **Claim 3** | | |
| The hearing protector according to claim 1, wherein said first and second acoustic filters are not identical. | As depicted and described below, Miller discloses acoustic filters that are not identical, specifically sound passage constrictions that are not identical, for example as depicted in Fig. 1 below (annotations added): | 3M denies that Miller includes, discloses, teaches, discusses, identifies, suggests, or anticipates claim 3, which depends on claim 1, for at least the reasons stated in connection with claim 1 above. Therefore, Miller does not qualify under 35 U.S.C. 102 as invalidating prior art for claim 3. Furthermore, 3M denies that Miller includes, discloses, teaches, discusses, identifies, suggests, or |

Exhibit A—Plaintiff's Prior Art Statement                                    U.S. Patent No. 6,070,693

| Asserted Claims of U.S. Patent No. 6,070,693 (the "'693 Patent") | Exhibit E[10] US 3,565,069 to Miller et al. ("Miller") | |
|---|---|---|
| | Defendant's Statement[11] | Plaintiff's Statement |
| |  | anticipates the first and second acoustic filters of claim 1. Therefore, Miller does not include, disclose, teach, discuss, identify, suggest, or anticipate a hearing protector according to claim 1, wherein the first and second acoustic filters are not identical. |
| **Claim 17** | | |
| The hearing protector according to claim 1, wherein said acoustic filters permit non-linear filtration of sound. | Miller discloses that its hearing protector's acoustic filters permit non-linear filtration of sound, both with respect to frequency and Decibel level, as described further below: "In general, there is provided an acoustical filter device characterized by a filter element which serves to **screen out substantially all noise above a predetermined level while permitting sound below such level to pass therethrough without deleterious loss.**" Col. 1:17-21 (emphasis added); "The length of chamber 23 is **tuned to pass a frequency band on the order of 250 to 4,000 cycles per second as well as the first three harmonics thereof.** For example, chamber 23 can be on the order of 3 millimeters in length" Col. 2:48-52 (emphasis added); "Thus, the foregoing ratio of diameters between chamber 23 and vent 24 serves to **screen out noise levels above a predetermined level of noise such as on the order of eighty decibels.** This type of device, therefore, is suitable for most industrial usages, such as machine shops and the like, whereby high noise levels can be expected to be | 3M denies that Miller includes, discloses, teaches, discusses, identifies, suggests, or anticipates claim 17, which depends on claim 1, for at least the reasons stated in connection with claim 1 above. Therefore, Miller does not qualify under 35 U.S.C. 102 as invalidating prior art for claim 17. Furthermore, 3M denies that Miller includes, discloses, teaches, discusses, identifies, suggests, or anticipates "said acoustic filters" of claim 1. Therefore, Miller does not include, disclose, teach, discuss, identify, suggest, or anticipate a hearing protector according to claim 1, wherein said acoustic filters permit non-linear filtration of sound. |

**Exhibit A—Plaintiff's Prior Art Statement**                                                     **U.S. Patent No. 6,070,693**

| Asserted Claims of U.S. Patent No. 6,070,693 (the "'693 Patent") | Exhibit E[10] US 3,565,069 to Miller et al. ("Miller") | |
|---|---|---|
| | Defendant's Statement[11] | Plaintiff's Statement |
| | experienced." Col. 2:58-63 (emphasis added); "From the foregoing, it will be readily evident that there has been provided an acoustical filter device whereby **a party wearing the filters in each ear can conduct a normal conversation even in the presence of highly objectionable sound.**" Col. 3:53-56 (emphasis added). | |

Page 39                                                     October 15, 2012

Exhibit A—Plaintiff's Prior Art Statement                                    U.S. Patent No. 6,070,693

| Asserted Claims of U.S. Patent No. 6,070,693 (the "'693 Patent") | Exhibit F[12] JP 06-343659 to Kuniaki et al. ("Kuniaki") | |
|---|---|---|
| | Defendant's Statement[13] | Plaintiff's Statement |
| **Claim 1** | | |
| **Summary:** | | 3M denies that Kuniaki includes, discloses, teaches, discusses, identifies, suggests, or anticipates all of the limitations of claim 1. Therefore, Kuniaki does not qualify under 35 U.S.C. 102 as invalidating prior art for claim 1. |
| A hearing protector for selectively or automatically reducing noises having intensities up to 190 dB, the hearing protector being intended to be sealingly inserted into an auditory canal of a user, the hearing protector comprising: | To the extent the preamble is limiting, Kuniaki discloses a hearing protector for selectively or automatically reducing noises having intensities up to 190 dB: "(Purpose) **Accurately transmit information in various noisy environments by selectively permitting the passage of only the necessary information and voice** in various noisy environments. (Constitution) Provide a sound channel pathway 2 that is open on at least the sound collecting side in an ear plug 1 and form a spreading space portion 3 that spreads the pathway area in several stages within this sound channel pathway 2, or provide a sound channel pathway hole 4 that is open on at least the sound collecting side in an ear plug 1 and install a filter unit 5 whose interior serves as the sound channel pathway 2 in all or a portion of this sound channel pathway hole 4 as well as forming a spreading space portion 3 that spreads the | 3M denies that Kuniaki includes, discloses, teaches, discusses, identifies, suggests, or anticipates the preamble.<br><br>3M admits that Kuniaki describes a hearing protector for selectively or automatically reducing noises having intensities up to 190 dB, the hearing protector being intended to be sealingly inserted into an auditory canal of a user.<br><br>However, 3M denies that Kuniaki includes, discloses, teaches, discusses, identifies, suggests, or anticipates a hearing protector for selectively or automatically reducing noises having intensities up to 190 dB, the hearing protector being intended to be sealingly inserted into an auditory canal of a user and including all of the elements listed in subsequent limitations below. |

---

[12] Exhibit numbers listed herein reflect those from from Defendant's Prior Art Statement.
[13] From Defendant's Prior Art Statement. Footnotes from original are included at end of each limitation. Errors in original have not been corrected or flagged.

Exhibit A—Plaintiff's Prior Art Statement                                     U.S. Patent No. 6,070,693

| Asserted Claims of U.S. Patent No. 6,070,693 (the "'693 Patent") | Exhibit F[12] JP 06-343659 to Kuniaki et al. ("Kuniaki") | |
|---|---|---|
| | Defendant's Statement[13] | Plaintiff's Statement |
| |  Figure 9 | |
| | pathway area in several stages within this sound channel pathway 2 of filter unit 5." Translation (emphasis added). | |
| | To the extent the preamble is limiting, Kuniaki also discloses a hearing protector being intended to be sealingly inserted into an auditory canal of a user, for example as shown below:   | |
| a cylindrical body having a center, a first end and a second end; | Kuniaki discloses a cylindrical body having a center, a first end and a second end as shown and described below. "(CONSTITUTION) Provide a sound channel pathway 2 that is open on at least the sound collecting side in an ear plug 1 and form a | 3M denies that Kuniaki includes, discloses, teaches, discusses, identifies, suggests, or anticipates this limitation. 3M admits that the embodiment shown in Fig. 1 of Kuniaki includes a cylindrical body having a first end and a second end. |

**Exhibit A—Plaintiff's Prior Art Statement**                    **U.S. Patent No. 6,070,693**

| Asserted Claims of U.S. Patent No. 6,070,693 (the "'693 Patent") | Exhibit F[12] JP 06-343659 to Kuniaki et al. ("Kuniaki") | |
|---|---|---|
| | Defendant's Statement[13] | Plaintiff's Statement |

| | |
|---|---|
| spreading space portion 3 that spreads the pathway area in several stages within this sound channel pathway 2, or provide a sound channel pathway hole 4 that is open on at least the sound collecting side in an ear plug 1 and install a **filter unit 5** whose interior serves as the sound channel pathway 2 in all or a portion of this sound channel pathway hole 4 as well as forming a spreading space portion 3 that spreads the pathway area in several stages within this sound channel pathway 2 of filter unit 5." Translation.<br><br>"(0010) Furthermore, **as long as filter unit 5 has a sound channel pathway 2 provided in several stages on the interior thereof, it can be any appropriately chosen shape, such as cylindrical,** or a shape whereby a groove serving as sound channel pathway 2 and spreading space portion 3 is cut into one side of a pair of filter plates, on a portion of which is formed an entry opening or exit opening, and the pair of filter plates is affixed across a partition plate having a continuous hole through a portion thereof, etc." Translation (emphasis added).<br><br><br><br>"(0019) ◎ **Embodiment 2** Figure 7 is a diagram illustrating embodiment 2 of an ear plug filter to which this invention has been applied. In this | <br><br>[Figure from Defendant's Prior Art Statement (annotations added).]<br><br>However, 3M denies that the embodiment shown in Fig. 1 of Kuniaki includes a cylindrical body having a center as taught by the '693 Patent, which must be located between the first and second acoustic filters. As the embodiment shown in Fig. 1 of Kuniaki has only one filter (*see* limitation below), it does not have such a center.<br><br><br><br>[Figure from Defendant's Prior Art Statement (annotations added).]<br><br>3M denies that the embodiment shown in Fig. 7 of Kuniaki includes |

Exhibit A—Plaintiff's Prior Art Statement                                    U.S. Patent No. 6,070,693

| Asserted Claims of U.S. Patent No. 6,070,693 (the "'693 Patent") | Exhibit F[12] JP 06-343659 to Kuniaki et al. ("Kuniaki") | |
|---|---|---|
| | Defendant's Statement[13] | Plaintiff's Statement |
| | drawing, the basic configuration of ear plug filter 10 consists of **filter unit 50** mounted into filter attachment cavity portion 44 of ear plug 40.

