UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MOLDEX METRIC, INC., | |
| Plaintiff, | Civil No. 14-cv-01821-JNE/FLN |
| v. | |
| 3M COMPANY and 3M INNOVATIVE PROPERTIES COMPANY, | |
| Defendants. | |

## ANSWER TO COMPLAINT

Defendants 3M Company and 3M Innovative Properties Company (together, "3M") hereby answer and respond to the Complaint for Monopolization and Attempted Monopolization, Unfair Competition, and Malicious Prosecution (the "Complaint") filed by Moldex Metric, Inc. ("Moldex").

## NATURE OF THE ACTION

The allegations in this section of the Complaint contain Moldex's characterizations of its claims and legal conclusions, to which no response is required. To the extent that a response is required, 3M denies the allegations in this section, except it admits that: it filed a patent infringement lawsuit against Moldex in this Court on March 8, 2012, in which 3M alleged that Moldex's BattlePlugs® earplugs and several of

- 1 -

its M-Series earmuffs infringe two U.S. patents (U.S. Patent No. 6,070,693 (the "'693 Patent") and U.S. Patent No. 7,036, 157 (the "'157 Patent")), respectively (the "Underlying Lawsuit); and that the parties engaged in discovery and briefed dispositive motions in the Underlying Lawsuit.  3M states that its conduct in pursuing its infringement claims against Moldex was proper and was not objectively baseless, or subjectively motivated to interfere with Moldex's business, and that 3M voluntarily dismissed its allegations in the Underlying Lawsuit after discovery, including because discovery revealed that its potential recoverable damages did not justify the expense and burden of continued litigation.  3M specifically denies that it engaged in monopolistic, anticompetitive or wrongful conduct.

3M further admits that it markets a non-linear, dual mode earplug under the "Combat Arms" trademark, with a "0" Noise Reduction Rating ("NRR"), which was calculated in accordance with U.S. Environmental Protection Agency ("EPA") regulations.  The EPA regulations expressly require that the NRR be calculated following a specific formula and that it be included on the label of those products.

1.  3M admits upon information and belief the allegations in paragraph 1.

2.  3M admits the allegations in the first and second sentences of paragraph 2. The third sentence of paragraph 2 purports to state a legal conclusion that does not require a response.  To the extent a response to the third sentence of paragraph 2 is required, 3M denies the allegations.

3.  3M admits the allegations in paragraph 3, except states that 3M Innovative Properties Company owns the 3M group's intellectual property.

4. 3M admits that the Complaint purports to assert claims under certain antitrust laws of the United States, including Title 15 of the United States Code.

5. 3M admits the allegations in paragraph 5.

6. 3M admits the allegations in paragraph 6.

7. 3M admits the allegations in paragraph 7.

8. 3M denies the allegations in paragraph 8, except admits Moldex alleges that this action involves "non-linear" or "selective attenuation" earplugs, some of which are purchased and used by the U.S. military and that such earplugs can be worn by soldiers in the field so that they are protected from the intense impulse sounds of battlefield explosions while still being able to communicate with their colleagues. 3M further admits that non-linear earplugs are designed to block or attenuate sounds of different amplitude and frequency to differing degrees, such that the wearer is protected from intense impulse sounds while still being able to hear sounds of different amplitude or frequency.

9. 3M denies the allegations in paragraph 9, except admits that the United States military is the largest purchaser of Combat Arms earplugs.

10. 3M denies the allegations in paragraph 10, except admits that this action involves a type of hearing protector known as an earmuff.

11. 3M denies the allegations in paragraph 11, except admits that hearing protectors, including earplugs and earmuffs, are sold with a listed NRR, which is calculated according to a formula provided for by certain federal regulations. 3M further

admits that it has conducted NRR testing at a laboratory operated by 3M personnel that has been approved for such testing.

14. 12. 3M denies the allegations in paragraph 12.

13. 3M denies the allegations in paragraph 13.

14. The allegations in paragraph 14 purport to state legal conclusions that do not require a response. To the extent that a response is required, 3M denies the allegations in paragraph 14, except admits that it has manufactured and sold five versions of its Combat Arms non-linear earplug, each of which uses a sound channel with constrictions and openings to produce its non-linear sound attenuation effect. 3M further admits that its Combat Arms earplugs allow the user to set the earplug for a second mode of operation.

15. 3M denies that Moldex's BattlePlugs® provided the first actual competition to 3M's Combat Arms earplug. 3M lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 15.

16. 3M denies the allegations in paragraph 16, except admits that it filed a claim against Moldex for infringement of the '693 Patent in the Underlying Lawsuit.

17. The allegations in paragraph 17 purport to state legal conclusions that do not require a response. To the extent a response is required, 3M denies the allegations in paragraph 17.

18. The allegations in paragraph 18 purport to state legal conclusions that do not require a response. To the extent a response is required, 3M denies the allegations in

paragraph 18, except admits that the quotation in paragraph 18 is contained in the summary of the invention in the '693 Patent.

19.     3M denies the allegations in paragraph 19, except admits that it currently offers two versions of its Combat Arms earplug, and that one version operates by blocking the non-linear sound channel with a plug or block operated by a toggle device.

20.     The allegations in paragraph 20 purport to state legal conclusions that do not require a response.  To the extent a response is required, 3M denies the allegations in paragraph 20.

