# EXHIBIT F

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

|  |  |  |
|---|---|---|
| MOLDEX METRIC, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 14-cv-01821-JNE/FLN |
| | ) | |
| v. | ) | |
| | ) | |
| 3M COMPANY and 3M INNOVATIVE PROPERTIES COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANTS

Defendants 3M Company and 3M Innovative Properties Company (collectively, "3M"), by and through their undersigned counsel, hereby respond pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure to the First Set of Requests for Production of Documents and Things to Defendants, dated February 20, 2015 (the "Document Requests"), served by plaintiff Moldex Metric, Inc. ("Moldex"). 3M reserves the right to amend this response to the Document Requests if new or different responsive information is located.

## GENERAL OBJECTIONS

Each of 3M's responses is subject to the following General Objections. The General Objections may also be specifically referred to in 3M's responses to certain of the individual requests for purposes of emphasis and clarity. The inclusion or omission of any specific objection in any response, however, should not be construed as a waiver of any General

Objection. Each General Objection is incorporated by reference in 3M's response to each individual request as if fully set forth therein.

To the extent the Document Requests seek information, documents or electronically stored information ("ESI"), that is duplicative of or subsumed by the requests made in *3M Property & 3M Innovative Properties Company v. Moldex-Metric, Inc.*, 12-CV-611-JNE-FLN) (the "Patent Litigation"), 3M directs Moldex to responses and documents produced in the Patent Litigation.

1.      3M objects to all definitions, instructions and requests that purport to impose obligations beyond those required or permitted by the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Minnesota, or any other applicable law.

2.      3M objects to each Document Request to the extent it is vague, ambiguous, overbroad, unduly burdensome, harassing or oppressive.

3.      3M objects to each Document Request to the extent it seeks information, documents or ESI that are protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privilege, or that are trial preparation materials within the meaning of the Federal Rules of Civil Procedure or the Federal Rules of Evidence.

4.      3M objects to the instruction that all spreadsheets must be produced in Microsoft Office Excel format. 3M will produce documents in accordance with ESI Protocol and [Draft] Order agreed upon by the parties and submitted to the Court on March 20, 2015, which does not require production of spreadsheets in Excel format unless there "is a legitimate need for information that cannot be derived from the static image."

## SPECIFIC RESPONSES AND OBJECTIONS

3M incorporates by reference the foregoing General Objections and Reservation of Rights in each of the following specific responses and objections as if fully set forth therein.  To the extent specific objections appear in the response to a particular request, they so appear because they are particularly applicable to that specific request.  Specific objections are not to be construed as a waiver or limitation of any General Objection or Reservation of Rights applicable to any request.

<u>Document Request No. 1</u>

All documents that constitute, reference, relate or pertain to any legal advice that you sought or received regarding the Lawsuit and the claims asserted therein, including regarding the merits of such claims.

<u>Response to Document Request No. 1</u>

In addition to the General Objections, 3M objects to Document Request No. 1 as premature.  Moldex bears the burden of proving that 3M's conduct in connection with the Patent Litigation was objectively and subjectively baseless.  3M has served document requests and interrogatories that seek disclosure of Moldex's and its counsel's legal analysis of the claims and defenses asserted in the Patent Litigation, which bear upon the objective reasonableness, and potentially the subjective reasonableness, of 3M's conduct.  (*See* 3M's First Request for Production of Documents, Nos. 1-4 and 3M's First Set of Interrogatories, Nos. 1-4.)  Moldex is not entitled to require 3M to determine whether 3M will waive any applicable privilege or protection implicated by this Document Request before Moldex informs 3M whether Moldex intends to make such a waiver.  Because Moldex's Document Request No. 1 is premature, 3M reserves the right to revise, correct, supplement, clarify, add to or change this response at a later date, as appropriate.

3

3M further objects to Request No. 1 on the grounds that it seeks documents that are

protected against disclosure by the attorney-client privilege and/or the work product doctrine

unless 3M waives such privilege and protection. 3M does not intend to waive any such privilege

or protection at this time.

Document Request No. 2

All documents that constitute, reference, relate or pertain to your communications with
any branch of the U.S. military or other U.S. government employee, agent or agency regarding
Noise Reduction Ratings, including communications regarding the zero NRR on your Generation
1 Combat Arms earplugs.

Response to Document Request No. 2

In addition to the General Objections, 3M objects to Request No. 2 on the grounds that it

seeks documents (1) concerning noise reduction ratings and products that are not relevant to the

subject matter of Moldex's Complaint, and (2) without reference to any time frame. The only

Noise Reduction Rating published by 3M that Moldex challenges in its Complaint is the rating of

zero that 3M publishes for its dual-ended version of "Combat Arms" earplugs in the "Yellow

End–Open/Weapons Fire" mode (the "3M Published Zero NRR").

3M further objects to Request No. 2 to the extent it is duplicative of Request No. 39 of

Moldex's Second Requests for Production of Documents dated March 8, 2013 in the Patent

Litigation ("All documents and things relating to 3M's noise reduction rating testing and

reporting for any Accused Products or any 3M products that 3M contends practice the patents-in-

suit.").

Subject to and without waiving the foregoing, to the extent 3M locates or has located any

responsive documents within its possession that constitute, reference or relate or pertain to its

communications regarding the 3M Published Zero NRR that are not duplicative of documents

4

previously produced and not privileged, it will produce such documents as responsive to Request No. 2.

<u>Document Request No. 3</u>

All documents that reference or relate to efforts by you or New Dynamics to have the U.S. AbilityOne Commission move certain Combat Arms earplugs from the "C" procurement list to the "B" procurement list or "A" procurement list, or efforts by you or New Dynamics to have the U.S. AbilityOne Commission designate BattlePlug earplugs or Sonic Defender earpieces as essentially the same as Combat Arms Earplugs, including but not limited to, all documents that reference the potential effect on Battleplug earplugs or Sonic Defender earpieces were they designated by the U.S. AbilityOne Commission to be essentially the same as Combat Arms earplugs.

<u>Response to Document Request No. 3</u>

In addition to the General Objections, 3M objects to Request No. 3 on the grounds that it seeks documents (1) that are not relevant to the subject matter of the Complaint, and (2) without reference to any time frame.  Moldex has not asserted any claim in this matter as to which any documents that are the subject of this request would be relevant.  3M declines to produce documents on these bases.

Dated: March 30, 2015

**FAEGRE BAKER DANIELS LLP**

/s/ Wendy J. Wildung

Wendy J. Wildung (#117055)
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402-3901
Phone:  (612) 766-7000
Fax:  (612) 766-1600

**CLEARY GOTTLIEB STEEN &
HAMILTON LLP**
Lawrence B. Friedman
Leah Brannon
One Liberty Plaza
New York, New York 10006
Phone:  (212) 225-2000
Fax:  (212) 225-3999

*Attorneys for Defendants 3M Company
and 3M Innovative Properties Company*

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

|  |  |
|---|---|
| MOLDEX METRIC, INC., )<br><br>Plaintiff, )<br><br>v. )<br><br>3M COMPANY and 3M INNOVATIVE )<br>PROPERTIES COMPANY, )<br><br>Defendants. ) | Civil No. 14-cv-01821-JNE/FLN |

I certify that on March 30, 2015, the following document:

1. DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
   PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANTS

was served, by mail, upon the following individuals:

Harold Barza
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa
Los Angeles, CA 90017

Kevin D. Conneely
STINSON LEONARD STREET LLP
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402

*Attorneys for Plaintiff Moldex Metric, Inc.*

Date: March 30, 2015          By: _____