# EXHIBIT G

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MOLDEX METRIC, INC., | ) |
| Plaintiff, | ) Civil No. 14-cv-01821-JNE/FLN |
| v. | ) |
| 3M COMPANY and 3M INNOVATIVE PROPERTIES COMPANY, | ) |
| Defendants. | ) |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANTS

Defendants 3M Company and 3M Innovative Properties Company (collectively, "3M"), by and through their undersigned counsel, hereby respond pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure to the Second Set of Requests for Production of Documents and Things to Defendants, dated April 8, 2015 (the "Document Requests"), served by plaintiff Moldex Metric, Inc. ("Moldex"). 3M reserves the right to amend this response to the Document Requests if new or different responsive information is located.

### GENERAL OBJECTIONS

Each of 3M's responses is subject to the following General Objections. The General Objections may also be specifically referred to in 3M's responses to certain of the individual requests for purposes of emphasis and clarity. The inclusion or omission of any specific objection in any response, however, should not be construed as a waiver of any General Objection. Each General Objection is incorporated by reference in 3M's response to each individual request as if fully set forth therein.

To the extent the Document Requests seek information, documents or electronically stored information ("ESI") that is duplicative of or subsumed by the requests made in *3M Property & 3M Innovative Properties Company v. Moldex-Metric, Inc.*, 12-CV-611-JNE-FLN) (the "Patent Litigation"), 3M directs Moldex to responses and documents produced in the Patent Litigation.

1. 3M objects to all definitions, instructions and requests that purport to impose obligations beyond those required or permitted by the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Minnesota, or any other applicable law.

2. 3M objects to each Document Request to the extent it is vague, ambiguous, overbroad, unduly burdensome, harassing or oppressive.

3. 3M objects to each Document Request to the extent it seeks information, documents or ESI that are protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privilege, or that are trial preparation materials within the meaning of the Federal Rules of Civil Procedure or the Federal Rules of Evidence.

<u>SPECIFIC RESPONSES AND OBJECTIONS</u>

3M incorporates by reference the foregoing General Objections and reservation of rights in each of the following specific responses and objections as if fully set forth therein. To the extent specific objections appear in the response to a particular request, they so appear because they are particularly applicable to that specific request. Specific objections are not to be construed as a waiver or limitation of any General Objection or reservation of rights applicable to any request.

Document Request No. 4

All documents that reference the Lawsuit, including but not limited to, all documents that refer or relate to any reasons you had for filing, prosecuting, and dismissing the Lawsuit, and any goals you sought to achieve by the Lawsuit.

Response to Document Request No. 4

In addition to the General Objections, 3M objects to Request No. 4 on the grounds that it (1) is overly broad and burdensome, (2) seeks documents not relevant to the claims in the Complaint and (3) seeks documents and information that are protected against disclosure by the attorney-client privilege and/or the work product doctrine.  To the extent that relevant responsive documents exist that are not protected against disclosure, those documents are already within Moldex's possession or control through discovery and correspondence between the parties in the Patent Litigation.

Subject to and without waiving the foregoing, 3M will produce documents relating to the reasons 3M filed, prosecuted and dismissed the Patent Litigation, to the extent 3M locates any such documents within its possession that have not already been produced in connection with the Patent Litigation and are not protected against disclosure.

Document Request No. 5

All documents that refer to Moldex's accused BattlePlug earplugs.

Response to Document Request No. 5

In addition to the General Objections, 3M objects to Request No. 5 on the grounds that it (1) is overly broad and burdensome, (2) seeks documents not relevant to the claims in the complaint and (3) seeks documents and information that are protected against disclosure by the attorney-client privilege and/or the work product doctrine.  To the extent relevant responsive documents exist that are not protected against disclosure, those documents are already within

3

Moldex's possession or control through discovery and correspondence between the parties in the Patent Litigation.

