# EXHIBIT H

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MOLDEX METRIC, INC., | ) |
| Plaintiff, | ) Civil No. 14-cv-01821-JNE/FLN |
| v. | ) |
| 3M COMPANY and 3M INNOVATIVE PROPERTIES COMPANY, | ) |
| Defendants. | ) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
SECOND SET OF INTERROGATORIES**

Defendants 3M Company and 3M Innovative Properties Company (collectively, "3M"), by and through their undersigned counsel, hereby respond pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure to the Second Set of Interrogatories to Defendants ("Second Set of Interrogatories"), dated April 8, 2015, served by plaintiff Moldex Metric, Inc. ("Moldex"). 3M reserves the right to amend its answers to Moldex's Second Set of Interrogatories if new or different responsive information is located.

GENERAL OBJECTIONS

Each of 3M's responses is subject to the following General Objections. The General Objections may also be specifically referred to in 3M's responses to certain of the individual requests for purposes of emphasis and clarity. The inclusion or omission of any specific objection in any response, however, should not be construed as a waiver of any General Objection. Each General Objection is incorporated by reference in 3M's response to each individual request as if fully set forth therein.

To the extent the Interrogatories seek information or documents, or electronically stored information ("ESI") that is duplicative of or subsumed by the requests made in *3M Property & 3M Innovative Properties Company v. Moldex-Metric, Inc.*, 12-CV-611-JNE-FLN) (the "Patent Litigation"), 3M directs Moldex to responses and documents produced in the Patent Litigation.

1. 3M objects to all definitions, instructions and requests that purport to impose obligations beyond those required or permitted by the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Minnesota, or any other applicable law.

2. 3M objects to each Interrogatory to the extent it is vague, ambiguous, overbroad, unduly burdensome, harassing or oppressive.

3. 3M objects to each Interrogatory to the extent it seeks information, documents or ESI that are protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privilege, or that are trial preparation materials within the meaning of the Federal Rules of Civil Procedure or the Federal Rules of Evidence. By responding to the Second Set of Interrogatories, 3M does not intend to waive, and instead intends to preserve in full, the protections of the attorney-client privilege, the work product doctrine and any other applicable privilege.

<u>SPECIFIC RESPONSES AND OBJECTIONS</u>

3M incorporates by reference the foregoing General Objections and Reservation of Rights in each of the following specific responses and objections as if fully set forth therein. To the extent specific objections appear in the response to a particular request, they so appear because they are particularly applicable to that specific request. Specific objections are not to be

construed as a waiver or limitation of any General Objection or Reservation of Rights applicable to any request.

Interrogatory No. 2:

Describe in detail all your reasons for sending Moldex covenants not to sue in connection with the Lawsuit, and then seeking dismissal of the Lawsuit and the claims asserted therein.

Answer to Interrogatory No. 2:

In addition to the General Objections, 3M objects to Interrogatory No. 2 on the grounds that it seeks documents and information that are protected against disclosure by the attorney-client privilege and/or the work product doctrine. To the extent information exists that is not protected against disclosure, that information is already within Moldex's knowledge or control. Pursuant to Federal Rule of Civil Procedure 33(d), 3M refers Moldex to the letters from Felicia J. Boyd to Harold A. Barza dated March 12 and 15, 2013 and May 9, 2013, for summaries of the reasons why 3M served covenants not to sue and sought dismissal of the Patent Litigation.

3M notes that discovery is at a preliminary stage, and additional information relating to 3M's decision to serve covenants not to sue and to dismiss the Patent Litigation may be disclosed through discovery.

Interrogatory No. 3:

For the period 2005 to the present, identify the market or markets in which you have sold your Combat Arms earplugs, and for each market identified, identify the earplug products of any other companies that are in the same market, and state your market share in each year.

Answer to Interrogatory No. 3:

In addition to the General Objections, 3M objects to Interrogatory No. 3 on the grounds that (1) it seeks documents and information protected against disclosure by the attorney-client privilege and/or the work product doctrine, and (2) the time period it purports to cover is overly broad. Moldex has not asserted any claim in this matter as to which identification of the market

3

or markets in which 3M sold Combat Arms earplugs between 2005 and 2011 is relevant. Moldex did not begin to sell its BattlePlug earplugs until 2011.

