# EXHIBIT I

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MOLDEX METRIC, INC., | ) |
| Plaintiff, | ) Civil No. 14-cv-01821-JNE/FLN |
| v. | ) |
| 3M COMPANY and 3M INNOVATIVE PROPERTIES COMPANY, | ) |
| Defendants. | ) |

**DEFENDANTS' RESPONSES TO PLAINTIFF'S REQUESTS FOR DEFENDANTS TO SUPPLEMENT THEIR RESPONSES TO CERTAIN OF PLAINTIFF'S DOCUMENT REQUESTS IN THE PATENT LITIGATION**

Defendants 3M Company and 3M Innovative Properties Company (collectively, "3M"), by and through their undersigned counsel, hereby submit their responses to the requests by Plaintiff Moldex Metric, Inc. ("Moldex"), in its letter dated April 3, 2015, for Defendants to supplement their responses to certain of Moldex's document requests in *3M Property & 3M Innovative Properties Company v. Moldex-Metric, Inc.*, 12-CV-611-JNE-FLN (the "Patent Litigation").

These responses incorporate by reference the objections and responses made by 3M in the Patent Litigation on June 18, 2012 (with respect to Moldex's Requests for Production Nos. 2, 31, and 34) and March 8, 2013 (with respect to Moldex's Requests for Production Nos. 39, 40, 44, and 45), and are made pursuant to the parties' agreement set forth in part (a)(4) of the Rule 26(f) Report in this lawsuit (ECF No. 66), Local Rule

7.1, and Rules 26 and 34 of the Federal Rules of Civil Procedure. 3M reserves the right to amend these responses if new or different responsive information is located. 3M responds as follows:

## GENERAL OBJECTIONS

Each of 3M's responses is subject to the following General Objections. The General Objections may also be specifically referred to in 3M's responses to certain of the individual requests for purposes of emphasis and clarity. The inclusion or omission of any specific objection in any response, however, should not be construed as a waiver of any General Objection. Each General Objection is incorporated by reference in 3M's response to each individual request as if fully set forth therein.

1. 3M objects to all definitions, instructions and requests that purport to impose obligations beyond those required or permitted by the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Minnesota, or any other applicable law.

2. 3M objects to each Document Request to the extent it is vague, ambiguous, overbroad, unduly burdensome, harassing or oppressive.

3. 3M objects to each Document Request to the extent it seeks information, documents or ESI that are protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privilege, or that are trial preparation materials within the meaning of the Federal Rules of Civil Procedure or the Federal Rules of Evidence.

4. 3M objects to producing documents and information already produced pursuant to the Patent Litigation. To the extent there are responsive documents and information that were created subsequent to the productions made in the Patent Litigation that can be located through a reasonable search, 3M will produce those documents and information.

## SPECIFIC RESPONSES AND OBJECTIONS

3M incorporates by reference the foregoing General Objections in each of the following specific responses and objections as if fully set forth therein. To the extent specific objections appear in the response to a particular request, they so appear because they are particularly applicable to that specific request. Specific objections are not to be construed as a waiver or limitation of any General Objection or Reservation of Rights applicable to any request.

Request to Supplement 3M's Response to Request No. 2

All documents and things relating to communications by 3M with any person or entity relating to the filing of the Complaint in [the Patent Litigation].

Response

In addition to the General Objections, 3M objects to Moldex's request that 3M supplement its response to Request No. 2 on the grounds that it seeks documents that are protected against disclosure by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiving the foregoing, 3M will produce responsive documents that 3M did not produce in the Patent Litigation, to the extent 3M locates or

3

has located any such documents within its possession and they are not protected against disclosure, relating to communications by 3M with any person or entity relating to the filing of the Complaint in the Patent Litigation.

Request to Supplement 3M's Response to Request No. 31

Documents sufficient to identify and describe 3M's past and present procedures and policies for generating, maintaining, retaining, and disposing of documents (whether maintained in paper form or by other storage methods, such as microfilm or electronically), including, but not limited to, procedures and policies regarding patent application files.

Response

Subject to and without waiving the foregoing General Objections, 3M will produce documents sufficient to indicate any changes that 3M has made to the procedures and policies that are the subject of this request subsequent to 3M's production in the Patent Litigation.

Request to Supplement 3M's Response to Request No. 34

All documents and things referring or relating to communications between 3M and any entity other than Moldex regarding the patents-in-suit, or the alleged infringement by Moldex of the patents-in-suit.

