# EXHIBIT 3

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| 3M COMPANY and<br>3M INNOVATIVE PROPERTIES<br>COMPANY,<br><br>      Plaintiff,<br><br>vs.<br><br>MOLDEX-METRIC, INC.,<br><br>      Defendant. | Civil No. 0:12-cv-00611-JNE-AJB<br><br>JURY TRIAL DEMANDED |

## DEFENDANT MOLDEX-METRIC, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendant Moldex-Metric, Inc. ("Moldex") answers the Complaint of 3M Company ("3M Co.") and 3M Innovative Properties Company ("3M Innovative Properties") (collectively, "3M") as follows:

### MOLDEX'S INTRODUCTORY STATEMENT

This lawsuit is a transparent attempt by 3M to misuse the U.S. patent laws to disrupt sales by Moldex of important safety equipment to the United States Army.

Moldex, a leading U.S. manufacturer of worker protection and safety equipment, recently introduced a new and innovative ear protector, an earplug trade-named BattlePlug, for use by soldiers and others exposed to high intensity sounds. Recognizing the value of such a device, the United States Army has approved BattlePlug for use by the military, and it has begun purchasing these products for its soldiers. As a result, 3M's

previous dominance of the market for hearing protectors for the military has been challenged.

In this lawsuit, 3M asserts that BattlePlugs infringe unspecified claims of United States Patent No. 6,070,693 (the "'693 Patent"), supposedly assigned to and owned by 3M. As will be shown, no reasonable person skilled in the art could read the '693 patent claims as applying to the Battleplug and, if it were so read, the patent would, in light of decades of existing prior art, be invalid. In sum, an objective examination of the record will demonstrate that 3M's assertion of infringement against Moldex's BattlePlugs is baseless.

3M has also included in this lawsuit a claim that Moldex's Earmuff ear protectors infringe United States Patent No. 7,036,157 (the "'157 Patent"), supposedly assigned to and owned by 3M. However, Moldex began selling its accused Earmuffs in 2002, four years before the '157 was issued. And Moldex has been selling these products since the 2006 issuance of that patent without any objection from 3M. Only now, six years after the '157 issued, and ten years after Moldex began selling its accused products, has 3M asserted these unfounded claims against Moldex' Earmuff products. These facts suggest that 3M included the '157 patent in this case simply to distract from its baseless accusations against BattlePlugs.

Because Moldex is currently under a contract to provide certain of the accused products in large quantities to the United States military for use by thousands of military personnel, Moldex intends to seek swift adjudication of this matter by way of early dispositive motion practice and will pursue whatever other remedies are proper against

2

3M. As discovery has not yet begun in this action, Moldex reserves the right to amend its Answer and Counterclaims as it develops the factual record in this case.

## PARTIES

1. Moldex lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of the Complaint, and therefore denies them.

2. Moldex lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of the Complaint, and therefore denies them.

3. Moldex admits that it is a California corporation with offices at 10111 W. Jefferson Blvd., Culver City, California 90232. Moldex denies the remaining allegations in this paragraph of the Complaint.

## JURISDICTION AND VENUE

4. Moldex admits only that 3M's Complaint alleges patent infringement, which Moldex denies, and answering further, denies that subject matter jurisdiction exists in this court for some or all of the activities complained of by 3M. Moldex therefore denies the allegations in this paragraph of the Complaint.

5. Moldex admits only that it does business throughout the United States, including in the State of Minnesota. Moldex denies the remaining allegations in this paragraph of the Complaint.

3