**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| MOLDEX-METRIC, INC., | Civil No. 14-cv-01821 (JNE/LFN) |
| Plaintiff, | |
| v. | **REDACTED** |
| 3M COMPANY and 3M INNOVATIVE PROPERTIES COMPANY, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF MOLDEX'S MOTION TO AMEND ITS COMPLAINT TO CLAIM PUNITIVE DAMAGES**

Plaintiff Moldex-Metric, Inc. ("Moldex") seeks leave to amend its Complaint against Defendants 3M Company and 3M Innovative Properties Company (collectively, "3M") to add a claim for punitive damages based on Moldex's malicious prosecution claim. Moldex's proposed Amended Complaint is attached as Exhibit 1.[1] Because Moldex's allegations and evidence that 3M pursued its prior patent lawsuit against Moldex with malicious intent satisfy the requirements for pleading punitive damages under Minnesota law, and because the requirements of Rule 15(a) of the Federal Rules of Civil Procedure are satisfied, the Court should grant Moldex leave to amend.

I.     **Background**

    A.     **Moldex's Allegations and Evidence**

    Moldex filed its Complaint against 3M on June 5, 2014. Doc. No. 1. Moldex's

---

[1] Exhibits are attached to the Declaration of Katherine A. Moerke.

Complaint asserts three claims: (1) Monopolization and Attempted Monopolization; (2) Unfair Competition; and (3) Malicious Prosecution. *Id.* at 1, 14-16. Moldex's Complaint alleged diversity and supplemental jurisdiction over Moldex's state law claims. *Id.* ¶ 5. Because of Minnesota's procedural rules for pleading punitive damages, which are applied in the United States District Court for the Minnesota, Moldex's Complaint reserved the right to move to amend to seek punitive damages for Moldex's malicious prosecution claim: "Moldex reserves the right, consistent with legal standards for such a claim, to move to amend Moldex's complaint to seek an award of punitive damages." *Id.* ¶ 36.

Moldex's malicious prosecution claim is based on 3M's baseless prior patent lawsuit against Moldex in this Court. *Id.* ¶¶ 14-28. Shortly after Moldex began selling its BattlePlug selective-attenuation earplugs to the U.S. military, 3M sued Moldex for allegedly infringing two of 3M's patents. Compl. ¶¶ 15-16. 3M alleged that Moldex's BattlePlug earplug infringed 3M's U.S. Patent No. 6,070,693 ("the '693 Patent") and that Moldex's earmuff products infringed 3M's U.S. Patent No. 7,036,157 ("the '157 Patent"). Despite the fact that 3M knew or should have known that its infringement claims were baseless, 3M pursued this sham litigation for more than a year, forcing Moldex to endure expensive litigation costs and fees and disrupting Moldex's business. *Id.* ¶ 28. One week before a summary judgment hearing on the '693 patent, after the parties had fully briefed the motion, 3M sent Moldex a covenant not to sue and then asked the Court to dismiss 3M's '693 patent claim. *Id.* ¶ 24. Months later, 3M sent Moldex another covenant not to sue, this time asking the Court to dismiss 3M's '157 patent claim. *Id.* ¶ 26. Both of 3M's

2

patent claims in the prior lawsuit were dismissed with prejudice. *Id.* ¶¶ 24, 26.

### B.   3M's Prior Motion to Dismiss Challenging Moldex's Original Complaint

3M responded to Moldex's Complaint in this action with a motion to dismiss for alleged failure to state a claim with respect to all three claims asserted in the Complaint. Doc. No. 24. A hearing on 3M's dismissal motion was held on October 30, 2014. Doc. No. 58. On February 9, 2015, the Court issued an order denying 3M's motion in its entirety. Doc. No. 62.

In the Court's Order denying 3M's motion to dismiss, the Court held that Moldex has clear and convincing evidence of its malicious prosecution claim, which 3M had argued should be dismissed because 3M was purportedly immune from liability under Minnesota's anti-SLAPP (strategic litigation against public participation) statute:

> Moldex Metric asserted that 3M is not immune from liability because Moldex Metric has clear and convincing evidence to support its claim of malicious prosecution. *See Leiendecker*, 848 N.W.2d at 229. To satisfy its burden, Moldex Metric relied on its motion for summary judgment of noninfringement in Civil No. 12-611, "as well as 3M's abandonment of the suit immediately before [Moldex Metric's] dispositive motions could be heard and by 3M's pretextual assertion that it did so because Moldex [Metric] was too small a competitor to try to step on." . . . The Court finds that Moldex Metric has satisfied its burden to show by clear and convincing evidence that 3M is not immune.

