UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Moldex Metric, Inc.,                                         Civil No. 14-1821 (JNE/FLN)

                        Plaintiff,

    v.                                                       **ORDER**

3M Company et al.,

                        Defendants.

_____

Kevin Conneely and Katherine Moerke for Plaintiff.
Lawrence Friedman, Eileen Hunter, and Arminda Bepko for Defendants.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on June 1, 2015 on Plaintiff Moldex-Metric, Inc.'s ("Moldex") motion to compel discovery (ECF No. 75). For the reasons set forth below, the motion is **GRANTED in part** and **DENIED in part**.

Moldex filed this action against Defendants 3M Company and 3M Innovative Properties Company (collectively, "3M") on June 5, 2014, alleging: (1) monopolization and attempted monopolization; (2) malicious prosecution; and (3) unfair competition under the California Business and Professions Code § 17200. *See* Compl., ECF No. 1. For many years, 3M has manufactured and sold a non-linear earplug called "Combat Arms" to the U.S. military. *Id.* ¶ 14. In 2011, Moldex introduced a non-linear dual-mode earplug called "BattlePlug," which provided the first real competition to Combat Arms in the market for non-linear earplugs approved for purchase by the military. *Id.* ¶ 15. Moldex alleges that 3M intended to block Moldex from entering the market for selective attenuation earplugs by engaging in anti-competitive conduct including (a) bringing sham

patent litigation claims against Moldex, (b) predatory use of the Javits-Wagner-O'Day ("JWOD")[1]

program, and (c) using improper testing procedures to assign misleading noise reduction ratings

("NRRs") to its Combat Arms earplugs. *See id*. ¶¶ 16–29; *see also* Pl.'s Mem. in Supp. of Mot. to

Compel 4, ECF No. 77.

Moldex now seeks to compel 3M to produce documents responsive to four categories of

discovery requests: (1) discovery related to government procurement of 3M's Combat Arms

earplugs and Moldex's BattlePlug earplugs with respect to the JWOD program (Document Request

Nos. 3, 12, and 16, Interrogatory No. 7, and Prior Request Nos. 40 and 44); (2) documents regarding

3M's NRRs and NRR testing beyond the rating of "zero" that 3M publishes for its dual-ended

version of Combat Arms earplugs (Document Request Nos. 2 and 13–20, and Prior Request No. 39);

(3) documents 3M has referencing Moldex's BattlePlug earplugs (Document Request No. 5); and

(4) the privilege log for documents relating to the covenants not to sue in 3M's prior patent lawsuit.

*See* ECF No. 77 at 1–4. However, since the hearing on this matter on June 1, 2015, the parties have

reached an agreement with respect to two of the requested categories of documents. *See* Letter to

Magistrate Judge, ECF No. 88. Accordingly, the portion of Moldex's motion seeking to compel

documents related to 3M's NRRs and NRR testing, and 3M's privilege log obligations related to the

prior patent lawsuit are now moot.

---

[1]

> The JWOD Program provides employment opportunities to handicapped workers by granting exclusive selling rights to products that are made by the blind and severely disabled. Defs.' Mem. in Opp'n 8–9, ECF No. 82. The U.S. AbilityOne Commission implements JWOD regulations by certifying products for procurement exclusivity on its Procurement List. *Id*. at 8. Federal agencies, including the U.S. military, are required to purchase products that appear on the Procurement List through a qualified nonprofit agency. *Id*. at 9. The JWOD Program precludes federal procurement purchasing of products deemed to be "essentially the same" as the products on the Procurement List. *Id*. (citing 41 U.S.C. § 8504 (a)(1); 41 C.F.R. § 51-5.3(a)).

A.      **Discovery related to the JWOD Program**

Moldex contends that 3M, via its partner New Dynamics, misused the JWOD program to classify Moldex's BattlePlug earplugs as "essentially the same" as 3M's Combat Arms earplugs in order to prevent the U.S. military from purchasing BattlePlug earplugs. *See* ECF No. 77 at 6–8. Document Request Nos. 3, 12, and 16, Interrogatory No. 7, and Prior Request Nos. 40 and 44 in 3M's prior patent suit seek discovery on this subject. *Id*. at 27; *see also* Moerke Decl. Exs. F, G, H, and I, ECF No. 78.

3M objected to all requests concerning the JWOD program, primarily on the grounds that such requests seek documents not relevant to the subject matter of the Complaint. *See* ECF No. 78, Ex. F at 5, Ex. G at 7, 10–11, Ex. H at 6, and Ex. I at 5–6. Specifically, 3M argues that Moldex is not entitled to documents or information related to the JWOD program unless said documents also refer to the prior patent litigation or 3M's "zero" NRR. *See* ECF No. 82 at 18–27. In short, 3M contends that Moldex has not asserted any claim against 3M based upon 3M's JWOD program related conduct. *See id*. at 19–24. According to 3M, since all three of Moldex's claims for relief are based upon the allegation that 3M's prior patent litigation was a sham and that 3M misrepresented its "zero" NRR for Combat Arms earplugs, Moldex is simply not entitled to broader discovery on this subject. *Id*. at 19.

Conversely, Moldex argues that discovery related to the JWOD program is relevant for two reasons. *See* ECF No. 77 at 29–30. First, the requests are relevant to Moldex's antitrust and unfair competition claims as such documents may show anti-competitive conduct on the part of 3M, particularly with respect to 3M's attempt to use the JWOD program to block Moldex's entry into the military earplug market. *Id*. at 29. Second, such discovery may help explain 3M's conduct in prosecuting and dismissing the prior patent lawsuit. *Id*. at 29–30.