(0020) In ear plug 40 in this embodiment, an ear insertion portion 42 made of elastic material is provided on the end of the **small-diameter portion of a plug body 41** consisting of a large-diameter portion and a small-diameter portion, and a sound collection portion 43 that serves to collect sound towards the entry opening 54 of filter unit 50 is provided on the large-diameter portion of plug body 41. A filter attachment cavity portion 44 is formed on the large-diameter portion of the aforesaid plug body 41, **with a communicating hole 45** being formed from the floor of this filter attachment cavity portion 44 to the small-diameter portion, and a communicating hole 46 being provided on the aforesaid ear insertion portion 42. Moreover, this filter attachment cavity portion 44 and communicating hole 45, 46 correspond to the sound channel pathway hole in this invention.

(0021) Furthermore, as shown in particular in Figure 8, **the aforesaid filter unit 50 is comprised of a pair of round filter plates 51, 52 and a round partition plate 53 interposed between these filter plates 51, 52.** In this embodiment, the fist filter plate 51 situated by the sound collection portion 43 has an entry opening 54 on the central portion thereof, with a sound channel pathway groove 55 that communicates with the entry opening 54 being cut into one | a cylindrical body. The shape shown in Fig. 7 is clearly not cylindrical.

Furthermore, 3M denies that the "Center" as labeled by Moldex for the embodiment shown in Fig. 7 of Kuniaki is a center as taught by the '693 Patent, which must be located between the first and second acoustic filters. |

Exhibit A—Plaintiff's Prior Art Statement                                    U.S. Patent No. 6,070,693

| Asserted Claims of U.S. Patent No. 6,070,693 (the "'693 Patent") | Exhibit F[12] JP 06-343659 to Kuniaki et al. ("Kuniaki") | |
|---|---|---|
| | Defendant's Statement[13] | Plaintiff's Statement |
| | surface of this partition plate 53, **the sound channel pathway being established between this sound channel pathway groove 55 and partition plate 53,** and as shown in Fig. 9, three spreading space portions 56 that spread the sound channel pathway area being formed in sound channel pathway groove 55, which spreading space portion 56 is provided in a shape whereby the pathway area is abruptly expanded at entry opening 54 **and then gradually shrunk.** Additionally, a through-hole 58 is provided in a portion of partition plate 53 corresponding to terminal round groove 57 of the sound channel pathway groove 55 of this first filter plate 51. Furthermore, in the central portion of the second filter plate 52 is an exit opening 60 that communicates with the aforesaid communicating hole 45, a sound channel pathway groove 61 that communicates with the aforesaid through-hole 58 and exit opening 60 being carved into one surface of this partition plate 53, the sound channel pathway being established between this sound channel pathway groove 61 and partition plate 53, and three spreading space portions 62 that spread the sound channel pathway area being formed in sound channel pathway groove 61, as in the case of the first filter plate 51, whereas in contrast, unlike the first filter plate 51, this spreading space portion 62 is provided in a shape whereby the pathway area is abruptly expanded at the terminal round groove 63 corresponding to through-hole 58 of sound channel pathway groove 61 and **then gradually shrunk towards exit opening 60.** | |

Exhibit A—Plaintiff's Prior Art Statement                                  U.S. Patent No. 6,070,693

| Asserted Claims of U.S. Patent No. 6,070,693 (the "'693 Patent") | Exhibit F[12] JP 06-343659 to Kuniaki et al. ("Kuniaki") | |
|---|---|---|
| | Defendant's Statement[13] | Plaintiff's Statement |
| | (0022) Hence, according to the ear plug filter in this embodiment, because a total of six spreading space portions 56, 62 are formed in the sound channel pathway of filter unit 50, in addition to solely sound in the voice band being clearly heard while noise components in the high-frequency band are reduced, as in the case of embodiment 1, according to this embodiment, the thickness dimension of filter unit 50 can be reduced in the central axis direction of ear plug 40, which makes it possible to make the dimensions of the ear plug 40 in the central axis dimension more compact." Translation (emphasis added).  | |
| a channel extending from said first and second ends to said center of said cylindrical body; and | Kuniaki discloses a channel extending from the first and second ends to the center of the cylindrical body: "A filter unit 5 whose inside serves as **sound passage 2** is disposed in a part or the whole of this hole 4, and spreading space 3 whose passage area widens is formed in a plurality of steps in the sound passage 2 of this filter unit 5."  "(0021) Furthermore, as shown in particular in Figure 8, the aforesaid filter unit 50 is comprised of a pair of round filter plates 51, 52 and a | 3M denies that Kuniaki includes, discloses, teaches, discusses, identifies, suggests, or anticipates this limitation. 3M admits that the embodiment shown in Fig. 1 of Kuniaki includes a channel extending between the first and second ends of the cylindrical body.  [Figure from Defendant's Prior Art Statement (annotations added).] However, 3M denies that the |

CASE 0:12-cv-00611-JNE-FLN   Document 47-1   Filed 02/19/13   Page 189 of 226

**Exhibit A—Plaintiff's Prior Art Statement**     **U.S. Patent No. 6,070,693**

| Asserted Claims of U.S. Patent No. 6,070,693 (the "'693 Patent") | Exhibit F[12] JP 06-343659 to Kuniaki et al. ("Kuniaki") | |
|---|---|---|
| | Defendant's Statement[13] | Plaintiff's Statement |
| | round partition plate 53 interposed between these filter plates 51, 52. In this embodiment, the fist filter plate 51 situated by the sound collection portion 43 has an entry opening 54 on the central portion thereof, with a sound **channel pathway groove 55 that communicates with the entry opening 54** being cut into one surface of this partition plate 53, the sound channel pathway being established between this sound channel pathway groove 55 and partition plate 53, and as shown in Fig. 9, three spreading space portions 56 that spread the sound channel pathway area being formed in sound channel pathway groove 55, which spreading space portion 56 is provided in a shape whereby the pathway area is abruptly expanded at entry opening 54 and then gradually shrunk. Additionally, a through-hole 58 is provided in a portion of partition plate 53 corresponding to terminal round groove 57 of the sound channel pathway groove 55 of this first filter plate 51. Furthermore, in the central portion of the second filter plate 52 is an exit opening 60 that communicates with the aforesaid communicating hole 45, a sound channel pathway groove 61 that communicates with the aforesaid through-hole 58 and exit opening 60 being carved into one surface of this partition plate 53, the **sound channel pathway** being established between this sound channel pathway groove 61 and partition plate 53, and three spreading space portions 62 that spread the sound channel pathway area being formed in sound channel pathway groove 61, as in the case of the first filter plate 51, whereas in contrast, unlike the first | embodiment shown in Fig. 1 of Kuniaki includes a cylindrical body having a center as taught by the '693 Patent. *See* limitation above. Therefore, 3M denies that that the embodiment shown in Fig. 1 of Kuniaki includes a channel extending from the first and second ends to the center of the cylindrical body.<br><br><br>[Figure from Defendant's Prior Art Statement (annotations added).]<br><br>3M denies that that the embodiment shown in Fig. 7 of Kuniaki includes a cylindrical body or has a center as taught by the '693 Patent. *See* limitation above. Therefore, 3M denies that that the embodiment shown in Fig. 7 of Kuniaki includes a channel extending from the first and second ends to the center of the cylindrical body. |

**Exhibit A—Plaintiff's Prior Art Statement**                                                    **U.S. Patent No. 6,070,693**

| Asserted Claims of U.S. Patent No. 6,070,693 (the "'693 Patent") | Exhibit F[12] JP 06-343659 to Kuniaki et al. ("Kuniaki") | |
|---|---|---|
| | Defendant's Statement[13] | Plaintiff's Statement |
| | filter plate 51, this spreading space portion 62 is provided in a shape whereby the pathway area is abruptly expanded at the terminal round groove 63 corresponding to through-hole 58 of sound channel pathway groove 61 and then gradually shrunk towards exit opening 60." Translation.  | |
| said channel containing a first acoustic filter and a second acoustic filter, each of said first and second filters being in communication with one of said first and second ends. | Kuniaki discloses a channel containing a first acoustic filter and a second acoustic filter, specifically the channel constrictions described and depicted below: "To achieve transmission of information certainly in different noise environments by establishing selective passage of the information and/or voice necessary under the applicable noise environmental condition." "A filter unit 5 whose inside serves as sound passage 2 is disposed in a part or the whole of this hole 4, and spreading space 3 whose passage area widens is formed in a plurality of steps in the sound passage 2 of this filter unit 5."  "(0019) ⓒ Embodiment 2 Figure 7 is a diagram illustrating embodiment 2 of an ear plug filter to which this invention has been applied. In this drawing, the basic | 3M denies that Kuniaki includes, discloses, teaches, discusses, identifies, suggests, or anticipates this limitation. 3M admits that the embodiment shown in Fig. 1 of Kuniaki includes a channel containing a first acoustic filter, the first filter being in communication with at least one of the first and second ends.  Filter Unit [Figure from Defendant's Prior Art Statement (annotations added).] However, 3M denies that the embodiment shown in Fig. 1 of Kuniaki includes a channel containing a first acoustic filter and a second acoustic filter, each of the first and second filters being in communication with one of the first and second ends. The embodiment |