21.     3M denies the allegations in paragraph 21, except states that it was contacted by Moldex following 3M's filing of the Underlying Lawsuit regarding 3M's allegations based on the '693 Patent, and that 3M continued to pursue the Underlying Lawsuit.

22.     3M lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 22 regarding the introduction of the M-series earmuffs.  The remaining allegations in paragraph 22 purport to state legal conclusions that do not require a response.  To the extent a response is required, 3M denies the remaining allegations in paragraph 22, except admits that, in the Underlying Lawsuit, 3M also brought a claim against Moldex alleging that several of Moldex's M-series earmuffs infringe the '157 Patent.

23.     3M denies the allegations in paragraph 23, except states that it was contacted by Moldex following the filing of the Underlying Lawsuit regarding 3M's

allegations based on the '157 Patent and that 3M continued to pursue the Underlying Lawsuit.

24. The allegations in paragraph 24 purport to state legal conclusions that do not require a response. To the extent that a response is required, 3M denies the allegations in paragraph 24, except admits that Moldex filed a motion for summary judgment of non-infringement of the '693 Patent on January 18, 2013 and that a hearing was set for March 21, 2013. 3M further admits that it offered Moldex a covenant not to sue, and subsequently filed a motion to dismiss its claims regarding the '693 Patent with prejudice and to dismiss Moldex's counterclaims of non-infringement and invalidity of the '693 Patent without prejudice. 3M also admits that, on June 19, 2013, the Court dismissed 3M's claims with prejudice and dismissed Moldex's counterclaims without prejudice.

25. The allegations in paragraph 25 purport to state legal conclusions that do not require a response. To the extent that a response is required, 3M denies the allegations in paragraph 25, except admits that 3M pursued its allegations based on the '157 Patent after 3M offered Moldex a covenant not to sue regarding the '693 Patent. 3M further admits that it sought discovery from Moldex regarding the '157 Patent, including depositions from the eight Moldex employees named in paragraph 8.

26. The allegations in paragraph 26 purport to state legal conclusions that do not require a response. To the extent that a response is required, 3M denies the allegations in paragraph 26, excepts admits that it offered Moldex a covenant not to sue regarding the '157 Patent in May 2013. 3M further admits that, on June 19, 2013, the

Court dismissed 3M's claims regarding the '157 Patent with prejudice and dismissed Moldex's counterclaims without prejudice.

27. The allegations in paragraph 27 purport to state legal conclusions that do not require a response. To the extent that a response is required, 3M denies the allegations in paragraph 27, except states that it corresponded with Moldex regarding dismissal of its patent claims, and refers to the parties' communications for their contents.

28. 3M denies the allegations in paragraph 28.

29. The allegations in paragraph 29 purport to state legal conclusions that do not require a response. To the extent that a response is required, 3M denies the allegations in paragraph 29, except admits that it participates in the Javits-Wagner-O'Day ("JWOD") federal Ability One Program. 3M further admits that it sells Combat Arms products with an NRR rating of "0." 3M lacks sufficient knowledge or information to form a belief as to the truth of the allegation in the last sentence of paragraph 29.

30. Responding to paragraph 30, 3M repeats its responses to paragraphs 1 through 29 of the Complaint, incorporating them by reference as if set forth in full.

31. 3M denies the allegations in paragraph 31.

32. 3M denies the allegations in paragraph 32.

33. 3M denies the allegations in paragraph 33.

34. Responding to paragraph 34, 3M repeats its responses to paragraphs 1 through 33 of the Complaint, incorporating them by reference as if set forth in full.

35. 3M denies the allegations in paragraph 35.

36. 3M denies the allegations in paragraph 36.

37. The allegations in paragraph 37 purport to state legal conclusions that do not require a response.

38. Responding to paragraph 38, 3M repeats its responses to paragraphs 1 through 37 of the Complaint, incorporating them by reference as if set forth in full.

39. 3M denies the allegations in paragraph 39.

40. 3M denies the allegations in paragraph 40.

41. 3M denies the allegations in paragraph 41.

42. 3M denies all allegations of the Complaint to the extent not expressly admitted.

43. The Complaint fails to state a claim upon which relief against 3M may be granted.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

44. Moldex's claims are barred insofar as they challenge the exercise of rights protected by the First Amendment of the United States Constitution and the *Noerr-Pennington* doctrine.

### Second Affirmative Defense

45. There has been no antitrust injury and no harm to competition caused by 3M's conduct as alleged in the Complaint.

### Third Affirmative Defense

46. Moldex has failed to mitigate its damages, if any.

### Fourth Affirmative Defense

47. Moldex's claim for false advertising is time-barred.

WHEREFORE, 3M respectfully requests that the Court enter judgment dismissing the Complaint in its entirety with prejudice and awarding 3M the costs, disbursements and attorneys' fees it incurs in defending against the Complaint, together with such other and further relief to 3M as the Court determines to be just and proper under the circumstances.

Dated:  February 19, 2015

Respectfully submitted,

**FAEGRE BAKER DANIELS LLP**

s/Wendy J. Wildung
Wendy J. Wildung (#117055)
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402-3901
Phone:  (612) 766-7000
Fax:  (612) 766-1600

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
Lawrence B. Friedman (admitted *pro hac vice*)
(New York #1866631)
Leah Brannon (admitted *pro hac vice*) (District of Columbia #467359)
One Liberty Plaza
New York, New York 10006
Phone:  (212) 225-2000
Fax:  (212) 225-3999

*Attorneys for Defendants 3M Company and 3M Innovative Properties Company*