Subject to and without waiving the foregoing, 3M will produce documents that refer to BattlePlug earplugs in connection with the Patent Litigation to the extent 3M locates any such documents within its possession that have not already been produced in connection with the Patent Litigation and are not protected against disclosure.

Document Request No. 6

All documents, created on or after January 1, 2011, that refer to Moldex's accused earmuff products.

Response to Document Request No. 6

In addition to the General Objections, 3M objects to Request No. 6 on the grounds that it (1) is overly broad and burdensome, (2) seeks documents not relevant to the claims in the Complaint and (3) seeks documents and information that are protected against disclosure by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiving the foregoing, 3M will produce documents that refer in connection with the Patent Litigation to the Moldex earmuff products that 3M accused of infringing the '157 patent in the Patent Litigation, to the extent 3M locates any such documents within its possession that have not already been produced in connection with the Patent Litigation and are not protected against disclosure.

Document Request No. 7

Accounting records and documents sufficient to show your sales of Combat Arms earplugs to each of your customers, in revenue and unit terms, by model, on a monthly and annual basis, from 2005 to the present, including units sold, gross revenue received, revenue per unit sold and, if your customer was the U.S. government or U.S. military, to which agency, branch, division, or department the units were sold.

Response to Document Request No. 7

In addition to the General Objections, 3M objects to Request No. 7 on the ground that the time period it purports to cover is overly broad. Moldex has not asserted any claim in this matter as to which the sales of Combat Arms between 2005 and 2010 would be relevant. 3M further objects to this request on the ground that it seeks documents that may not be in the possession, custody or control of 3M.

Subject to and without waiving the foregoing, 3M will produce documents sufficient to show sales and revenue for Combat Arms earplugs from January 1, 2011 through the present.

Document Request No. 8

Accounting records and documents sufficient to show total costs and average costs associated with your Combat Arms earplugs, on a monthly and annual basis, from 2005 to the present, including cost of materials on a per unit basis, cost of labor on a per unit basis, variable overhead expenses resulting from the manufacture of Combat Arms earplugs, fixed expenses associated with the manufacture of said earplugs, advertising and marketing expenses, and research and development expenses.

Response to Document Request No. 8

In addition to the General Objections, 3M objects to Request No. 8 on the grounds that the time period is overly broad. Moldex has not asserted any claim in this matter as to which the costs of Combat Arms between 2005 and 2010 would be relevant. 3M further objects to this request on the grounds that it seeks documents that may not be in the possession, custody or control of 3M.

Subject to and without waiving the foregoing, 3M will produce documents, if any, sufficient to show the costs associated with the sales of Combat Arms earplugs from January 1, 2011 through the present.

Document Request No. 9

The invoices you received from all of your outside counsel, including Barnes & Thornburg LLP, with respect to any advice rendered or services performed in the preparation of the Complaint and the prosecution of the Lawsuit.

Response to Document Request No. 9

In addition to the General Objections, 3M objects to Request No. 4 on the grounds that it seeks documents that are protected against disclosure by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiving the foregoing, 3M will produce responsive documents to the extent 3M locates any such documents within its possession and they are not protected against disclosure.

Document Request No. 10

All documents that describe, refer or relate to the markets in which you sell Combat Arms earplugs and/or the market shares of any entities in each such market, including but not limited to, all studies and reports regarding such markets, documents sufficient to identify any person or entity you contend is your competitor in each such market, your competitor's market share in each such market on a monthly and annual basis from 2005 to the present, and all documents that reference, reflect or relate to your market share in each such market on a monthly and annual basis from 2005 to the present.

Response to Document Request No. 10

In addition to the General Objections, 3M objects to Document Request No. 10 on the grounds that (1) it seeks documents that are protected against disclosure by the attorney-client privilege and/or the work product doctrine, and (2) the time period it purports to cover is overly broad.  Moldex has not asserted any claim in this matter as to which the market or markets where 3M sold Combat Arms earplugs between 2005 and 2010 would be relevant.  3M further objects to this request because the terms "markets" and "market share" are vague and ambiguous.