3M further objects to this request because the terms "market" and "market share" are vague and ambiguous. Market share can be defined in a number of different ways and may have a different meaning in the antitrust context compared to market shares analyzed for business purposes. Market shares also are difficult to calculate because they require detailed information about competitors' sales that 3M may not possess. Thus, this request calls for 3M's speculation about the total volume of sales or units sold by each hearing protection supplier since 2005 or otherwise requests information that is already in possession of Moldex or about which Moldex is equally able to speculate. Finally, 3M further objects to this request as improperly seeking expert opinions.

Subject to and without waiving the foregoing and all general objections set forth above, 3M states that since 2005, Combat Arms Earplugs have been sold to purchasers of hearing protection products, including retail purchasers, industrial distributors and the United States and other governments.

Interrogatory No. 4:

Describe in detail any pre-suit investigation you undertook prior to filing the Lawsuit including, without limitation thereof, your investigation regarding the history of Moldex's accused earmuff products that you accused of infringing your '157 patent, the persons involved in the investigation, what information they obtained about when Moldex first introduced its allegedly infringing products, and the amount of time each person identified spent performing the pre-suit investigation.

Answer to Interrogatory No. 4:

In addition to the General Objections, 3M objects to Interrogatory No. 4 on the grounds that it seeks information protected against disclosure by the attorney-client privilege and/or the

4

work product doctrine. Subject to and without waiving the foregoing, 3M consulted with its internal and external counsel in evaluating its rights and claims. 3M directs Moldex to the Initial Disclosure served on April 14, 2015, which sets forth the list of fact witnesses likely to have discoverable information concerning this subject.

Interrogatory No. 5:

Describe in detail all the ways in which you informed the United States Patent and Trademark Office of the existence of Moldex's accused earmuff products during prosecution of the '157 patent or thereafter, and identify all investigations undertaken by you to ascertain the existence of Moldex's accused earmuff products prior to or during the prosecution of the '157 patent.

Answer to Interrogatory No. 5:

In addition to the General Objections, 3M objects to Interrogatory No. 5 on the grounds that it seeks information that is not relevant to the subject matter of the Complaint. Moldex has not asserted any claim in this matter as to which information about 3M's communications with the United States Patent and Trademark Office about the '157 patent would be relevant. 3M further objects to this request on the grounds that it seeks documents and information that are protected against disclosure by the attorney-client and/or the work product doctrine. To the extent relevant information exists that is not protected against disclosure, that information is already within Moldex's knowledge or control. Moldex sought and received discovery on 3M's efforts to ascertain any prior art with respect to its '157 patent through discovery during the Patent Litigation. *See* No. 11 of Moldex's Third Set of Interrogatories and Nos. 15 and 38 of Moldex's First Set of Requests for Production from the Patent Litigation. 3M directs Moldex to its responses to No. 11 of Moldex's Third Set of Interrogatories and Nos. 15 and 38 of Moldex's First Set of Requests for Production from the Patent Litigation.

Interrogatory No. 6:

Identify all persons involved in the initiation, prosecution, and conclusion of the Lawsuit, and the functions performed by each, including all persons involved in your decision to dismiss your claims in the Lawsuit regarding Moldex's accused products.

Answer to Interrogatory No. 6:

In addition to the General Objections, 3M objects to Interrogatory No. 6 on the grounds that it is overly broad and burdensome to identify all persons involved in the initiation, prosecution and conclusion of the Patent Litigation regardless of whether those individuals have only limited, duplicative or cumulative information. Subject to and without waiving the foregoing, 3M directs Moldex to the Initial Disclosure served on April 14, 2015, which sets forth the list of fact witnesses likely to have discoverable information.

Interrogatory No. 7:

Identify all 3M employees and all other persons known to 3M involved in any attempt to have the U.S. AbilityOne Commission designate Moldex's BattlePlug earplugs as essentially the same as Combat Arms earplugs.

Answer to Interrogatory No. 7:

In addition to the General Objections, 3M objects to Interrogatory No. 3 on the grounds that it seeks information that is not relevant to the subject matter of the Complaint. Moldex has not asserted any claim in this matter as to which any information that is the subject of this interrogatory would be relevant. 3M declines to respond on this basis.

Dated: May 8, 2015

                                        **FAEGRE BAKER DANIELS LLP**

                                        /s/Wendy J. Wildung
Wendy J. Wildung (#117055)
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402-3901
Phone:  (612) 766-7000
Fax:  (612) 766-1600

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
Lawrence B. Friedman
Leah Brannon
One Liberty Plaza
New York, New York 10006
Phone:  (212) 225-2000
Fax:  (212) 225-3999

*Attorneys for Defendants 3M Company and 3M Innovative Properties Company*

7