Response

In addition to the General Objections, 3M objects to Moldex's request that 3M supplement its response to Request No. 34 on the grounds that it seeks documents that are protected against disclosure by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiving the foregoing, 3M will produce responsive documents that 3M did not produce in the Patent Litigation, to the extent 3M locates or

4

has located any such documents within its possession and they are not protected against disclosure.

Request to Supplement 3M's Response to Request No. 39

All documents and things relating to 3M's noise reduction rating testing and reporting for any Accused Products or any 3M products that 3M contends practice the patents-in-suit.

Response

In addition to the General Objections, 3M objects to Moldex's request that 3M supplement its response to Request No. 39 on the grounds that it seeks documents that are protected against disclosure by the attorney-client privilege and/or the work product doctrine, and concerning noise reduction ratings and products that are not relevant to the subject matter of Moldex's Complaint in the pending lawsuit.  The only Noise Reduction Rating published by 3M that Moldex challenges in that Complaint is the rating of zero that 3M publishes for its dual-ended version of "Combat Arms" earplugs in the "Yellow End–Open/Weapons Fire" mode (the "3M Published Zero NRR").

Subject to and without waiving the foregoing, 3M will produce all documents that 3M did not produce in the Patent Litigation regarding (a) the rating of zero that 3M publishes for the 3M Published Zero NRR, or (b) 3M's procedures for testing and calculating Noise Reduction Ratings that were utilized in connection with determining the 3M Published Zero NRR, and not protected against disclosure.

Request to Supplement 3M's Response to Request No. 40

All documents and things relating to 3M's efforts regarding obtaining Javits-Wagner-O'Day ("JWOD") or AbilityOne Program certification for its hearing protection

5

products that 3M contends practice the patents-in-suit.

Response

In addition to the General Objections, 3M objects to Moldex's request that 3M supplement its response to Request No. 40 on the grounds that it seeks documents that are protected against disclosure by the attorney-client privilege and/or the work product doctrine, and are not relevant to the subject matter of Moldex's Complaint in the pending lawsuit. Moldex has not asserted any claim in this matter as to which any documents that are the subject of this request would be relevant. 3M declines to produce documents on these bases.

Request to Supplement 3M's Response to Request No. 44

All documents and things relating to communications between 3M and New Dynamics Corporation regarding Moldex, the patents-in-suit, the Accused Products, any 3M product that 3M contends practices one or both of the patents-in-suit, or JWOD or AbilityOne Program certification related to any of these.

Response

In addition to the General Objections, 3M objects to Moldex's request that 3M supplement its response to Request No.44 on the grounds that it seeks documents that are protected against disclosure by the attorney-client privilege and/or the work product doctrine, and are not relevant to the subject matter of Moldex's Complaint in the pending lawsuit.

Subject to and without waiving the foregoing, 3M will produce responsive documents that 3M did not produce in the Patent Litigation, to the extent 3M locates or has located any such documents within its possession and they are not protected against

disclosure, that relate to 3M's communications with New Dynamics Corporation regarding the Patent Litigation or the 3M Published Zero NRR.

Request to Supplement 3M's Response to Request No. 45

All documents and things relating to the damages allegedly caused to 3M by the Accused Products, including any documents purportedly evidencing reasonable royalties or lost profits, if any.

Response

In addition to the General Objections, 3M objects to Moldex's request that 3M supplement its response to Request No. 45 on the grounds that it seeks documents protected against disclosure by the attorney-client privilege and/or the work product doctrine, and are not relevant to the subject matter of Moldex's Complaint in the pending lawsuit.

Subject to and without waiving the foregoing, 3M will produce responsive documents that 3M did not produce in the Patent Litigation, to the extent 3M locates or has located any such documents within its possession and they are not protected against disclosure, that relate to 3M's damages allegation in the Patent Litigation.

Dated: April 24, 2015

**FAEGRE BAKER DANIELS LLP**

/s/ Wendy J. Wildung

Wendy J. Wildung (#117055)
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402-3901
Phone:  (612) 766-7000
Fax:  (612) 766-1600

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
Lawrence B. Friedman
Leah Brannon
One Liberty Plaza
New York, New York 10006
Phone:  (212) 225-2000
Fax:  (212) 225-3999

*Attorneys for Defendants 3M Company and 3M Innovative Properties Company*

8