Doc. No. 62 at 20-22 (citing Minn. Stat. ch. 554 (2014)).

The Court also held that Moldex's Complaint sufficiently alleged that 3M's prior patent lawsuit was both objectively and subjectively baseless. *Id.* at 16-17.

### C.   The Court's Scheduling Order and Moldex's Motion to Amend

The Court's Scheduling Order sets a July 1 deadline for motions to amend: "All

107861956v1

motions which seek to amend the pleadings, add parties, or to seek punitive damages must be filed and served by July 1, 2015." Doc. No. 70 at 1.

Fact discovery has commenced, but so far 3M has produced no documents. In addition, Moldex's prior motion to compel discovery from 3M (Doc. No. 75) is currently under advisement. To date, only documents and deposition transcripts from 3M's prior patent lawsuit have been exchanged. Thus, Moldex brings its present Motion to Amend Its Complaint to Add Punitive Damages without prejudice to Moldex's right to seek further leave to amend, if needed, once the scope of discovery is resolved and 3M produces discovery.

Before bringing this motion, Moldex provided a red-lined version of its proposed Amended Complaint to 3M and met and conferred with 3M, but 3M would not consent to Moldex's amendment. According to 3M, 3M does not believe that Moldex has satisfied "the applicable standard" for pleading punitive damages. Ex. 2. Moldex has summarized the parties' meet-and-confer in its Rule 7.1 Meet-and-Confer Statement accompanying this Motion.

## II.    Argument

### A.    The Standard for Granting Motions for Leave to Amend Is Liberal.

Rule 15(a) of the Federal Rules of Civil Procedure provides that the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). The determination as to whether to grant leave to amend is entrusted to the sound discretion of the district court. *See, e.g., Niagara of Wis. Paper Corp. v. Paper Indus. Union Mgmt. Pension Fund*, 800 F.2d 742, 749 (8th Cir. 1986); *Beeck v. Aquaslide 'N' Dive Corp.*, 562

4

F.2d 537, 540 (8th Cir. 1977). Because Moldex brings this motion to amend within the
deadline set forth in the Court's Scheduling Order, the decision whether to grant leave to
amend does not implicate Rule 16(b) of the Federal Rules of Civil Procedure, and instead
is taken under the less stringent "freely given" standard articulated by the Supreme Court
in *Foman v. Davis*, 371 U.S. 178, 182 (1962). *See Sherman v. Winco Fireworks, Inc.*, 532
F.3d 709, 715-16 (8th Cir. 2008).

In *Foman*, the Supreme Court held that, "[i]f the underlying facts or circumstances
relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an
opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182. "In the absence of
any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the
part of the movant, repeated failure to cure deficiencies by amendments previously
allowed, undue prejudice to the opposing party by virtue of allowance of the amendment,
futility of amendment, etc.—the leave sought should, as the rules require, be 'freely
given.'" *Id.*; *see also Buder v. Merrill Lynch, Pierce, Fennder & Smith, Inc.*, 644 F.2d
690, 694 (8th Cir. 1981) (discussing *Foman* and reversing a district court decision
denying a motion for leave to amend a complaint to add a claim).

With respect to an allegation of undue prejudice, the burden of proof is on the
party opposing a motion to amend to show any such alleged prejudice. *Beeck v.
Aquaslide 'N' Dive Corp.*, 562 F.2d 537, 540-41 (8th Cir. 1977) (upholding a district
court decision granting a motion to amend despite the opposing party's allegations of
undue prejudice). With respect to futility, a court will deny a motion for leave to amend a
complaint "'only if [it] assert[s] clearly frivolous claims or defenses.'" *Gamma-10*

5

*Plastics, Inc. v. Am. President Lines, Ltd.*, 32 F.3d 1244, 1255-56 (8th Cir. 1994)

(quoting *Buder v. Merrill Lynch, Pierce, Fennder & Smith, Inc.*, 644 F.2d 690, 695 (8th

Cir. 1981)).