The Court agrees with Moldex and finds that discovery requests related to the JWOD program are relevant to Moldex's claims and are therefore discoverable. *See* Fed. R. Civ. P. 26(b) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ."). The Court concludes that such documents are relevant because they clearly relate to Moldex's claim that 3M has monopolized, or attempted to monopolize, the military earplug market and committed anti-competitive acts in furtherance of their hold on that market. *See HDC Med.*, *Inc. v. Minntech Corp.*, 474 F.3d 543, 549 (8th Cir. 2007) ("To establish an attempted monopolization claim under the Sherman Act, a plaintiff must prove: '(1) a specific intent by the defendant to control prices or destroy competition; (2) predatory or anticompetitive conduct undertaken by the defendant directed to accomplishing the unlawful purpose; and (3) a dangerous probability of success.'" (quoting *Gen. Indus. Corp. v. Hartz Mountain Corp.*, 810 F.2d 795, 801 (8th Cir. 1987))). Furthermore, 3M's primary argument that Moldex failed to allege any JWOD related misconduct in its Complaint is without merit. Paragraph 29[2] of the Complaint plainly alleges JWOD related misconduct and is incorporated by reference in all three claims for relief. *See* ECF No. 1 ¶¶ 29, 30–41. Accordingly, to the extent Plaintiff seeks to compel discovery responsive to Document Request Nos. 3, 12, and 16, Interrogatory No. 7, and Prior Request Nos. 40 and 44, the motion is granted.

**B.    Documents related to BattlePlug earplugs**

---

[2]

> Paragraph 29 of the Complaint states in relevant part:
>> Furthermore, 3M has used, and continues to use, predatory conduct in its efforts to sell into the Relevant Products Market(s). In this regard, 3M has attempted to use a federal program designed to further the use of disabled workers, called JWOD, to exclude Moldex from said Markets, by engaging in misleading assertions concerning BattlePlug and a comparison of it to Combat Arms.
> ECF No. 1 ¶ 29.

Moldex additionally moves to compel production of all 3M documents referencing Moldex's BattlePlug earplugs (Document Request No. 5). ECF No. 77 at 33; *see* ECF No. 78, Ex. G at 3–4. 3M objected to this request on the grounds that it is overbroad and unduly burdensome and not relevant to the claims in the Complaint. *See* ECF No. 78, Ex. G at 3–4. According to 3M, this request is a "fishing expedition" as any documents in 3M's possession that refer to BattlePlug earplugs will likely have nothing to do with the parties claims or defenses. *See* ECF No. 82 at 27–28. Therefore, 3M argues, it is proper for 3M to produce only those documents that refer to BattlePlug earplugs in conjunction with the prior patent litigation. *Id*. at 28.

In contrast, Moldex claims that 3M sought to prevent BattlePlug earplugs from entering the market by having them de-listed as a qualifying substitute for 3M's Combat Arms earplugs, and by filing a sham lawsuit against Moldex for patent infringement. ECF No. 77 at 33–34. Further, discovery in the prior lawsuit demonstrated that 3M was concerned about Moldex's entry into the earplug market. *Id*. at 34. Accordingly, Moldex argues that BattlePlug earplugs are at the center of this monopolization lawsuit and therefore discovery about 3M's reports, meeting summaries, e-mails, and other business documents that reference BattlePlug earplugs are relevant. *Id*. at 34.

The Court concludes that documents related to BattlePlug earplugs are relevant to Moldex's claims and are therefore discoverable. Indeed, these earplugs are at the center of this dispute. Moldex's BattlePlug earplugs were the subject of the prior patent litigation and are therefore an integral component of both the monopolization claim and the malicious prosecution claim. Moreover, 3M's claims of undue burden ring hollow as Moldex has requested only four years worth of documents that contain the unique keyword "BattlePlug." Therefore, to the extent Plaintiff seeks to compel documents responsive to Document Request No. 5, the motion is granted.

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY**

**ORDERED** that Plaintiff's motion to compel discovery (ECF No. 75) is **GRANTED in part** and

**DENIED in part** as follows:

1.    To the extent Plaintiff seeks to compel discovery related to the Javits-Wagner-O'Day (JWOD) Program (i.e., Document Request Nos. 3, 12, and 16, Interrogatory No. 7, and Prior Request Nos. 40 and 44), the motion is **GRANTED**. Such responses must be made within 30 days of the date of this Order.

2.    To the extent Plaintiff seeks to compel discovery related to 3M's noise reduction ratings (NRRs) and testing (i.e., Document Request Nos. 2 and 13–20, and Prior Request No. 39), the motion is **DENIED as moot**.

3.    To the extent Plaintiff seeks to compel discovery related to BattlePlug earplugs (Document Request No. 5), the motion is **GRANTED**. Such responses must be made within 30 days of the date of this Order.

4.    To the extent Plaintiff seeks to compel 3M to log privileged documents related to covenants not to sue in 3M's prior patent lawsuit against Plaintiff, the motion is **DENIED as moot**.

DATED: July 7, 2015                                     *s/Franklin L. Noel*
                                                        FRANKLIN L. NOEL
                                                        United States Magistrate Judge