Exhibit A—Plaintiff's Prior Art Statement                                                     U.S. Patent No. 6,070,693

| Asserted Claims of U.S. Patent No. 6,070,693 (the "'693 Patent") | Exhibit F[12] JP 06-343659 to Kuniaki et al. ("Kuniaki") | |
|---|---|---|
| | Defendant's Statement[13] | Plaintiff's Statement |
| | configuration of ear plug filter 10 consists of filter unit 50 mounted into filter attachment cavity portion 44 of ear plug 40.<br><br>(0020) In ear plug 40 in this embodiment, an ear insertion portion 42 made of elastic material is provided on the end of the small-diameter portion of a plug body 41 consisting of a large-diameter portion and a small-diameter portion, and a sound collection portion 43 that serves to collect sound towards the entry opening 54 of filter unit 50 is provided on the large-diameter portion of plug body 41. A filter attachment cavity portion 44 is formed on the large-diameter portion of the aforesaid plug body 41, with a communicating hole 45 being formed from the floor of this filter attachment cavity portion 44 to the small-diameter portion, and a communicating hole 46 being provided on the aforesaid ear insertion portion 42. **Moreover, this filter attachment cavity portion 44 and communicating hole 45, 46 correspond to the sound channel pathway hole in this invention.**<br><br>(0021) Furthermore, as shown in particular in Figure 8, the aforesaid filter unit 50 is comprised of a pair of round filter plates 51, 52 and a round partition plate 53 interposed between these filter plates 51, 52. In this embodiment, the fist filter plate 51 situated by the sound collection portion 43 has an entry opening 54 on the central portion thereof, with **a sound channel pathway groove 55 that communicates with the entry opening 54** being cut into one surface of this partition plate 53, the sound channel pathway being | shown in Fig. 1 of Kuniaki contains only one acoustic filter as taught by the '693 patent, the "Filter Unit." *See, e.g.,* Kuniaki at Constitution, Abstract and (0007) at pp. 1-3 of the translation.<br><br>3M further denies that the embodiment shown in Fig. 1 of Kuniaki includes "said channel." *See* limitation above.<br><br><br><br>[Figure from Defendant's Prior Art Statement (annotations added).]<br><br>3M denies that the embodiment shown in Fig. 7 of Kuniaki includes a channel containing a first acoustic filter and a second acoustic filter, each of the first and second filters being in communication with one of the first and second ends. The embodiment shown in Fig. 7 of Kuniaki contains only one acoustic filter as taught by the '693 patent.<br><br>The "Second Filters," as labeled by Moldex, is not a filter as taught by the '693 Patent. Kuniaki describes this as a "communicating hole" (*see* Kuniaki (0020) at p. 4 of the translation) and not a filter. Therefore, there is only one acoustic filter — the "First Acoustic Filters" as labeled by Moldex. |

Exhibit A—Plaintiff's Prior Art Statement                                        U.S. Patent No. 6,070,693

| Asserted Claims of U.S. Patent No. 6,070,693 (the "'693 Patent") | Exhibit F[12] JP 06-343659 to Kuniaki et al. ("Kuniaki") | |
|---|---|---|
| | Defendant's Statement[13] | Plaintiff's Statement |
| | established between this sound channel pathway groove 55 and partition plate 53, and as shown in Fig. 9, three spreading space portions 56 that spread the sound channel pathway area being formed in sound channel pathway groove 55, which spreading space portion 56 is provided in a shape whereby the pathway area is abruptly expanded at entry opening 54 and **then gradually shrunk.** Additionally, a through-hole 58 is provided in a portion of partition plate 53 corresponding to terminal round groove 57 of the sound channel pathway groove 55 of this first filter plate 51. Furthermore, in the central portion of the second filter plate 52 is an exit opening 60 that **communicates with the aforesaid communicating hole 45, a sound channel pathway groove 61 that communicates with the aforesaid through-hole 58 and exit opening 60** being carved into one surface of this partition plate 53, the sound channel pathway being established between this sound channel pathway groove 61 and partition plate 53, and three spreading space portions 62 that spread the sound channel pathway area being formed in sound channel pathway groove 61, as in the case of the first filter plate 51, whereas in contrast, unlike the first filter plate 51, this spreading space portion 62 is provided in a shape whereby the pathway area is abruptly expanded at the terminal round groove 63 corresponding to throughhole 58 of sound channel pathway groove 61 and then **gradually shrunk** towards exit opening 60.

(0022) Hence, according to the ear | 3M further denies that the embodiment shown in Fig. 7 of Kuniaki includes "said channel." *See* limitation above. |

U.S. Patent No. 6,070,693

| Asserted Claims of U.S. Patent No. 6,070,693 (the "'693 Patent") | Exhibit F[12] JP 06-343659 to Kuniaki et al. ("Kuniaki") | |
|---|---|---|
| | Defendant's Statement[13] | Plaintiff's Statement |
| | plug filter in this embodiment, because a total of six spreading space portions 56, 62 are formed in the sound channel pathway of filter unit 50, in addition to solely sound in the voice band being clearly heard while noise components in the high-frequency band are reduced, as in the case of embodiment 1, according to this embodiment, the thickness dimension of filter unit 50 can be reduced in the central axis direction of ear plug 40, which makes it possible to make the dimensions of the ear plug 40 in the central axis dimension more compact." Translation (emphasis added).  As depicted and described above each of the first and second filters being in communication with one of the first and second ends is depicted by virtue of the channel. | |
| **Claim 3** | | |
| The hearing protector according to claim 1, wherein said first and second acoustic filters are not identical. | As depicted and described below, Kuniaki discloses acoustic filters that are not identical, specifically sound passage constrictions that are not identical, for example as depicted below: | 3M denies that Kuniaki includes, discloses, teaches, discusses, identifies, suggests, or anticipates claim 3, which depends on claim 1, for at least the reasons stated in connection with claim 1 above. Therefore, Kuniaki does not qualify under 35 U.S.C. 102 as invalidating prior art for claim 3. |

**October 15, 2012**

Exhibit A—Plaintiff's Prior Art Statement                                            U.S. Patent No. 6,070,693

| Asserted Claims of U.S. Patent No. 6,070,693 (the "'693 Patent") | Exhibit F[12] JP 06-343659 to Kuniaki et al. ("Kuniaki") | |
|---|---|---|
| | Defendant's Statement[13] | Plaintiff's Statement |
| |  | Furthermore, 3M denies that Kuniaki includes, discloses, teaches, discusses, identifies, suggests, or anticipates the first and second acoustic filters of claim 1. Therefore, Kuniaki does not include, disclose, teach, discuss, identify, suggest, or anticipate a hearing protector according to claim 1, wherein the first and second acoustic filters are not identical. |
| Claim 17 | | |
| The hearing protector according to claim 1, wherein said acoustic filters permit non-linear filtration of sound. | Kuniaki discloses the hearing protector according to claim 1, wherein the acoustic filters permit non-linear filtration of sound: "(Purpose) Accurately transmit information in various noisy environments by selectively permitting the passage of only the necessary information and voice in various noisy environments." Translation.

"(0018) Additionally, upon investigating the noise-canceling properties of the ear plug filter in this embodiment, the results shown in Figure 6 were obtained. According to this drawing, the attenuation rate of noise component in the high-frequency band is extremely high, but the attenuation rate of sound in the voice band is low, so according to the ear plug filter in this embodiment, sound in the voice band alone will be clearly heard while noise component in the high-frequency band will be reduced." Translation. | 3M denies that Kuniaki includes, discloses, teaches, discusses, identifies, suggests, or anticipates claim 17, which depends on claim 1, for at least the reasons stated in connection with claim 1 above. Therefore, Kuniaki does not qualify under 35 U.S.C. 102 as invalidating prior art for claim 17.