6

Markets and market share can be defined in a number of different ways and may have a different meaning in the antitrust context compared to market shares analyzed for business purposes.

Subject to and without waiving the foregoing, 3M will produce responsive documents, to the extent 3M locates any such documents within its possession and they are not protected against disclosure.

Document Request No. 11

All documents that reference, contain or reflect any hostility or ill will that you or your employees hold towards Moldex, Moldex's accused products in the Lawsuit, or Moldex employees.

Response to Document Request No. 11

In addition to the General Objections, 3M objects to Request No. 11 on the grounds that it is vague and ambiguous. 3M declines to produce documents on these bases.

Document Request No. 12

All documents that reference or refer to both (1) the Javits-Wagner-O'Day Act and (2) Combat Arm earplugs, the accused BattlePlug earplugs or Moldex.

Response to Document Request No. 12

In addition to the General Objections, 3M objects to Request No. 12 on the grounds that it seeks documents that are not relevant to the claims of the Complaint. Moldex has not asserted any claim in this matter as to which any documents that are the subject of this request would be relevant. 3M declines to produce documents on these bases.

Document Request No. 13

All documents that constitute, reference, relate or pertain to all iterations, drafts, and versions of your NRR testing protocols with regard to your hearing protection products, including the Combat Arms earplugs, from 1990 to the present.

Response to Document Request No. 13

In addition to the General Objections, 3M objects to Request No. 13 on the grounds that (1) the time period it purports to cover is overly broad, and (2) it seeks documents concerning noise reduction ratings and products that are not relevant to the claims of the Complaint. The only Noise Reduction Rating published by 3M that Moldex challenges in its Complaint is the 3M Published Zero NRR.

3M further objects to this request on the grounds that it is duplicative of Request No. 39 of Moldex's Second Request for Production of Documents dated February 6, 2013 in the Patent Litigation and Moldex's Requests To Supplement Responses in the Patent Litigation dated April 3, 2015 ("All documents and things relating to 3M's noise reduction rating testing and reporting for any Accused Products or any 3M products that 3M contends practice the patents-in-suit.").

Subject to and without waiving the foregoing, 3M will produce documents pertaining to NRR testing protocols related to the 3M Published Zero NRR or 3M's procedures for testing and calculating Noise Reduction Ratings that were utilized in connection with determining the 3M Published Zero NRR, to the extent 3M locates any such documents within its possession that have not already been produced in connection with the Patent Litigation and are not protected against disclosure.

Document Request No. 14

All documents that refer or relate to any NRR testing and/or retesting done on your Combat Arms earplugs, including but not limited to matters such as: test results, deficiencies or defects in such testing, the test subjects you used for testing your Combat Arms earplugs. Without limiting the foregoing, this Request also seeks all documents that describe, refer, or relate to any hearing impairments suffered by any such test subject used by you for such testing, from 2005 to the present.

Response to Document Request No. 14

In addition to the General Objections, 3M objects to Request No. 14 on the grounds that (1) the time period is overly broad, and (2) it seeks documents concerning noise reduction ratings and products that are not relevant to the claims of the Complaint. The only Noise Reduction Rating published by 3M that Moldex challenges in its Complaint is the 3M Published Zero NRR.

3M further objects to this request on the grounds that it is duplicative of Request No. 39 of Moldex's Second Request for Production of Documents dated February 6, 2013 in the Patent Litigation and Moldex's Requests to Supplement Responses in the Patent Litigation dated April 3, 2015 ("All documents and things relating to 3M's noise reduction rating testing and reporting for any Accused Products or any 3M products that 3M contends practice the patents-in-suit.").

Subject to and without waiving the foregoing, 3M will produce documents pertaining to the 3M Published Zero NRR or 3M's procedures for testing and calculating Noise Reduction Ratings that were utilized in connection with determining the 3M Published Zero NRR, to the extent 3M locates any such documents within its possession that have not already been produced in connection with the Patent Litigation and are not protected against disclosure.