Here, Moldex seeks leave to amend in a timely manner, and amendment will not

cause 3M any undue prejudice. Moreover, Moldex's evidence presented in response to

3M's earlier, unsuccessful motion to dismiss, as further bolstered by the record in this

Motion, show that Moldex's proposed Amended Complaint would not be futile. Thus,

amendment is proper.

  **B.**  **The Minnesota Standard for Pleading Punitive Damages Requires**
     **Only a Prima Facie Showing of Entitlement to Plead Punitive Damages.**

Minnesota's statutory procedural rules for pleading punitive damages apply to

state law claims in actions in the District of Minnesota. *See, e.g., Am. Bank of St. Paul v.

Carolina First Bank*, Civ. No. 09-2240, 2010 WL 3168644, at *1 (D. Minn. Mar. 2, 2010)

("In the Federal Courts of this District, the pleading of a punitive damage claim, under

causes of action premised upon the Laws of the State of Minnesota, must generally

conform to the requisites of Minnesota Statutes Sections 549.191 and 549.20." (internal

quotations omitted)) (granting motion for leave to amend to plead punitive damages).

Minnesota Statutes Section 549.191 provides that a plaintiff seeking to assert a

claim for punitive damages must make a prima facie showing that plaintiff is entitled to

plead punitive damages:

> Upon commencement of a civil action, the complaint must not seek
> punitive damages. After filing the suit a party may make a motion to amend
> the pleadings to claim punitive damages. The motion must allege the
> applicable legal basis under section 549.20 or other law for awarding

> punitive damages in the action and must be accompanied by one or more
> affidavits showing the factual basis for the claim. At the hearing on the
> motion, if the court finds prima facie evidence in support of the motion, the
> court shall grant the moving party permission to amend the pleadings to
> claim punitive damages.

Minn. Stat. § 549.191 (Claim for Punitive Damages).

Thus, "a plaintiff must first obtain leave of the Court to do so, based on a prima

facie showing of entitlement." *Am. Bank of St. Paul*, 2010 WL 3168644, at *1. "The

*prima facie* threshold for being allowed to plead punitive damages is lower than the clear

and convincing showing ultimately necessary to be *awarded* punitive damages." *Nunn v.*

*Noodles & Co.*, Civ. No. 09-1286, 2010 WL 3170763, at *3 (D. Minn. Aug. 6, 2010)

(granting motion for leave to amend to add punitive damages); *see also Am. Bank of St.*

*Paul*, 2010 WL 3168644, at *2 (same). "A plaintiff need not demonstrate an entitlement

to punitive damages *per se*, but only an entitlement to allege such damages. If the Court

finds such prima facie evidence, the court shall grant the moving party permission to

amend the pleadings to claim punitive damages." *Am. Bank of St. Paul*, 2010 WL

3168644, at *1 (internal quotation omitted).

"'Prima facie evidence is evidence which, if unrebutted, would support a judgment

in the party's favor.'" *Id.* (quoting *McKenzie v. NSP*, 440 N.W.2d 183, 184 (Minn. Ct.

App. 1989). Accordingly, in evaluating a motion to amend to add a claim to punitive

damages, "the Court "makes no credibility rulings, and does not consider any challenge,

by cross-examination or otherwise, to the Plaintiff's proof.'" *Am. Bank of St. Paul*, 2010

WL 3168644, at *1 (quoting *Swanlund v. Shimano Ind. Corp.*, 459 N.W.2d 151, 154

(Minn. Ct. App. 1990)). Instead, "'the facts are recounted from a fair reading of the

7

Plaintiff's version of the evidence.'" *In re Levaquin Prods. Liability Litig.*, MDL No. 08-1943, Civil No. 08-5743, 2010 WL 7852346, at * (D. Minn. Nov. 9, 2010) (quoting *Olson v. Snap Prods., Inc.*, 29 F. Supp. 2d 1027, 1029 (D. Minn. 1998), and granting motion to amend to add a demand for punitive damages); *see also Olson v. Snap Prods..*, 29 F. Supp. 2d at 1029 (same).