Furthermore, 3M denies that Kuniaki includes, discloses, teaches, discusses, identifies, suggests, or anticipates "said acoustic filters" of claim 1. Therefore, Kuniaki does not include, disclose, teach, discuss, identify, suggest, or anticipate a hearing protector according to claim 1, wherein said acoustic filters permit non-linear filtration of sound. |

October 15, 2012

Exhibit A—Plaintiff's Prior Art Statement                                    U.S. Patent No. 6,070,693

| Asserted Claims of U.S. Patent No. 6,070,693 (the "'693 Patent") | Exhibit F[12] JP 06-343659 to Kuniaki et al. ("Kuniaki") | |
|---|---|---|
| | Defendant's Statement[13] | Plaintiff's Statement |
| |  | |
| Miscellaneous | | |
| | For the same reasons as described above, the physical product and documentation, for example as depicted below, that Sankei KK[1] manufactures corresponding to this patent is itself invalidating:<br><br>[1] This company is the "Applicant" of the Kuniaki patent. | 3M denies that the physical product and documentation that Sankei KK manufactures corresponding to Kuniaki includes, discloses, teaches, discusses, identifies, suggests, or anticipates either claim 1, 3, or 17 for at least the reasons stated in connection with claims 1, 3, and 17 above. |

Exhibit A—Plaintiff's Prior Art Statement                                    U.S. Patent No. 6,070,693

| Asserted Claims of U.S. Patent No. 6,070,693 (the "'693 Patent") | Exhibit G[14] US 6,068,079 to Hamery et al. ("Hamery") | |
|---|---|---|
| | Defendant's Statement[15] | Plaintiff's Statement |
| Claim 1 | | |
| Summary: | | Defendant Moldex contends that Hamery is invalidating prior art to the '693 Patent. |
| | | Plaintiff 3M denies that Hamery is statutory prior art to the '693 Patent under 35 U.S.C. 102 and demands that Moldex withdraw these disclosures. |
| | | The '693 Patent has priority to at least December 18, 1997. Hamery was issued on May 30, 2000 and therefore does not qualify as statutory prior art under 35 U.S.C. 102(b). In addition, Moldex has not made any contentions that would qualify Hamery as prior art under any other section of 35 U.S.C. 102. Therefore, Hamery is not prior art to the '693 Patent and Moldex is precluded from relying on Hamery to support its invalidity contentions. |
| | | Furthermore, 3M denies that Hamery includes, discloses, teaches, discusses, identifies, suggests, or anticipates all of the limitations of claim 1. |
| A hearing protector for selectively or automatically reducing noises having intensities up to 190 dB, the hearing protector being intended to be sealingly inserted into an auditory canal of a user, the hearing protector comprising: | To the extent the preamble is limiting, Hamery discloses a hearing protector for selectively or automatically reducing noises having intensities up to 190 dB, for example as described below: "One of the problems to be solved for those in the military is how to communicate between themselves, to detect, and localize and to identify the sources of exterior noises, all the while protecting their hearing against sudden noises, especially the | 3M denies that Hamery includes, discloses, teaches, discusses, identifies, suggests, or anticipates the preamble. 3M denies that Hamery includes, discloses, teaches, discusses, identifies, suggests, or anticipates a hearing protector for selectively or automatically reducing noises having intensities up to 190 dB, the hearing protector being intended to be sealingly inserted into an auditory |

---

[14] Exhibit numbers listed herein reflect those from from Defendant's Prior Art Statement.
[15] From Defendant's Prior Art Statement. Footnotes from original are included at end of each limitation. Errors in original have not been corrected or flagged.

October 15, 2012

Exhibit A—Plaintiff's Prior Art Statement                                    U.S. Patent No. 6,070,693

| Asserted Claims of U.S. Patent No. 6,070,693 (the "'693 Patent") | Exhibit G[14] US 6,068,079 to Hamery et al. ("Hamery") | |
|---|---|---|
| | Defendant's Statement[15] | Plaintiff's Statement |
| | high level noise of weapons (up to 190 dB SPL.)" Col. 1:11-16.<br><br>To the extent the preamble is limiting, Hamery further discloses a hearing protector being intended to be sealingly inserted into an auditory canal of a user: "The acoustic valve of the invention is designed to be inserted into a perforated ear plug preferably made of an elastic material in view of its placement in the external auditory canal of a user." Col. 3:18-21. | canal of a user and including all of the elements listed in subsequent limitations below.<br><br>Additionally, 3M denies that Hamery is statutory prior art to the '693 Patent under 35 U.S.C. 102. *See* Summary above. |
| a cylindrical body having a center, a first end and a second end; | Hamery discloses a cylindrical body having a center, a first end and a second end, as described and depicted below:<br><br>"Each piece 10, 11 is produced by molding a plastic material or epoxy resin and contains a disk 12, 12' forming one end of a hollow **cylinder** 14, 15 open at its other end and of which the perimeter edge 140, 150 contains a shouldering wall 141, 151. The two shouldering walls 141, 151 are complementary and opposite from each other in order to allow the assembly of the two pieces 10, 11 by interlocking and gluing.<br><br>The rigid planar disks forming the ends of the **cylinder** are spaced axially opposite each other and are positionally fixed. Each disk 12, 12' has a diameter between 2 and 4mm, and contains at its center a circular orifice 16 of which the diameter is between 0.2 and 0.6 mm." Col. 2:28-61. | 3M denies that Hamery includes, discloses, teaches, discusses, identifies, suggests, or anticipates this limitation.<br><br>3M admits that Hamery includes a cylindrical body having a first end and a second end.<br><br><br><br>[Figure from Defendant's Prior Art Statement (annotations added).] |

Exhibit A—Plaintiff's Prior Art Statement                                       U.S. Patent No. 6,070,693

| Asserted Claims of U.S. Patent No. 6,070,693 (the "'693 Patent") | Exhibit G[14] US 6,068,079 to Hamery et al. ("Hamery") | |
|---|---|---|
| | Defendant's Statement[15] | Plaintiff's Statement |
| |   FIG. 1  FIG. 2  FIG. 3a  FIG. 3b | However, 3M denies that Hamery includes a cylindrical body having a center as taught by the '693 Patent, which must be located between the first and second acoustic filters. As Hamery has only one filter (see limitation below), it does not have such a center.  Additionally, 3M denies that Hamery is statutory prior art to the '693 Patent under 35 U.S.C. 102: See Summary above. |
| a channel extending from said first and second ends to said center of said cylindrical body; and |   FIG. 1  A Channel Extending From Said First and Second Ends to Said Center of Said Cylindrical Body  FIG. 2  FIG. 3a  FIG. 3b | 3M denies that Hamery includes, discloses, teaches, discusses, identifies, suggests, or anticipates this limitation.  3M admits that Hamery includes a channel extending between the first and second ends of the cylindrical body. |

Exhibit A—Plaintiff's Prior Art Statement                    U.S. Patent No. 6,070,693

| Asserted Claims of U.S. Patent No. 6,070,693 (the "'693 Patent") | Exhibit G[14] US 6,068,079 to Hamery et al. ("Hamery") | |
|---|---|---|
| | Defendant's Statement[15] | Plaintiff's Statement |
| | |  [Figure from Defendant's Prior Art Statement (annotations added).] However, 3M denies that Hamery includes a cylindrical body having a center as taught by the '693 Patent. *See* limitation above. Therefore, 3M denies that Hamery includes a channel extending from the first and second ends to the center of the cylindrical body. Additionally, 3M denies that Hamery is statutory prior art to the '693 Patent under 35 U.S.C. 102. *See* Summary above. |
| said channel containing a first acoustic filter and a second acoustic filter, each of said first and second filters being in communication with one of said first and second ends. | Hamery discloses that the channel contained a first acoustic filter and a second acoustic filter, as shown and described below: "In the preferred embodiment of the invention, the acoustic valve is made up of two hollow cylindrical parts **each closed at one of their ends by a disk containing a central orifice**, and open at their other end, the peripheral edge of which contains a | 3M denies that Hamery includes, discloses, teaches, discusses, identifies, suggests, or anticipates this limitation. 3M admits that Hamery includes a channel containing a first acoustic filter, the first filter being in communication with at least one of the first and second ends. |

October 15, 2012

**Exhibit A—Plaintiff's Prior Art Statement**                                    **U.S. Patent No. 6,070,693**

| Asserted Claims of U.S. Patent No. 6,070,693 (the "'693 Patent") | Exhibit G[14] US 6,068,079 to Hamery et al. ("Hamery") | |
|---|---|---|
| | Defendant's Statement[15] | Plaintiff's Statement |
| | shouldering wall allowing the assembly of two parts by the complementary open ends, attached by a means of fixation." Col. 2:10-17; "In one refers to FIGS. 1 and 2, one can see that in a first method of production, the acoustic valve of the invention presents a cylindrical form and comprises two tubular pieces 10 and 11 roughly of the same dimensions. Each piece 10, 11 is produced by molding a plastic material or epoxy resin and contains a disk 12, 12' forming one end of a hollow cylinder 14, 15 open at its other end and of which the perimeter edge 140, 150 contains a shouldering wall 141, 151. The two shouldering walls 141, 151 are complementary and opposite from each other in order to allow the assembly of the two pieces 10, 11 by interlocking and gluing. The rigid planar disks forming the ends of the cylinder are spaced axially opposite each other and are positionally fixed. **Each disk 12, 12' has a diameter between 2 and 4mm, and contains at its center a circular orifice 16 of which the diameter is between 0.2 and 0.6 mm.**" Col. 2:44-61; "In the preferred embodiment of the invention, the acoustic valve is made up of two hollow cylindrical parts each closed at one of their ends by a disk containing a central orifice, and open at their other end, the peripheral edge of which contains a shouldering wall allowing the assembly of two parts by the complementary open ends, attached by a means of fixation." Col. 2:10-17; "If one refers now to FIG. 3a, one can see that in a second embodiment of the invention, the valve is made up of a tube enclosing **two disks 21 and 21', pierced at** |  [Figure from Defendant's Prior Art Statement (annotations added).] However, 3M denies that Hamery includes a channel containing a first acoustic filter and a second acoustic filter, each of the first and second filters being in communication with one of the first and second ends. Hamery contains only one acoustic filter as taught by the '693 patent. Moldex has not shown separate first and second acoustic filters. 3M further denies that Hamery includes "said channel." *See* limitation above. Additionally, 3M denies that Hamery is statutory prior art to the '693 Patent under 35 U.S.C. 102. *See* Summary above. |