Document Request No. 15

All documents that constitute, reference, relate or pertain to your communications with any branch of the U.S. military or other U.S. government employee, agent or agency, from 2005 to the present, regarding your Combat Arms earplugs, including but not limited to, documents that constitute, reference, relate or pertain to the Noise Reduction Ratings assigned to your Combat Arms earplugs.

Response to Document Request No. 15

In addition to the General Objections, 3M objects to Request No. 15 on the grounds that (1) the time period is overly broad, and (2) it seeks documents concerning communications with the U.S. government that are not relevant to the claims of the Complaint.

9

3M further objects to this request on the grounds that it is duplicative of Request No. 2 of Moldex's First Request for Production of Documents dated February 20, 2015 and Moldex's Requests to Supplement Responses in the Patent Litigation dated April 3, 2015 ("All documents that constitute, reference, relate or pertain to your communications with any branch of the U.S. military or other U.S. government employee, agent or agency regarding Noise Reduction Ratings, including communications regarding the zero NRR on your Generation 1 Combat Arms earplugs.") and Request No. 39 of Moldex's Second Request for Production of Documents dated February 6, 2013 in the Patent Litigation and Moldex's Requests To Supplement Responses in the Patent Litigation dated April 3, 2015 ("All documents and things relating to 3M's noise reduction rating testing and reporting for any Accused Products or any 3M products that 3M contends practice the patents-in-suit.").

Subject to and without waiving the foregoing, 3M will produce documents relating to communications with any branch of the U.S. military or other U.S. government employee, agent or agency concerning (1) the Patent Litigation, (2) the 3M Published Zero NRR, or (3) 3M's procedures for testing and calculating Noise Reduction Ratings that were utilized in connection with determining the 3M Published Zero NRR, to the extent 3M locates any such documents within its possession that have not already been produced in connection with the Patent Litigation and are not protected against disclosure.

Document Request No. 16

All documents that constitute, reference, relate or pertain to your communications with any branch of the U.S. military or other U.S. government employee, agent or agency, from 2010 to the present, regarding the Lawsuit, Moldex, and/or BattlePlug earplugs.

10

Response to Document Request No. 16

In addition to the General Objections, 3M objects to Request No. 16 on the grounds that it (1) is overbroad and burdensome and (2) seeks documents concerning communications with the U.S. government that are not relevant to the claims of the Complaint.

3M further objects to this request on the grounds that it is duplicative of Request No. 34 from Moldex's First Requests for Production of Documents dated May 18, 2012 in the Patent Litigation and Moldex's Requests To Supplement Responses in the Patent Litigation dated April 3, 2015 ("All documents and things referring or relating to the communications between 3M and any entity other than Moldex regarding the patents-in-suit, or the alleged infringement by Moldex of the patents-in-suit.").

Subject to and without waiving the foregoing, 3M will produce documents relating to communications with any branch of the U.S. military or other U.S. government employee, agent or agency regarding the Patent Litigation, to the extent 3M locates any such documents within its possession that have not already been produced in connection with the Patent Litigation and are not protected against disclosure.

Document Request No. 17

Documents sufficient to show all reports and studies, or focus groups you conducted, referring or relating to zero NRRs, BattlePlug earplugs, or Combat Arms earplugs.

Response to Document Request No. 17

In addition to the General Objections, 3M objects to Request No. 17 on the grounds that it seeks documents concerning noise reduction ratings and products that are not relevant to the claims of the Complaint. The only Noise Reduction Rating published by 3M that Moldex challenges in its Complaint is the 3M Published Zero NRR.

11

3M further objects to this request on the grounds that it is duplicative of No. 39 of Moldex's Second Request for Production of Documents dated February 6, 2013 in the Patent Litigation and Moldex's Requests To Supplement Responses in the Patent Litigation dated April 3, 2015 ("All documents and things relating to 3M's noise reduction rating testing and reporting for any Accused Products or any 3M products that 3M contends practice the patents-in-suit.").