A plaintiff seeking to claim punitive damages in the District of Minnesota for a state law claim must comply with these procedural requirements of Minnesota Statutes Section 549.191, regardless of the choice of law governing the plaintiff's claim:

> It may well be that the punitive damages law of a state other than Minnesota may apply and, if it does, the plaintiff must make out the prima facie case for punitive damages under the applicable "other" punitive damages law. In other words, in a diversity case in this federal court a party must always comply with the procedural requirement of section 549.191 before being allowed to plead for punitive damages but the substantive standards of section 549.20—i.e., clear and convincing evidence of the deliberate disregard for the rights or safety of others—do not always come into play.

*Healey v. I–Flow, LLC*, 853 F. Supp. 2d 868, 874 (D. Minn. 2012).

Here, however, the Court need not engage in a full choice-of-law analysis with respect to Moldex's malicious prosecution claim or demand for punitive damages because there is no actual conflict of law. *See, e.g., Prudential Ins. Co. of Am. v. Kamrath*, 475 F.3d 920, 924 (8th Cir. 2007) (explaining that the court need not decide whether Missouri law or New York law applied because the outcome would be the same under either law); *Best Buy Stores, L.P. v. Developers Diversified Realty Corp.*, 715 F. Supp. 2d 871, 875–76 (D. Minn. 2010) (applying Minnesota law to an issue when there was no outcome-determinative difference between the potentially applicable states' laws).

8

First, a malicious prosecution claim has the same three elements under both Minnesota law and California law. *See, e.g.*, *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (citing the following three elements for a malicious prosecution claim under Minnesota law: (1) that the underlying lawsuit was brought without probable cause; (2) that the underlying lawsuit was brought with malicious intent; and (3) that the underlying lawsuit was terminated in favor of the party bringing the claim for malicious prosecution); *Sheldon Appel Co. v. Albert & Oliker*, 47 Cal. 3d 863, 871 (Cal. 1989) (citing the following three elements for a malicious prosecution claim under California law: (1) that the prior action was brought by the defendant in the malicious prosecution action terminated in favor of the plaintiff in the malicious prosecution action; (2) that the prior action was brought without probable cause; and (3) that the prior action was initiated with malice).

Second, the requirements for awarding punitive damages under Minnesota law and California law are essentially the same. Minnesota law requires clear and clear and convincing evidence of the deliberate disregard for the rights or safety of others:

> (a) Punitive damages shall be allowed in civil actions only upon clear and convincing evidence that the acts of the defendant show deliberate disregard for the rights or safety of others.

> (b) A defendant has acted with deliberate disregard for the rights or safety of others if the defendant has knowledge of facts or intentionally disregards facts that create a high probability of injury to the rights or safety of others and:

>> (1) deliberately proceeds to act in conscious or intentional disregard of the high degree of probability of injury to the rights or safety of

9

others; or

(2) deliberately proceeds to act with indifference to the high
probability of injury to the rights or safety of others.

Minn. Stat. § 549.20 (Punitive Damages), Subd. 1 (Standard).

California law also requires clear and convincing evidence of "oppression,

fraud, or malice," and malice is defined to require intent or willful disregard:

(a) In an action for the breach of an obligation not arising
from contract, where it is proven by clear and convincing evidence
that the defendant has been guilty of oppression, fraud, or malice,
the plaintiff, in addition to the actual damages, may recover damages
for the sake of example and by way of punishing the defendant.

. . .

(c) As used in this section, the following definitions shall
apply:

(1) "Malice" means conduct which is intended by the defendant to
cause injury to the plaintiff or despicable conduct which is carried
on by the defendant with a willful and conscious disregard of the
rights or safety of others.

. . .

Cal. Civ. Code § 3294-3296.

Accordingly, in evaluating Moldex's Motion to Amend Its Complaint to

Claim Punitive Damages, the Court should apply the substantive requirements for

punitive damages set forth in Minnesota Statutes Section 549.20. *See, e.g., Healey*,

853 F. Supp. 2d at 875-76 ("If the Court concludes that there is no actual conflict

between the laws of the two states, then the inquiry proceeds no further, and the

Court applies Minnesota law. . . . The Court concludes that, for purposes of this

107861956v1

motion, there is no conflict between Minnesota and Virginia's punitive damages

laws. . . . The Court concludes that although identical terminology is not used by

both states, there is no actual conflict between Minnesota and Virginia's punitive

damage laws that is outcome determinative.").