Exhibit A—Plaintiff's Prior Art Statement                                      U.S. Patent No. 6,070,693

| Asserted Claims of U.S. Patent No. 6,070,693 (the "'693 Patent") | Exhibit G[14] US 6,068,079 to Hamery et al. ("Hamery") | |
|---|---|---|
| | Defendant's Statement[15] | Plaintiff's Statement |
| | their centers and roughly of the same diameter as the internal diameter of the tube 20, of which one disk 21 is positioned. at one of the ends of the tube 20 and the other disk 21' is set back from the opposite end. If one refers to FIG. 3b, one can see that, in a third embodiment, the acoustic valve comprises a tube 3 enclosing two disks 30 and 30' pierced at their centers and each set back from one end of the tube 3." Col. 3-14 (emphasis added).<br><br>Hamery discloses that each of the first and second filters are in communication with one of the first and second ends, as depicted below:<br><br><br>FIG. 1<br><br><br>FIG. 2<br><br><br>FIG. 3a       FIG. 3b | |
| Claim 17 | | |
| The hearing protector according to claim 1, wherein said acoustic filters permit non-linear filtration of sound. | Hamery discloses that the acoustic filters permit non-linear filtration of sound: "Acoustic valve capable of selective and non-linear filtering of sound and placeable in a perforated ear plug. The acoustic valve consists of a tube enclosing two rigid disks | 3M denies that Hamery includes, discloses, teaches, discusses, identifies, suggests, or anticipates claim 17, which depends on claim 1, for at least the reasons stated in connection with claim 1 above. Therefore, Hamery does not qualify |

**Exhibit A—Plaintiff's Prior Art Statement**                    **U.S. Patent No. 6,070,693**

| Asserted Claims of U.S. Patent No. 6,070,693 (the "'693 Patent") | Exhibit G[14] US 6,068,079 to Hamery et al. ("Hamery") | |
|---|---|---|
| | Defendant's Statement[15] | Plaintiff's Statement |
| | axially spaced opposite each other, each of the disks containing at least one perforation. The total perforated surface of at least one disk is between 0.03 and 0.5 mm2." Abstract. Emphasis added. | under 35 U.S.C. 102 as invalidating prior art for claim 17.<br><br>Furthermore, 3M denies that Hamery includes, discloses, teaches, discusses, identifies, suggests, or anticipates "said acoustic filters" of claim 1. Therefore, Hamery does not include, disclose, teach, discuss, identify, suggest, or anticipate a hearing protector according to claim 1, wherein said acoustic filters permit non-linear filtration of sound.<br><br>Additionally, 3M denies that Hamery is statutory prior art to the '693 Patent under 35 U.S.C. 102. *See* Summary for Claim 1 above. |

Exhibit A—Plaintiff's Prior Art Statement                                                   U.S. Patent No. 6,070,693

| Asserted Claims of U.S. Patent No. 6,070,693 (the "'693 Patent") | Exhibit H[16] US 2,437,490 to Watson et al. ("Watson") | |
|---|---|---|
| | Defendant's Statement[17] | Plaintiff's Statement |
| **Claim 1** | | |
| **Summary:** | | 3M denies that Watson includes, discloses, teaches, discusses, identifies, suggests, or anticipates all of the limitations of claim 1. Therefore, Watson does not qualify under 35 U.S.C. 102 as invalidating prior art for claim 1. |
| A hearing protector for selectively or automatically reducing noises having intensities up to 190 dB, the hearing protector being intended to be sealingly inserted into an auditory canal of a user, the hearing protector comprising: | To the extent the preamble is limiting, Watson discloses a hearing protector for selectively or automatically reducing noises having intensities up to 190 dB— specifically a hearing protector for preventing injury when there are sudden or substantial changes in air pressure— as described below:     Another and important object of this invention is to provide ear defenders of the character referred to that may embody novel means for automatically equalizing the air pressure in the auditory canal between the ear defender ant the ear drum and the pressure at the exterior of the ear defender to prevent injury to the ear drum in situations where the user is subjected to sudden and/or substantial changes in air pressure. Col. 1:6-14. <br><br>To the extent the preamble is limiting, Watson further discloses a hearing protector being intended to be sealingly inserted into an auditory canal of a user, as described below:     The embodiment of our invention illustrated in Figs. 1 and 2 of the drawings may | 3M denies that Watson includes, discloses, teaches, discusses, identifies, suggests, or anticipates the preamble. <br><br>3M denies that Watson includes, discloses, teaches, discusses, identifies, suggests, or anticipates a hearing protector for selectively or automatically reducing noises having intensities up to 190 dB. *See, e.g.*, Watson at Col. 1:25-28. The cite provided by Moldex (Col. 1:6-14) relates to sudden air pressure changes, not to noise intensity. <br><br>Additionally, 3M denies that Watson includes, discloses, teaches, discusses, identifies, suggests, or anticipates a hearing protector for selectively or automatically reducing noises having intensities up to 190 dB, the hearing protector being intended to be sealingly inserted into an auditory canal of a user and including all of the elements listed in subsequent limitations below. |

---

[16] Exhibit numbers listed herein reflect those from from Defendant's Prior Art Statement.
[17] From Defendant's Prior Art Statement. Footnotes from original are included at end of each limitation. Errors in original have not been corrected or flagged.

**October 15, 2012**

Exhibit A—Plaintiff's Prior Art Statement                                                                 U.S. Patent No. 6,070,693

| Asserted Claims of U.S. Patent No. 6,070,693 (the "'693 Patent") | Exhibit H[16] US 2,437,490 to Watson et al. ("Watson") | |
| --- | --- | --- |
| | Defendant's Statement[17] | Plaintiff's Statement |
| | be said to comprise, generally, a body 10 designed for insertion in the auditory canal, means 11 on the body 10 for sealing with the lining of the canal and means 12 in the body 10 operable to allow for the automatic equalization of the air pressures in said canal and at the exterior of the device while operating as an effective sound insulating element. Col. 2:13-21. | |
| a cylindrical body having a center, a first end and a second end; | Watson discloses a cylindrical[1] body having a center, a first end and a second end, as depicted below:<br><br><br><br>[1] In fact Watson is in portions a non-cylindrical tapered cone. However, as 3M's erroneous contentions read this limitaiton on the BattlePlug which is also a non-cylindrical tapered cone, under 3M's erroneous construction, the limitation is met by Watson. | 3M denies that Watson includes, discloses, teaches, discusses, identifies, suggests, or anticipates this limitation.<br><br><br><br>[Figure from Defendant's Prior Art Statement (annotations added).]<br><br>3M denies that Watson includes a cylindrical body. The shape shown in Fig. 3 is clearly not cylindrical. |
| a channel extending from said first and second ends to said center of said cylindrical body; and | Watson discloses a channel extending from the first and second ends to the center of the cylindrical body as depicted below: | 3M denies that Watson includes, discloses, teaches, discusses, identifies, suggests, or anticipates this limitation. |

Exhibit A—Plaintiff's Prior Art Statement                                    U.S. Patent No. 6,070,693

| Asserted Claims of U.S. Patent No. 6,070,693 (the "'693 Patent") | Exhibit H[16] US 2,437,490 to Watson et al. ("Watson") | |
|---|---|---|
| | Defendant's Statement[17] | Plaintiff's Statement |
| |  |  [Figure from Defendant's Prior Art Statement (annotations added).] 3M denies that Watson includes a cylindrical body. *See* limitation above. Therefore, 3M denies that Watson includes a channel extending from the first and second ends to the center of the cylindrical body. |
| said channel containing a first acoustic filter and a second acoustic filter, each of said first and second filters being in communication with one of said first and second ends. | Watson discloses a channel containing a first acoustic filter and a second acoustic filter, as described and depicted below: "The insert 19 packed with the cotton or material 24 and having the **small orifice 23 provides for the equalization of 75 the air pressure in the inner and outer sides of the defender without a too serious loss in acoustical insulation. The** closely packed material 24 defines a multitude of small air passages or pores and forms an adequate acoustical insulation while **permitting the automatic equalization of the air pressure by air flow through the orifice or opening 23."** Col. 4:72—Col. 5:7 (emphasis added); "The air pressure equalizing unit 30 may be identical with the means 12 above described, comprising a tubular or chambered rigid insert 19a packed with cotton or similar material 24a and **provided at its inner end with a small opening 23a. The outer partition 32** | 3M denies that Watson includes, discloses, teaches, discusses, identifies, suggests, or anticipates this limitation. 3M denies that Watson includes "said channel." *See* limitation above. |

**Exhibit A—Plaintiff's Prior Art Statement**                                                              **U.S. Patent No. 6,070,693**

| Asserted Claims of U.S. Patent No. 6,070,693 (the "'693 Patent") | Exhibit H[16] US 2,437,490 to Watson et al. ("Watson") | |
|---|---|---|
| | Defendant's Statement[17] | Plaintiff's Statement |
| | is preferably, through not necessarily, a continuous integral portion of the body 13a. In some cases it may be preferred to make the partition 32 a separately formed element to simplify the manufacture, in which case the partition is cemented or otherwise fixed in the outer end of the body. The outer air pressure equalizing unit 31 may be identical with the unit 30 to reduce the cost of manufacture. The unit 31 is secured and sealed in a central opening in the partition 32 with its **reduced air equalizing opening 23a facing inwardly. The two units 30 and 31** being identical corresponding reference numerals are applied to the corresponding parts." Col. 5:24-43 (emphasis added).  Watson further discloses that each of the first and second filters being in communication with one of the first and second ends, as depicted below: | |