Subject to and without waiving the foregoing, 3M will produce documents relating to reports, studies, or focus groups 3M conducted in connection with the 3M Published Zero NRR or 3M's procedures for testing and calculating Noise Reduction Ratings that were utilized in connection with determining the 3M Published Zero NRR, to the extent 3M locates any such documents within its possession that have not already been produced in connection with the Patent Litigation and are not protected against disclosure.

Document Request No. 18

All documents that reference the zero NRR on the dual-ended versions of the Combat Arms earplugs, including but not limited to documents that discuss: how the zero NRR was derived, the NRR testing procedures used, the accuracy of the zero NRR, and the potential for the zero NRR to mislead users.

Response to Document Request No. 18

In addition to the General Objections, 3M objects to Request No. 18 on the grounds that it is overly broad and burdensome.

3M further objects to this request on the grounds that it is duplicative of Request No. 39 of Moldex's Second Request for Production of Documents dated February 6, 2013 in the Patent Litigation and Moldex's Requests To Supplement Responses in the Patent Litigation dated April 3, 2015 ("All documents and things relating to 3M's noise reduction rating testing and reporting for any Accused Products or any 3M products that 3M contends practice the patents-in-suit.").

Subject to and without waiving the foregoing, 3M will produce documents sufficient to show how the 3M Published Zero NRR was derived, the NRR testing procedures used in connection with determining, and the accuracy of the 3M Published Zero NRR, and documents, if any, referring to the potential for the 3M Published Zero NRR to mislead users of Combat Arms earplugs, to the extent 3M locates any such documents within its possession that have not already been produced in connection with the Patent Litigation and are not protected against disclosure.

Document Request No. 19

Documents sufficient to show all communications you received from any of your present or former employees or consultants involving criticism of your NRR testing protocols, including the NRR testing you conducted on your Combat Arms earplugs.

Response to Document Request No. 19

In addition to the General Objections, 3M objects to Request No. 19 on the grounds that it seeks documents concerning noise reduction ratings that are not relevant to the claims of the Complaint. The only Noise Reduction Rating published by 3M that Moldex challenges in its Complaint is the 3M Published Zero NRR.

3M further objects to this request on the grounds that it is duplicative of Request No. 39 of Moldex's Second Request for Production of Documents dated February 6, 2013 in the Patent Litigation and Moldex's Requests To Supplement Responses in the Patent Litigation dated April 3, 2015 ("All documents and things relating to 3M's noise reduction rating testing and reporting for any Accused Products or any 3M products that 3M contends practice the patents-in-suit.").

Subject to and without waiving the foregoing, 3M will produce documents sufficient to show criticism, if any, of 3M's procedures for testing and calculating Noise Reduction Ratings that were utilized in connection with determining the 3M Published Zero NRR, to the extent 3M

13

locates any such documents within its possession that have not already been produced in connection with the Patent Litigation and are not protected against disclosure.

Document Request No. 20

Organizational charts, from 2005 to the present, sufficient to identify all persons in the division or segment of your business relating to the NRR testing of your hearing protection products.

Response to Document Request No. 20

In addition to the General Objections, 3M objects to Document Request No. 20 on the grounds that (1) the time period is overly broad and (2) it seeks documents concerning the testing of noise reduction ratings that are not relevant to the claims of the Complaint. The only Noise Reduction Rating published by 3M that Moldex challenges in its Complaint is the 3M Published Zero NRR.

Subject to and without waiving the foregoing, 3M will produce documents sufficient to identify the persons at 3M responsible for the NRR testing that resulted in the 3M Published Zero NRR, to the extent 3M locates any such documents within its possession that have not already been produced in connection with the Patent Litigation and are not protected against disclosure.

Document Request No. 21

Documents sufficient to show all communications by your Board of Directors, or any sub-committee thereof, referencing or referring to: your Combat Arms earplugs, Moldex's accused BattlePlug earplugs, Moldex's accused earmuff products, Moldex's counsel, or the Lawsuit, including without limitation board meeting minutes.