As shown next, Moldex's allegations and evidence easily satisfy these

requirements for pleading punitive damages.

### C.   Moldex's Allegations and Evidence Support Pleading Punitive Damages for Malicious Prosecution.

#### 1.   Punitive Damages Are Available for Malicious Prosecution.

As noted above, the tort of malicious prosecution under Minnesota law has three

elements: (1) that the underlying lawsuit was brought without probable cause; (2) that the

underlying lawsuit was brought with malicious intent; and (3) that the underlying lawsuit

was terminated in favor of the party bringing the claim for malicious prosecution.[2]

*Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) ("[A] lawsuit

brought with malicious intent is one that is subjectively motivated by bad faith.").[3]

The same evidence supporting a claim for malicious prosecution also supports a

claim for punitive damages because of the intent requirements for both claims. *See In re*

*Scarborough*, 171 F.3d 638, 644 (8th Cir. 1999) (explaining that a finding of liability for

malicious prosecution requires a finding of willful and malicious conduct); Minn. Stat. §

---

[2] As shown above, the tort of malicious prosecution has the same three elements under both Minnesota and California law.

[3] The Court relied on *Porous Media* in its February 9, 2015, Order. Doc. No. 62 at 19.

107861956v1

549.20 (Punitive Damages), Subd. 1 (Standard) (setting forth the requirements for clear

and clear and convincing evidence of deliberate disregard for the rights of others to claim

punitive damages).

### 2. Moldex's Allegations and Evidence So Far Support Punitive Damages for Moldex's Malicious Prosecution Claim.

As summarized above, Moldex alleges that 3M's actions in prosecuting and

maintaining 3M's prior patent lawsuit against Moldex—many of which are a matter of

public record and evident from the docket in 3M's prior lawsuit—showed deliberate

disregard for the rights of others. Given the baselessness of 3M's patent lawsuit and the

factual circumstances under which it was pursued, 3M had knowledge of facts or

intentionally disregarded facts that created a high probability of injury to the rights of

others. Yet 3M deliberately acted in conscious or intentional disregard of this high degree

of probability.

Before Moldex introduced its selective-attenuation BattlePlug earplugs, 3M held a

monopoly in the relevant selective-attenuation earplug market. Shortly after Moldex

began competing for sales of earplugs to the U.S. military, 3M sued Moldex for allegedly

infringing two of 3M's patents. Compl. ¶¶ 15-16. 3M alleged that Moldex's BattlePlug

earplug infringed 3M's '693 Patent, and that Moldex's earmuff products infringed

3M's '157 Patent.

From the outset of 3M's prior patent lawsuit against Moldex, Moldex asserted that

its single-ended BattlePlugs did not infringe 3M's patent for a double-ended earplug, and

that the earmuffs claimed in 3M's other patent had been conceived by Moldex before the

12

foreign priority date of the '157 patent so the patent was invalid. Ex. 3 (Moldex's Answer) at 1-3. In addition, Moldex's earmuff product had been on the market for more than ten years before 3M's lawsuit was brought. *Id.* Yet, despite the fact that 3M knew or should have known that its infringement claims were baseless, 3M pursued this sham litigation for more than a year, forcing Moldex to endure expensive litigation costs and fees and disrupting Moldex's business. Compl. ¶ 28.

Then, one week before a summary judgment hearing on the '693 patent, after the parties had fully briefed the motion, 3M sent Moldex a covenant not to sue and asked the Court to dismiss 3M's '693 patent claim. *Id.* ¶ 24. Months later, 3M sent Moldex another covenant not to sue and asked the Court to dismiss 3M's '157 patent claim. *Id.* ¶ 263.

Accordingly, Moldex has prima facie evidence to allow for amending its Complaint to plead punitive damages for Moldex's malicious prosecution claim.