**Exhibit A—Plaintiff's Prior Art Statement**                                          **U.S. Patent No. 6,070,693**

| Asserted Claims of U.S. Patent No. 6,070,693 (the "'693 Patent") | Exhibit H[16] US 2,437,490 to Watson et al. ("Watson") | |
|---|---|---|
| | Defendant's Statement[17] | Plaintiff's Statement |
| |  | |
| **Claim 17** | | |
| The hearing protector according to claim 1, wherein said acoustic filters permit non-linear filtration of sound. | Watson inherently discloses that the acoustic filters permit non-linear filtration of sound through its disclosure of a succession of constricted channels in a hearing protector, as depicted below:<br><br> | 3M denies that Watson includes, discloses, teaches, discusses, identifies, suggests, or anticipates claim 17, which depends on claim 1, for at least the reasons stated in connection with claim 1 above. Therefore, Watson does not qualify under 35 U.S.C. 102 as invalidating prior art for claim 17. |

Exhibit A—Plaintiff's Prior Art Statement                                    U.S. Patent No. 6,070,693

| Asserted Claims of U.S. Patent No. 6,070,693 (the "'693 Patent") | Exhibit I[18] US 4,540,063 to Ochi et al. ("Ochi") | |
|---|---|---|
| | Defendant's Statement[19] | Plaintiff's Statement |
| **Claim 1** | | |
| **Summary:** | | 3M denies that Ochi includes, discloses, teaches, discusses, identifies, suggests, or anticipates all of the limitations of claim 1. Therefore, Ochi does not qualify under 35 U.S.C. 102 as invalidating prior art for claim 1. |
| A hearing protector for selectively or automatically reducing noises having intensities up to 190 dB, the hearing protector being intended to be sealingly inserted into an auditory canal of a user, the hearing protector comprising: | To the extent the preamble is limiting, Ochi discloses a hearing protector for selectively or automatically reducing noises having intensities up to 190 dB, the hearing protector being intended to be sealingly inserted into an auditory canal of a user, as described and depicted below:<br><br>"A **sound attenuation** device is disclosed which is capable of simultaneously attenuating sound waves of both high and low frequencies bands while leaving other frequencies undisturbed." Abstract (emphasis added).<br><br>"The proximal member of the preferred embodiment further includes a means of securing the position of the device and **ensuring close contact of the proximal member to the external auditory meatus of the ear** (not shown) and a means of limiting direct invasion of environmental sound waves into the ear. As illustrated in the drawings, such may be accomplished by **placing umbrella the shaped flanges** 56, 58 and 60 arranged in parallel about the major axis of proximal member 12." Col. 3:25-33 (emphasis added). | 3M denies that Ochi includes, discloses, teaches, discusses, identifies, suggests, or anticipates the preamble.<br><br>3M denies that Ochi includes, discloses, teaches, discusses, identifies, suggests, or anticipates a hearing protector for selectively or automatically reducing noises having intensities up to 190 dB. The cite provided by Moldex (Col. 4:26-51) only provides for a 35dB reduction at 110dB.<br><br>Additionally, 3M denies that Ochi includes, discloses, teaches, discusses, identifies, suggests, or anticipates a hearing protector for selectively or automatically reducing noises having intensities up to 190 dB, the hearing protector being intended to be sealingly inserted into an auditory canal of a user and including all of the elements listed in subsequent limitations below. |

---

[18] Exhibit numbers listed herein reflect those from from Defendant's Prior Art Statement.
[19] From Defendant's Prior Art Statement. Footnotes from original are included at end of each limitation. Errors in original have not been corrected or flagged.

Exhibit A—Plaintiff's Prior Art Statement                                    U.S. Patent No. 6,070,693

| Asserted Claims of U.S. Patent No. 6,070,693 (the "'693 Patent") | Exhibit I[18] US 4,540,063 to Ochi et al. ("Ochi") | |
|---|---|---|
| | Defendant's Statement[19] | Plaintiff's Statement |
| | "This process of scattering and merging with intermittent absorption and attentuation of sound waves overcomes the disadvantage of the prior sound wave attenuation devices in that attenuation of sound wave frequencies in both high and low frequencies is simultaneously accomplished. **FIG. 6 illustrates the correlation between noise level [dB(C)] and sound wave frequency [Hz] on clay shooting.** As illustrated, the instaneous impact of sound created by clay shooting is comprised of sound wave frequencies ranging from low frequency bands through high frequency bands in the neighborhood of 10,000 Hz. Effective use of prior devices would require a user to change conventional sound wave attenuation units to correspond to their respective frequency bands. Tests exploring the effectiveness of the device of the present invention on clay shooting frequencies using an ordinary audiometer demonstrated that an effective attenuation of approximately 35 dB was achieved on the central frequency of 4000 Hz at 110 dB. **Thus, even if the device of this invention is used under the most severe conditions, as in the case of clay shooting, the device operates such as to attentuate the disturbing sounds to become audible and thereby allows a user to go about his daily life without danger or anxiety even on noisy construction sites and the like.**" Col. 4:26-51 (emphasis added). | |

CASE 0:12-cv-00611-JNE-FLN   Document 47-1   Filed 02/19/13   Page 210 of 226

**Exhibit A—Plaintiff's Prior Art Statement**                    **U.S. Patent No. 6,070,693**

| Asserted Claims of U.S. Patent No. 6,070,693 (the "'693 Patent") | Exhibit I[18] US 4,540,063 to Ochi et al. ("Ochi") | |
|---|---|---|
| | Defendant's Statement[19] | Plaintiff's Statement |
| |  FIG_2.  FIG_6. | |
| a cylindrical body having a center, a first end and a second end; | Ochi discloses a cylindrical body having a center, a first end and a second end, as depicted below:  | 3M denies that Ochi includes, discloses, teaches, discusses, identifies, suggests, or anticipates this limitation. 3M admits that Ochi includes a cylindrical body having a first end and a second end. |

Exhibit A—Plaintiff's Prior Art Statement                                                                    U.S. Patent No. 6,070,693

| Asserted Claims of U.S. Patent No. 6,070,693 (the "'693 Patent") | Exhibit I[18] US 4,540,063 to Ochi et al. ("Ochi") | |
|---|---|---|
| | Defendant's Statement[19] | Plaintiff's Statement |
| | |  [Figure from Defendant's Prior Art Statement (annotations added).] However, 3M denies that Ochi includes a cylindrical body having a center as taught by the '693 Patent, which must be located between the first and second acoustic filters. As Ochi does not have the first and second acoustic filters (*see* limitation below), it does not have such a center. |
| a channel extending from said first and second ends to said center of said cylindrical body; and | Ochi discloses a channel extending from said first and second ends to said center of said cylindrical body: | 3M denies that Ochi includes, discloses, teaches, discusses, identifies, suggests, or anticipates this limitation. 3M admits that Ochi includes a channel extending between the first and second ends of the cylindrical body. |

**Exhibit A—Plaintiff's Prior Art Statement**

**U.S. Patent No. 6,070,693**

| Asserted Claims of U.S. Patent No. 6,070,693 (the "'693 Patent") | Exhibit I[18] US 4,540,063 to Ochi et al. ("Ochi") | |
|---|---|---|
| | Defendant's Statement[19] | Plaintiff's Statement |
| |  FIG. 2 |  FIG. 2 [Figure from Defendant's Prior Art Statement (annotations added).] However, 3M denies that Ochi includes a cylindrical body having a center as taught by the '693 Patent. *See* limitation above. Therefore, 3M denies that Ochi includes a channel extending from the first and second ends to the center of the cylindrical body. |
| said channel containing a first acoustic filter and a second acoustic filter, each of said first and second filters being in communication with one of said first and second ends. | Ochi discloses a channel containing a first acoustic filter and a second acoustic filter, for example as depicted below: | 3M denies that Ochi includes, discloses, teaches, discusses, identifies, suggests, or anticipates this limitation. |

October 15, 2012

Exhibit A—Plaintiff's Prior Art Statement                    U.S. Patent No. 6,070,693

| Asserted Claims of U.S. Patent No. 6,070,693 (the "'693 Patent") | Exhibit I[18] US 4,540,063 to Ochi et al. ("Ochi") | |
| --- | --- | --- |
| | Defendant's Statement[19] | Plaintiff's Statement |
| |   Ouchi further discloses that each of the first and second filters being in communication with one of the first and second ends, for example as depicted below:    FIG. 2. |   [Figure from Defendant's Prior Art Statement (annotations added).]  3M denies that Ochi includes a channel containing a first acoustic filter and a second acoustic filter, each of the first and second filters being in communication with one of the first and second ends. Ochi contains only one acoustic filter as taught by the '693 patent.  The "First Filter," as labeled by Moldex, is not a filter as taught by the '693 Patent. Ochi describes this as an "inlet aperture" (see Ochi at Col. 2:40) and not a filter. The "Second Filter," as labeled by Moldex, is also not a filter as taught by the '693 Patent. Ochi describes this as a "distal sound wave passageway" (see Ochi at Col. 2:42) and not a filter.  3M further denies that Ochi includes "said channel." See limitation above. |
| **Claim 3** | | |
| The hearing protector according to claim 1, wherein said first and second | Ouchi discloses a hearing protector wherein the first and second acoustic filters are not identical, as depicted | 3M denies that Ochi includes, discloses, teaches, discusses, identifies, suggests, or anticipates |