Response to Document Request No. 21

In addition to the General Objections, 3M objects to Request No. 21 on the grounds that it (1) is overly broad and burdensome (2) seeks documents that are not relevant to the claims in

14

the Complaint and (3) seeks documents that are protected against disclosure by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiving the foregoing, 3M states that there are no documents responsive to this request.

Document Request No. 22

Documents sufficient to show all of your marketing and advertising materials for your Combat Arms earplugs from 2012 to the present.

Response to Document Request No. 22

Subject to and without waiving the foregoing, 3M will produce responsive documents, to the extent 3M locates any such documents within its possession that have not already been produced in connection with the Patent Litigation and are not protected against disclosure.

Document Request No. 23

All documents that describe, reference or relate to your decision in 2013 to dismiss your claims regarding the '693 Patent, including but not limited to, all documents relating to your assertion that the continued pursuit of 3M's claims under the '693 Patent in the Lawsuit was no longer justified due to Moldex's market position and limited sales of accused BattlePlug earplugs.

Response to Document Request No. 23

In addition to the General Objections, 3M objects to Request No. 23 on the grounds that it (1) is overly broad and burdensome and (2) seeks documents and information that are protected against disclosure by the attorney-client privilege and/or the work product doctrine.  To the extent responsive documents and information exist that are not protected against disclosure, those documents are already within Moldex's knowledge or control through discovery and correspondence between the parties in the Patent Litigation.

15

Subject to and without waiving the foregoing, 3M will produce responsive documents reflecting the reasons 3M dismissed its claims regarding to the '693 Patent, to the extent 3M locates any such documents within its possession and they are not protected against disclosure.

Document Request No. 24

All documents that describe, reference or relate to your decision in 2013 to dismiss your claim regarding the '157 Patent, including but not limited to, all documents that reference or relate to your determination that it did not make economic sense to further pursue 3M's claims under the '157 Patent.

Response to Document Request No. 24

In addition to the General Objections, 3M objects to Request No. 23 on the grounds that it (1) is overly broad and burdensome and (2) seeks documents and information that are protected against disclosure by the attorney-client privilege and/or the work product doctrine. To the extent responsive documents and information exist that are not protected against disclosure, those documents are already within Moldex's knowledge or control through discovery and correspondence between the parties in the Patent Litigation.

Subject to and without waiving the foregoing, 3M will produce responsive documents reflecting the reasons 3M dismissed its claims regarding to the '157 Patent, to the extent 3M locates any such documents within its possession and they are not protected against disclosure.

Document Request No. 25

All documents that reference or relate to 3M's decision in 2013 to withdraw from the Lawsuit, including but not limited to, all documents that reference or relate to 3M's contention that Moldex's sales volumes were too low to economically justify 3M's continued pursuit of its claims.

Response to Document Request No. 25

In addition to the General Objections, 3M objects to Request No. 23 on the grounds that it (1) is overly broad and burdensome and (2) seeks documents and information that are

protected against disclosure by the attorney-client privilege and/or the work product doctrine.  To the extent responsive documents and information exist that are not protected against disclosure, those documents are already within Moldex's knowledge or control through discovery and correspondence between the parties in the Patent Litigation.

Subject to and without waiving the foregoing, 3M will produce responsive documents reflecting the reasons 3M dismissed the Patent Litigation, to the extent 3M locates any such documents within its possession and they are not protected against disclosure.

Dated: May 8, 2015

**FAEGRE BAKER DANIELS LLP**

 /s/Wendy J. Wildung
Wendy J. Wildung (#117055)
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402-3901
Phone:  (612) 766-7000
Fax:  (612) 766-1600

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
Lawrence B. Friedman
Leah Brannon
One Liberty Plaza
New York, New York 10006
Phone:  (212) 225-2000
Fax:  (212) 225-3999

*Attorneys for Defendants 3M Company and 3M Innovative Properties Company*