### 3. The Court Already Held That Moldex Has Clear and Convincing Evidence of Malicious Prosecution.

In the Court's February 9, 2015, Order denying 3M's motion to dismiss, in which 3M sought dismissal of Moldex's malicious prosecution claim under Minnesota's anti-SLAPP statute, the Court found that Moldex had presented clear and convincing evidence in support of its claim. *See* Doc. No. 62 at 20-22 (citing Minn. Stat. ch. 554 (2014)). This evidence included Moldex's motion for summary judgment of noninfringement in 3M's prior patent suit and 3M's abandonment of that suit just before the scheduled Court hearing on dispositive motions. *See id.*

Accordingly, because Moldex has already presented sufficient evidence in support

of its malicious prosecution claim, including the element of malicious intent, Moldex has

presented sufficient evidence to plead punitive damages, which requires deliberate

disregard for the rights of others. *See In re Scarborough*, 171 F.3d at 644.

> **4.      The Court Already Held That Moldex Sufficiently Alleged That 3M's Prior Patent Lawsuit Was Subjectively Baseless—i.e., That 3M Brought the Lawsuit With Malicious Intent.**

In the Court's February 9, 2015, Order denying 3M's motion to dismiss Moldex's

original Complaint, the Court also found that Moldex "sufficiently alleged that 3M's

infringement action against it was subjectively baseless":

> 3M brought Civil No. 12-611 only after Moldex Metric's BattlePlug
> provided the first actual competition to 3M's Combat Arms in the market
> for non-linear earplugs approved for purchase by the U.S. military. To force
> Moldex Metric from the market, 3M asserted the '693 Patent and the '157
> Patent against Moldex Metric. Days before a motion for summary judgment
> of noninfringement of the '693 Patent was to be heard, 3M issued a
> covenant not to sue. 3M persisted in its assertion of the '157 Patent,
> imposing substantial costs on Moldex Metric. As Moldex Metric prepared a
> motion for summary judgment of invalidity of the '157 Patent, 3M against
> issued a covenant not to sue.

Doc. No. 62 at 16-17.

The "subjectively baseless" standard "essentially mirrors" the malicious intent

element of a malicious prosecution claim under Minnesota law. *Porous Media Corp. v.

Pall Corp.*, 186 F.3d 1077, 1080 n.4 (8th Cir. 1999) ("[A] lawsuit brought with malicious

intent is one that is subjectively motivated by bad faith."), *cited in* February 9, 2015,

Order, Doc. No. 62, at 19. The existence of "malicious intent" satisfies the "deliberate

disregard" requirement for punitive damages under Minnesota Statutes Section § 549.20.

14

### 5.    Additional Evidence Also Supports Moldex's Punitive Damages Claim.

As shown, the Court's holdings about Moldex's allegations and evidence in the Court's February 9, 2015, Order denying 3M's prior motion to dismiss should be sufficient to overcome 3M's objections to Moldex's amendment to assert punitive damages. In addition, that Order is bolstered by internal 3M e-mails that ▮▮▮▮▮▮▮▮▮▮

██████████████████████████ The clear inference to be drawn from this and other evidence (*see* Doc. No. 77 at 5-8) is that 3M was deeply concerned about facing competition from Moldex and, among other actions, brought a baseless lawsuit to attempt to maintain 3M's monopoly.

Moldex's Motion to Amend Its Complaint to Claim Punitive Damages should be granted.

**III.   Conclusion**

Because Moldex has a prima facie case that it is entitled to allege punitive damages for its malicious prosecution claim against 3M, the Court should grant Moldex leave to amend its Complaint to claim punitive damages.

Dated: July 1, 2015                    By:   s/Katherine A. Moerke
                                             Kevin D. Conneely (#192703)
                                             Katherine A. Moerke (#312277)
                                             STINSON LEONARD STREET LLP
                                             150 South Fifth Street, Suite 2300
                                             Minneapolis, MN 55402
                                             612-335-1500
                                             kevin.conneely@stinsonleonard.com
                                             katie.moerke@stinsonleonard.com

                                                       AND

                                             Harold A. Barza
                                             (California Bar No. 80888) (admitted
                                                *pro hac vice*)
                                             halbarza@quinnemanuel.com
                                             Matthew Hosen (California Bar No.
                                                291631)
                                             (admitted *pro hac vice*)
                                             QUINN EMANUEL URQUHART
                                                & SULLIVAN, LLP
                                             865 South Figueroa Street
                                             Los Angeles, CA 90017

107861956v1

Telephone: (213) 443-3000
Facsimile: (213) 443-3211

**ATTORNEYS FOR PLAINTIFF
MOLDEX-METRIC, INC.**

107861956v1