Exhibit A—Plaintiff's Prior Art Statement                                              U.S. Patent No. 6,070,693

| Asserted Claims of U.S. Patent No. 6,070,693 (the "'693 Patent") | Exhibit I[18] US 4,540,063 to Ochi et al. ("Ochi") | |
|---|---|---|
| | Defendant's Statement[19] | Plaintiff's Statement |
| acoustic filters are not identical. | below:  | claim 3, which depends on claim 1, for at least the reasons stated in connection with claim 1 above. Therefore, Ochi does not qualify under 35 U.S.C. 102 as invalidating prior art for claim 3.<br><br>Furthermore, 3M denies that Ochi includes, discloses, teaches, discusses, identifies, suggests, or anticipates the first and second acoustic filters of claim 1. Therefore, Ochi does not include, disclose, teach, discuss, identify, suggest, or anticipate a hearing protector according to claim 1, wherein the first and second acoustic filters are not identical. |
| **Claim 17** | | |
| The hearing protector according to claim 1, wherein said acoustic filters permit non-linear filtration of sound. | Ochi inherently discloses acoustic filters permitting non-linear filtration of sound by virtue of its disclosure of multiple channel constrictions. See also, e.g., Col. 4:26-51: "This process of scattering and merging with intermittent absorption and attentuation of sound waves overcomes the disadvantage of the prior sound wave attenuation devices in that attenuation of sound wave frequencies in both high and low frequencies is simultaneously accomplished. **FIG. 6 illustrates the correlation between noise level [dB(C)1 and sound wave frequency [Hz] on clay shooting**. As illustrated, the instaneous impact of sound created by clay shooting is comprised of sound wave frequencies ranging from low frequency bands through high frequency bands in the neighborhood of 10,000 Hz. Effective use of prior devices would require a user to change conventional sound wave attenuation units to correspond to their | 3M denies that Ochi includes, discloses, teaches, discusses, identifies, or anticipates claim 17, which depends on claim 1, for at least the reasons stated in connection with claim 1 above. Therefore, Ochi does not qualify under 35 U.S.C. 102 as invalidating prior art for claim 17.<br><br>Furthermore, 3M denies that Ochi includes, discloses, teaches, discusses, identifies, suggests, or anticipates "said acoustic filters" of claim 1. Therefore, Ochi does not include, disclose, teach, discuss, identify, suggest, or anticipate a hearing protector according to claim 1, wherein said acoustic filters permit non-linear filtration of sound. |

Exhibit A—Plaintiff's Prior Art Statement                                    U.S. Patent No. 6,070,693

| Asserted Claims of U.S. Patent No. 6,070,693 (the "'693 Patent") | Exhibit I[18] US 4,540,063 to Ochi et al. ("Ochi") | |
|---|---|---|
| | Defendant's Statement[19] | Plaintiff's Statement |
| | respective frequency bands. Tests exploring the effectiveness of the device of the present invention on clay shooting frequencies using an ordinary audiometer demonstrated that an effective attenuation of approximately 35 dB was achieved on the central frequency of 4000 Hz at 110 dB. **Thus, even if the device of this invention is used under the most severe conditions, as in the case of clay shooting, the device operates such as to attentuate the disturbing sounds to become audible and thereby allows a user to go about his daily life without danger or anxiety even on noisy construction sites and the like.**"; Fig. 6:  FIG._6. | |

Exhibit A—Plaintiff's Prior Art Statement                                  U.S. Patent No. 6,070,693

| Asserted Claims of U.S. Patent No. 6,070,693 (the "'693 Patent") | Exhibit J[20] | |
|---|---|---|
| | US 2,881,759 to Hocks et al. ("Hocks") | |
| | Defendant's Statement[21] | Plaintiff's Statement |
| **Claim 1** | | |
| **Summary:** | | 3M denies that Hocks includes, discloses, teaches, discusses, identifies, suggests, or anticipates all of the limitations of claim 1. Therefore, Hocks does not qualify under 35 U.S.C. 102 as invalidating prior art for claim 1. |
| A hearing protector for selectively or automatically reducing noises having intensities up to 190 dB, the hearing protector being intended to be sealingly inserted into an auditory canal of a user, the hearing protector comprising: | To the extent the preamble is limiting, Hocks discloses a hearing protector for selectively or automatically reducing noises having intensities up to 190 dB, the hearing protector being intended to be sealingly inserted into an auditory canal of a user, as described and depicted below: "Another object of the invention is to provide an improved ear protector comprising soft rubber or soft rubber-like material of a shape corresponding to the individual wearer's ear for effectively sealing the ear drum from the outside of the ear, and, at the same time, being comfortable to wear. Another object is to provide an ear protector having improved means for controlling the transmission of sound• to the ear drum." Col 1:41-59.<br><br><br>Fig. 1 | 3M denies that Hocks includes, discloses, teaches, discusses, identifies, suggests, or anticipates the preamble.<br><br>3M denies that Hocks includes, discloses, teaches, discusses, identifies, suggests, or anticipates a hearing protector for selectively or automatically reducing noises having intensities up to 190 dB, the hearing protector being intended to be sealingly inserted into an auditory canal of a user and including all of the elements listed in subsequent limitations below. |
| a cylindrical body having a center, a first end and a | Hocks discloses a cylindrical[1] body having a center, a first end and a | 3M denies that Hocks includes, discloses, teaches, discusses, |

---

[20] Exhibit numbers listed herein reflect those from from Defendant's Prior Art Statement.
[21] From Defendant's Prior Art Statement. Footnotes from original are included at end of each limitation. Errors in original have not been corrected or flagged.

Exhibit A—Plaintiff's Prior Art Statement                                     U.S. Patent No. 6,070,693

| Asserted Claims of U.S. Patent No. 6,070,693 (the "'693 Patent") | Exhibit J[20] US 2,881,759 to Hocks et al. ("Hocks") | |
|---|---|---|
| | Defendant's Statement[21] | Plaintiff's Statement |
| second end; | second end, as depicted below:<br><br><br><br>[1] In fact Hocks discloses a partially non-cylindrical portion. However, as 3M's erroneous contentions read this limitation on the BattlePlug which is also a non-cylindrical tapered cone, under 3M's erroneous construction, the limitation is met by Hocks. | identifies, suggests, or anticipates this limitation.<br><br><br><br>[Figure from Defendant's Prior Art Statement (annotations added).]<br><br>3M denies that Hocks includes a cylindrical body. The shape shown in Figs. 1/2 is clearly not cylindrical.<br><br>Furthermore, 3M denies that Hocks includes a body having a center as taught by the '693 Patent, which must be located between the first and second acoustic filters. As Hocks does not have the first and second acoustic filters (*see* limitation below), it does not have such a center. |
| a channel extending from said first and second ends to said center of said cylindrical body; and | Hocks discloses a channel extending from the first and second ends to the center of the cylindrical body, as depicted below:<br><br> | 3M denies that Hocks includes, discloses, teaches, discusses, identifies, suggests, or anticipates this limitation.<br><br><br><br>[Figure from Defendant's Prior Art Statement (annotations added).]<br><br>3M denies that Hocks includes a cylindrical body. *See* limitation above. |

**Exhibit A—Plaintiff's Prior Art Statement**                                    **U.S. Patent No. 6,070,693**

| Asserted Claims of U.S. Patent No. 6,070,693 (the "'693 Patent") | Exhibit J[20] US 2,881,759 to Hocks et al. ("Hocks") | |
|---|---|---|
| | Defendant's Statement[21] | Plaintiff's Statement |
| | | Furthermore, 3M denies that Hocks includes a body having a center as taught by the '693 Patent. *See* limitation above.<br><br>Therefore, 3M denies that Hocks includes a channel extending from the first and second ends to the center of the cylindrical body. |
| said channel containing a first acoustic filter and a second acoustic filter, each of said first and second filters being in communication with one of said first and second ends. | Hocks discloses a channel containing a first acoustic filter and a second acoustic filter, for example the channel constrictions as depicted below:<br><br><br><br>Hocks further discloses each of the first and second filters being in communication with one of said first and second ends, for example as shown below:<br><br> | 3M denies that Hocks includes, discloses, teaches, discusses, identifies, suggests, or anticipates this limitation.<br><br><br><br>[Figure from Defendant's Prior Art Statement (annotations added).]<br><br>3M denies that Hocks includes a channel containing a first acoustic filter and a second acoustic filter, each of the first and second filters being in communication with one of the first and second ends. Hocks contains only one acoustic filter as taught by the '693 patent.<br><br>The "First Acoustic Filter," as labeled by Moldex, is not a filter as taught by the '693 Patent. Hocks describes this as a "duct or passageway" (*see* Hocks at Col. 2:53) and not a filter. The "Second Acoustic Filter," as labeled by Moldex, is also not a filter as taught by the '693 Patent. Hocks describes this as a "distal sound wave passageway" (*see* Hocks at Col. |

Exhibit A—Plaintiff's Prior Art Statement                                    U.S. Patent No. 6,070,693

| Asserted Claims of U.S. Patent No. 6,070,693 (the "'693 Patent") | Exhibit J[20] US 2,881,759 to Hocks et al. ("Hocks") | |
|---|---|---|
| | Defendant's Statement[21] | Plaintiff's Statement |
| | | 2:65) and not a filter. 3M further denies that Hocks includes "said channel." See limitation above. |
| **Claim 3** | | |
| The hearing protector according to claim 1, wherein said first and second acoustic filters are not identical. | Hocks discloses the first and second acoustic filters are not identical, for example as depicted below  | 3M denies that Hocks includes, discloses, teaches, discusses, identifies, suggests, or anticipates claim 3, which depends on claim 1, for at least the reasons stated in connection with claim 1 above. Therefore, Hocks does not qualify under 35 U.S.C. 102 as invalidating prior art for claim 3. Furthermore, 3M denies that Hocks includes, discloses, teaches, discusses, identifies, suggests, or anticipates the first and second acoustic filters of claim 1. Therefore, Hocks does not include, disclose, teach, discuss, identify, suggest, or anticipate a hearing protector according to claim 1, wherein the first and second acoustic filters are not identical. |
| **Claim 17** | | |
| The hearing protector according to claim 1, wherein said acoustic filters permit non-linear filtration of sound. | Hocks inherently discloses non-linear filtration of sound through its disclosure of multiple channel constrictions in a hearing protection device, as depicted above. | 3M denies that Hocks includes, discloses, teaches, discusses, identifies, suggests, or anticipates claim 17, which depends on claim 1, for at least the reasons stated in connection with claim 1 above. Therefore, Hocks does not qualify under 35 U.S.C. 102 as invalidating prior art for claim 17. Furthermore, 3M denies that Hocks includes, discloses, teaches, discusses, identifies, suggests, or anticipates "said acoustic filters" of claim 1. Therefore, Hocks does not include, disclose, teach, discuss, identify, suggest, or anticipate a hearing protector according to claim 1, wherein said acoustic filters |

October 15, 2012

**Exhibit A—Plaintiff's Prior Art Statement**                                                                    **U.S. Patent No. 6,070,693**

| Asserted Claims of U.S. Patent No. 6,070,693 (the "'693 Patent") | Exhibit J[20] US 2,881,759 to Hocks et al. ("Hocks") | |
| --- | --- | --- |
| | Defendant's Statement[21] | Plaintiff's Statement |
| | | permit non-linear filtration of sound. Moreover, 3M denies that Hocks inherently discloses non-linear filtration of sound through its disclosure of multiple channel constrictions in a hearing protection device, as contended by Moldex. |

Exhibit A—Plaintiff's Prior Art Statement                                    U.S. Patent No. 6,070,693

| Asserted Claims of U.S. Patent No. 6,070,693 (the "'693 Patent") | Exhibit K[22] DE 4217043 to Dancer et al. ("Dancer DE") | |
|---|---|---|
| | Defendant's Statement[23] | Plaintiff's Statement |
| **Claim 1** | | |
| **Summary:** | | 3M denies that Dancer DE includes, discloses, teaches, discusses, identifies, suggests, or anticipates all of the limitations of claim 1. Therefore, Dancer DE does not qualify under 35 U.S.C. 102 as invalidating prior art for claim 1. |
| A hearing protector for selectively or automatically reducing noises having intensities up to 190 dB, the hearing protector being intended to be sealingly inserted into an auditory canal of a user, the hearing protector comprising: | To the extent the preamble is limiting, Dancer DE discloses these limitations for the same reasons set forth in Exhibit A and as depicted below:  | 3M denies that Dancer DE includes, discloses, teaches, discusses, identifies, suggests, or anticipates the preamble for the same reasons set forth in Plaintiff's Statement for Exhibit A above. |
| a cylindrical body having a center, a first end and a second end; | Dancer DE discloses these limitations for the same reasons set forth in Exhibit A and as depicted below:  | 3M denies that Dancer DE includes, discloses, teaches, discusses, identifies, suggests, or anticipates this limitation for the same reasons set forth in Plaintiff's Statement for Exhibit A above. |
| a channel extending from said first and second ends to said center of said cylindrical body; and | Dancer DE discloses these limitations for the same reasons set forth in Exhibit A and as depicted below:  | 3M denies that Dancer DE includes, discloses, teaches, discusses, identifies, suggests, or anticipates this limitation for the same reasons set forth in Plaintiff's Statement for Exhibit A above. |
| said channel containing a first acoustic filter and a second acoustic filter, each | Dancer DE discloses these limitations for the same reasons set forth in Exhibit A and as depicted | 3M denies that Dancer DE includes, discloses, teaches, discusses, identifies, suggests, or anticipates |

---

[22] Exhibit numbers listed herein reflect those from from Defendant's Prior Art Statement.
[23] From Defendant's Prior Art Statement. Footnotes from original are included at end of each limitation. Errors in original have not been corrected or flagged.

**Exhibit A—Plaintiff's Prior Art Statement**                                          **U.S. Patent No. 6,070,693**

| Asserted Claims of U.S. Patent No. 6,070,693 (the "'693 Patent") | Exhibit K[22] DE 4217043 to Dancer et al. ("Dancer DE") | |
|---|---|---|
| | Defendant's Statement[23] | Plaintiff's Statement |
| of said first and second filters being in communication with one of said first and second ends. | below:  | this limitation for the same reasons set forth in Plaintiff's Statement for Exhibit A above. |
| **Claim 3** | | |
| The hearing protector according to claim 1, wherein said first and second acoustic filters are not identical. | Dancer DE discloses these limitations for the same reasons set forth in Exhibit A and as depicted below:

Fig. 3 excerpts, EN showing that first and second acoustical filters are not identical. | 3M denies that Dancer DE includes, discloses, teaches, discusses, identifies, suggests, or anticipates claim 3, which depends on claim 1, for at least the reasons stated in connection with claim 1 above. Therefore, Dancer DE does not qualify under 35 U.S.C. 102 as invalidating prior art for claim 3.

Furthermore, 3M denies that Dancer DE includes, discloses, teaches, discusses, identifies, suggests, or anticipates the first and second acoustic filters of claim 1. Therefore, Dancer DE does not include, disclose, teach, discuss, identify, suggest, or anticipate a hearing protector according to claim 1, wherein the first and second acoustic filters are not identical. |

Exhibit A—Plaintiff's Prior Art Statement                                    U.S. Patent No. 6,070,693

| Asserted Claims of U.S. Patent No. 6,070,693 (the "'693 Patent") | Exhibit K[22] DE 4217043 to Dancer et al. ("Dancer DE") | |
|---|---|---|
| | Defendant's Statement[23] | Plaintiff's Statement |
| |  Fig. 4 excerpts, showing that first and second acoustical filters are not identical, under any alternative discussed above. | |
| **Claim 17** | | |
| The hearing protector according to claim 1, wherein said acoustic filters permit non-linear filtration of sound. | Dancer DE discloses these limitations for the same reasons set forth in Exhibit A and because the disclosure of multiple constrictions in a hearing protection device inherently discloses this limitation. | 3M denies that Dancer DE includes, discloses, teaches, discusses, identifies, suggests, or anticipates claim 17, which depends on claim 1, for at least the reasons stated in connection with claim 1 above. Therefore, Dancer DE does not qualify under 35 U.S.C. 102 as invalidating prior art for claim 17.

Furthermore, 3M denies that Dancer DE includes, discloses, teaches, discusses, identifies, suggests, or anticipates "said acoustic filters" of claim 1. Therefore, Dancer DE does not include, disclose, teach, discuss, identify, suggest, or anticipate a hearing protector according to claim 1, wherein said acoustic filters permit non-linear filtration of sound.

Moreover, 3M denies that Dancer DE inherently discloses non-linear filtration of sound because the disclosure of multiple constrictions in a hearing protection device inherently discloses this limitation, as contended by Moldex. |

Exhibit A—Plaintiff's Prior Art Statement                                          U.S. Patent No. 6,070,693

| Asserted Claims of U.S. Patent No. 6,070,693 (the "'693 Patent") | Exhibit L[24] Exemplary References | |
|---|---|---|
| | Defendant's Statement[25] | Plaintiff's Statement |
| Miscellaneous |  | 3M denies that the Exemplary References includes, discloses, teaches, discusses, identifies, suggests, or anticipates any of claims 1, 3, or 17 for at least the reasons stated in connection with claims 1, 3, and 17 above for the associated cited alleged prior art. |

---

[24] Exhibit numbers listed herein reflect those from from Defendant's Prior Art Statement.
[25] From Defendant's Prior Art Statement. Footnotes from original are included at end of each limitation. Errors in original have not been corrected or flagged.

Exhibit A—Plaintiff's Prior Art Statement                                    U.S. Patent No. 6,070,693

| Asserted Claims of U.S. Patent No. 6,070,693 (the "'693 Patent") | Exhibit L[24] Exemplary References | |
|---|---|---|
| | Defendant's Statement[25] | Plaintiff's Statement |
| |  | |

Exhibit A—Plaintiff's Prior Art Statement                    U.S. Patent No. 6,070,693

| Asserted Claims of U.S. Patent No. 6,070,693 (the "'693 Patent") | Exhibit L[24] Exemplary References | |
|---|---|---|
| | Defendant's Statement[25] | Plaintiff's Statement |
| |  | |