## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| MOLDEX-METRIC, INC.,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>3M COMPANY and 3M INNOVATIVE<br>PROPERTIES COMPANY,<br><br>　　　　　　　　Defendants. | Civil No. 14-1821 (JNE/FLN) |

## DEFENDANTS' MEMORANDUM IN OPPOSITION TO
## PLAINTIFF'S MOTION FOR LEAVE TO AMEND TO ADD
## A CLAIM FOR PUNITIVE DAMAGES

## INTRODUCTION

Moldex has "woefully misunderstood [its] burdens under Sections 549.191 and .20" to amend its Complaint to assert punitive damages. *Berczyk v. Emerson Tool Co.*, 291 F. Supp. 2d 1004, 1013 (D. Minn. 2003). The statute imposes "a **mandatory** obligation, on a party moving to plead punitive damages, to accompany that Motion with **one or more Affidavits**" setting forth "**clear and convincing**, prima facie evidence, that the defendant acted with a deliberate disregard for the rights or safety of others." *Murrin v. Fischer*, 2008 WL 540857, at *30 (D. Minn. Feb. 25, 2008) (emphasis added). And "[q]uite plainly, a 'prima facie case,' established by 'clear and convincing' evidence, requires evidence that is both competent, and probative, that is, the evidence must be **admissible**." *Berczyk*, 291 F. Supp. 2d at 1010 (emphasis added).

Moldex's motion relies almost entirely on mere allegations from its Complaint. (*E.g.*, Moldex Br. 1-2, 12-13.) But it is settled that "[a]llegations in a complaint are **not evidence**." *Nisenbaum v. Milwaukee Cnty.*, 333 F.3d 804, 810 (7th Cir. 2003) (emphasis added). Moldex also does not submit the "mandatory" affidavit from anyone setting forth "clear and convincing, prima facie evidence," *Murrin*, 2008 WL 540857, at *30, that 3M subjectively had "knowledge of facts or intentionally disregard[ed] facts" that 3M's prior patent lawsuit against Moldex was allegedly objectively baseless as required by Minn. Stat. §§ 549.191 and 549.20. Moldex has not taken a single deposition to try to obtain "competent," "probative," and "admissible" evidence of 3M's knowledge or intent to satisfy its burden under the punitive damages statute of a "prima facie case, established by clear and convincing evidence." *Berczyk*, 291 F. Supp. 2d at 1010. On top of this,

1

Moldex's allegations—which are insufficient by themselves—do not rule out "the possibility of innocent explanations" for 3M's alleged bad conduct, which "prevents [Moldex] from meeting the clear and convincing standard." *Romano v. ING ReliaStar Life Ins.*, 2013 WL 3448079, at *18 (D. Minn. July 9, 2013).

Ultimately, "the circumstance confronting [Moldex] is largely due to [its] own pretrial strategies" in not obtaining actual admissible evidence and submitting the required affidavit to meet the requirements for pleading punitive damages under Minnesota law. *Berczyk*, 291 F. Supp. 2d at 1013. Because Moldex fails to present prima facie, clear and convincing evidence for its punitive damages claim in the manner required by Sections 549.191 and 549.20, leave to amend should be denied.

### FACTUAL AND PROCEDURAL BACKGROUND

Moldex filed this action on June 5, 2014 (Dkt. 1 ("Compl.")), alleging a claim, among others, for malicious prosecution based on a prior patent infringement lawsuit filed by 3M against Moldex, *3M Co. v. Moldex-Metric, Inc.*, Civil No. 12-611 (D. Minn. Mar. 8, 2012) ("2012 Case"), in which 3M accused a Moldex earplug product of infringing U.S. Patent No. 6,070,693 (the "'693 patent") and certain Moldex earmuff products of infringing U.S. Patent No. 7,036,157 (the "'157 patent"). Fact discovery opened in this case on February 20, 2015.[1] The parties have agreed that all documents and depositions produced during the 2012 Case may be used in this case. (Dkt. 66 at 2.) In support of its current motion, however, Moldex did not submit a single deposition

---

[1] Under Rule 26(d), discovery may commence after the parties "have conferred as required by Rule 26(f)." The parties conferred "as required by Fed. R. Civ. P. 26(f)" by February 20, 2015. (Dkt. 66 at 1.)

from the 2012 Case and only submitted two innocuous emails from the 2012 Case, discussed below.  Moldex filed the instant motion on July 1, 2015—the last day upon which it could do so under the Court's Scheduling Order.  (Dkt. 70 at 1.)

As the evidentiary basis for its punitive damages claim, Moldex repeats and relies upon the **allegations** in its Complaint—in nearly every instance citing directly to the Complaint itself without providing any evidence to substantiate such allegations. (Moldex Br. 1–3, 12–13.)  For example, Moldex repeats the allegation that it had an "earmuff product [that] had been on the market for more than ten years before 3M's lawsuit was brought," but does not provide any evidence to establish this purported fact. (*Id.* at 13.)

Beyond its pleadings, Moldex also submits a declaration from one of its outside counsel, Katherine A. Moerke.  (Dkt. 92 ("Moerke Decl.").)  Ms. Moerke does not attest to any relevant facts herself, but instead simply swears to the authenticity of five exhibits. (*Id.* at 1–2.)  Two of the five exhibits are purely procedural, with no bearing on Moldex's punitive damage claim.  (*Id.*, Exs. 1 & 2.)  The remainder include a three-page excerpt of Moldex's Answer to 3M's 2012 complaint for patent infringement (*id.*, Ex. 3) and copies of two internal emails produced by 3M in the prior litigation (*id.*, Exs. 4 & 5).

Moldex provides no other evidence in support of its Motion.  To date, Moldex has not sought to depose 3M or any of its current or former employees or representatives.

**ARGUMENT**

I.   **Moldex Failed to Comply with Minnesota's Procedural Requirements for Presenting Evidence in Support of its Punitive Damages Claim.**

   A.   **Leave to Assert Punitive Damages Requires One or More Affidavits Setting Forth Prima Facie, Clear and Convincing Evidence of Deliberate Disregard.**

Under Minnesota law, "[p]unitive damages are an extraordinary remedy to be allowed with caution and within narrow limits." *J.W. ex. rel. B.R.W. v. 287 Intermediate Dist.*, 761 N.W.2d 896, 904 (Minn. Ct. App. 2009). Moldex concedes that its motion "must generally conform to the requisites of Minnesota Statutes Sections 549.191 and 549.20." *Olson v. Snap Prods., Inc.*, 29 F. Supp. 2d 1027, 1034 (D. Minn. 1998). To assert punitive damages under these statutes, the motion to amend "must allege the applicable legal basis under section 549.20 or other law for awarding punitive damages in the action and **must** be accompanied by one or more affidavits showing the factual basis for the claim." Minn. Stat. § 549.191 (emphasis added).

Crucially, the statute imposes "a mandatory obligation, on a party moving to plead punitive damages, to accompany that Motion with one or more Affidavits" setting forth "clear and convincing, prima facie evidence, that the defendant acted with a deliberate disregard for the rights or safety of others." *Murrin*, 2008 WL 540857, at *30; *accord, e.g.*, *Berczyck*, 291 F. Supp. 2d at 1009 (collecting cases). This evidence must be "both competent and probative, that is, [it] must be admissible." *Id.* at 1010. Section 549.191 "plainly reflects the negative consequence of noncompliance" with the evidentiary affidavit requirement—"namely, that the Motion to Amend the pleading, so as to state a

4

punitive damage claim, will not be allowed." *Id.* at 1009 n.5.  Indeed, it is reversible error to allow an amendment without an affidavit providing the clear and convincing evidentiary basis for the amendment. *See Harmon v. Mattson*, 1999 WL 1057236, at *7 (Minn. Ct. App. Nov. 23, 1999) (reversing district court's decision to grant punitive damages because the plaintiffs "failed to submit supporting affidavits when they moved to add punitive damages to their claim").

The Court must then conduct an "independent search for clear and convincing, prima facie evidence that the defendant acted with a deliberate disregard for the rights or safety of others." *Berczyk*, 291 F. Supp. 2d at 1008-09.  This clear-and-convincing standard requires evidence "sufficient to permit the Jury to conclude that it is highly probable that the defendant acted with deliberate disregard."[2] *Freeland v. Fin. Recovery Servs., Inc.*, 790 F. Supp. 2d 991, 994 (D. Minn. 2011) (quotation omitted).

### B.   Moldex Did Not Submit an Evidentiary Affidavit, and It Cannot Substitute Allegations for Evidence.

Moldex repeatedly relies on the "allegations" from its Complaint to support its punitive damages amendment.  (Moldex Br. 1-3, 12–13.)  Moldex, for example, contends that it is entitled to assert punitive damages because it has "[s]ufficiently **[a]lleged**" that

_____

[2] Quoting several cases out of context, Moldex suggests that the "prima facie threshold" for its motion is less demanding than an ultimate burden of clear and convincing proof. (Moldex Br. 7 (quoting *Nunn v. Noodles & Co.*, 2010 WL 3170763, at *3 (D. Minn. Aug. 6, 2010)).)  But "the 'clear and convincing' quantum of proof 'is implicitly incorporated into the requirement [of] a prima facie case of deliberate disregard.'" *Berczyk*, 291 F. Supp. 2d at 1010 (quoting *Swanlund v. Shimano Indus. Corp., Ltd.*, 459 N.W. 151, 154 (Minn. Ct. App. 1990)).  The prima facie standard only lessens Moldex's burden by restricting "credibility determinations or . . . challenges to the moving party's evidence." *Freeland*, 790 F. Supp. 2d at 994.

the 2012 Case was subjectively baseless.  (*Id.* at 14 (emphasis added).)  Indeed, in the part of Moldex's brief labeled "Allegations and Evidence," the only support that Moldex cites is the allegations in its Complaint in this case and the allegations in its Answer in the 2012 Case.  (Moldex Br. 1-3, 12-13.)

Here, Moldex drastically misunderstands its statutory burden.  Unlike a motion to dismiss, the Court must "do more than 'rubber stamp' the allegations in the Motion papers" for leave to assert punitive damages.  *Berczyk*, 291 F. Supp. 2d at 1009; *see also Cenveo Corp. v. S. Graphic Sys., Inc.*, 2011 WL 1741910, at *2 (D. Minn. May 4, 2011) (rejecting argument that a court should make "all inferences in a light most favorable to the plaintiff" on motion to amend for punitive damages).  Under Section 549.191, "it would **make no sense** to require a party to seek leave to amend so as to plead punitive damages, **if all that were required** of the party would be the conclusory **allegations** which the Section was enacted to rectify."  *Berczyk*, 291 F. Supp. 2d at 1009 n.5 (emphasis added).

Needless to say, allegations from Moldex's Complaint do not constitute admissible evidence, as required to make a prima facie case by clear and convincing evidence for punitive damages.  *See id.* at 1010; *see also, e.g.*, *Nisenbaum*, 333 F.3d at 810; *Leiendecker v. Asian Women United of Minn.*, 848 N.W.2d 224, 230 (Minn. 2014) ("Indeed, courts have long held that mere allegations in a complaint are not evidence.").  And even if the Court could consider such allegations as evidence, Moldex fails to include them in its supporting affidavit, which must itself set forth the "factual basis for the claim."  Minn Stat. § 549.191; *see also Murrin*, 2008 WL 540857, at *30–*31.

6

Quite simply, when the time came to amend to plead punitive damages, no one from Moldex was prepared to swear under penalty of perjury in an affidavit that there was evidence that anyone from 3M had "knowledge of facts or intentionally disregard[ed] facts that create[d] a high probability of injury" to others, and then "deliberately proceed[ed] to act" either in "conscious or intentional disregard" of or "indifference to" this "high probability."  Minn. Stat. § 549.20, subd. 1(b).  This failure alone requires denial of the motion to amend.  *E.g.*, *Berczyk*, 291 F. Supp. 2d at 1009 n.5 ("As a result, the Section plainly reflects the negative consequence of noncompliance— namely, that the Motion to Amend the pleading, so as to state a punitive damage claim, will not be allowed."); *Copeland v. Hubbard Broad., Inc.*, 1997 WL 729195, at *2 (Minn. Ct. App. Nov. 25, 1997) ("Thus, where a plaintiff fails to produce an affidavit that reasonably allows a conclusion that clear and convincing evidence will establish that a defendant showed deliberate disregard for the rights or safety of others, no basis for amending the complaint is established.").

## II.    Even if Moldex's Allegations Could Be Considered Evidence, Moldex Still Has Not Presented a Prima Facie Case that 3M Subjectively Acted With Deliberate Disregard.

### A.    The Punitive Damages Statute Requires Clear and Convincing Evidence of 3M's Subjective Knowledge or Intent.

Moldex is trying to amend its Complaint to assert punitive damages for its malicious prosecution claim.  (Moldex Br. 1.)  Malicious prosecution requires that the 2012 Case for infringement of both the '693 patent and the '157 patent was "(i) objectively baseless in that no reasonable litigant could expect success on the merits

and (ii) subjectively motivated by bad faith." *Porous Media Corp. v. Pall Corp.*, 186

F.3d 1077, 1080 n.4 (8th Cir. 1999).  For punitive damages, deliberate disregard means

what it says—there must be evidence of "specific knowledge" or intentional disregard of

specific facts that "create a high probability of injury." *J.W.*, 761 N.W.2d at 904;

*Swanlund*, 459 N.W.2d at 156 (plaintiff must show "willful concealment of a known

hazard").  Accordingly, to plead a claim for punitive damages for the malicious

prosecution claim, Moldex must present clear and convincing admissible evidence that

3M **both** had "knowledge of facts or intentionally disregard[ed] facts that create[d] a high

probability" that the 2012 Case was objectively baseless, **and then** "deliberately

proceed[ed] to act" either in "conscious or intentional disregard" of or "indifference to"

this "high probability."  Minn. Stat. § 549.20, subd. 1(b).[3]

### B.   Moldex Presents No Evidence—Let Alone Clear and Convincing Evidence—of 3M's Subjective Knowledge or Intent in Filing Its Complaint in the 2012 Case.

There is no evidence in this motion—let alone affidavits showing clear and

convincing admissible evidence—that **any person at 3M** subjectively had "knowledge of

facts or intentionally disregard[ed] facts" that the 2012 Case was objectively baseless and

then "deliberately" acted in "intentional disregard" of or "indifference to" those facts.

---

[3] 3M strongly disagrees that its 2012 Case was objectively baseless.  And Moldex does not present any actual evidence in its motion that the '693 or '157 patent infringement claims were objectively baseless.  Moldex again relies on the allegations from its Complaint—which merely allege that Moldex thought it had a non-infringement position for the '693 patent and an invalidity position for the '157 patent—but allegations are not evidence for purposes of Minn. Stat. § 549.191 and .20.  In any event, 3M need not address the merits of Moldex's allegations of objective baselessness in the context of this motion (in which 3M is not permitted to submit its own evidence), but 3M will do so through an appropriate dispositive motion.

Minn. Stat. § 549.20, subd. 1(b).  *See Copeland*, 1997 WL 729195, at *3 (affirming

denial of amendment where there was no affidavit evidence "that **someone at KSTP**

**knew** that entering Copelands' home as Johnson did would violate their rights," and

therefore "it could not be concluded at trial that anyone at KSTP deliberately acted in

conscious or intentional disregard of" the plaintiffs rights) (emphasis added).

The primary "evidence" that Moldex relies on (Moldex Br. 2-3) to allegedly show

3M's subjective knowledge is Moldex's **allegation** in its Complaint that 3M chose to

dismiss the 2012 Case and did so under a pretext:

> In connection with 3M's dismissals of its infringement claims described
> above, 3M sent letters to Moldex claiming that 3M was dismissing its
> claims against Moldex not because they were without merit, even though
> that was clearly the case, but instead, because continuing the claims did not
> make economic sense given the size of Moldex's sales of its accused
> products.  However, this was clearly a mere pretext, designed to try to
> construct a defense to the claims being asserted here.

(Compl. ¶ 27.)  3M's dismissal of the 2012 Case fails to constitute clear and convincing

evidence of 3M's subjective knowledge for four independent reasons.

*First*, it is merely Moldex's allegation that 3M dismissed the 2012 Case under a

"pretext."  There is no evidence submitted whatsoever to support that allegation.  Moldex

could have taken a deposition to try to support this allegation with evidence.  It could

have tried to find some evidence in any of the 2012 Case depositions or documents that

the parties have agreed are usable in this case.  But it did not.  And "[a]llegations in a

complaint are not evidence."  *Nisenbaum*, 333 F.3d at 810.

*Second*, there are clearly "alternate explanations" for 3M's decision to dismiss the

2012 Case, besides alleged deliberate disregard.  *Romano*, 2013 WL 3448079, at *18

(denying motion to amend to add punitive damages because the "possibility of these alternate explanations" besides deliberate disregard "prevents [plaintiff] from meeting the clear and convincing standard"). It is plainly equally possible—especially in the absence of any actual evidence to the contrary—that, as 3M informed the Court at the time, 3M dismissed the 2012 Case for the very legitimate reason that "continuing the claims did not make economic sense given the size of Moldex's sales of its accused products." (Compl. ¶ 27.) Because there are "equally viable explanations for [3M's] conduct" besides deliberate disregard, Moldex "cannot meet the clear and convincing standard." *Romano*, 2013 WL 3448079, at *18.

*Third*, the Federal Circuit has expressly held that a plaintiff's "decision to withdraw its claim of infringement based on its determination that further pursuit of the lawsuit would not have been worth the investment" is **not** "evidence of bad faith." *Q-Pharma, Inc. v. Andrew Jergens, Co.*, 360 F.3d 1295, 1304 (Fed. Cir. 2004). In *Q-Pharma*, the plaintiff responded to the defendant's motion for summary judgment of non-infringement by seeking a voluntary dismissal of its action with prejudice, and "agreed not to sue [defendant] in the future for infringement due to the sale of" the product at issue. *Id.* at 1298. The defendant then sought attorneys' fees for an exceptional case under 35 U.S.C. § 285, arguing that the plaintiff "should have known that its infringement suit was baseless and that the '373 patent was invalid when it filed suit." *Id.* at 1303. The Federal Circuit rejected the claim, holding that it could "discern no evidence of bad faith" from the plaintiff's economic decision to withdraw its infringement claim. *Id.* at 1304. Likewise, here, there is simply no evidence of

10

subjective knowledge or bad faith to be inferred from a decision to dismiss the 2012 Case because it "did not make economic sense" (Compl. ¶ 27)—especially in the absence of any actual evidence from Moldex.

*Fourth*, 3M's decision to dismiss the 2012 Case approximately one year after it was filed does not show that 3M knew that its infringement complaint was baseless **at the time it was filed**, and made a deliberate decision **at that time** to proceed despite this knowledge. *See* Minn. Stat. § 549.20, subd. 1(b). The tort of malicious prosecution under Minnesota law focuses on whether a legal process was wrongfully initiated. In particular, "the underlying lawsuit must have been **brought** without probable cause" and "**instituted** with malicious intent." *Porous Media*, 186 F.3d at 1079 (emphasis added); *see also Strei v. Blaine*, 996 F. Supp. 2d 763, 794 (D. Minn. 2014) (explaining that the "distinction between malicious prosecution and abuse of process" is that the former "consists in maliciously causing process to be issued"). Moldex presents no evidence that anyone from 3M knew the 2012 Case to be baseless in March 2012, at the time it was filed. For example, even if Moldex provided evidence—which it has not—that 3M had executed the covenants for the '693 and '157 patents because it later concluded— which 3M did not—that its infringement claim lacked "probable cause," that would not establish that the claim was originally instituted in bad faith.[4]

---

[4] Moldex cites an excerpt of its Answer from the 2012 Case to show that 3M was informed of the facts that allegedly rendered its Complaint baseless. (Moldex Br. 12-13.) But of course, this does not establish that 3M was actually aware of any such facts when it originally filed its lawsuit.

Apart from the simple dismissal of the 2012 Case, the only other purported evidence of subjective knowledge that Moldex points to is two emails in which Moldex cherry-picks snippets to concoct what Moldex calls "3M's nefarious intent" to "keep Moldex out of the market."[5]  (Moldex Br. 15; Moerke Decl. Exs. 4 and 5.)  The Court can read the emails—they neither say nor imply anything to suggest, let alone by clear and convincing evidence, that 3M had "knowledge of facts or intentionally disregard[ed] facts" that the 2012 Case was objectively baseless and then "deliberately" acted in "intentional disregard" of or "indifference to" those facts.  Minn. Stat. § 549.20, subd. 1(b).



---

[5] There is nothing wrong with enforcing exclusivity over a patented technology—indeed, the Supreme Court has explained that "the essence of a patent grant is the right to exclude others from profiting by the patented invention."  *Dawson Chem. Co. v. Rohm & Haas Co.*, 448 U.S. 176, 215 (1980).

███████████████████████████████████████

█████████

Moldex is obligated to "present evidence and not mere argument"—it cannot rely on "nebulous shadows" but instead must make the "requisite showing undergirded by clear and convincing evidence." *Berczyk*, 291 F. Supp. 2d at 1013 (refusing to "read the practical equivalent of 'tea leaves' in order to surmise a state of deliberate indifference"); *see also Gamma-10 Plastics, Inc. v. Am. President Lines, Ltd.*, 32 F.3d 1244, 1254-55 (8th Cir. 1994) (affirming denial of amendment to plead punitive damages where the evidence of deliberate disregard was not "clear and convincing" because it still permitted an inference that the defendant "could have committed all of the alleged acts with mere indifference to plaintiff's rights"); *In re Levaquin Prods. Liab. Litig.*, 2010 WL 7852346, at *11 (D. Minn. Nov. 9, 2010) (noting that "prima facie evidence of punitive damages cannot be based on conjecture and conclusion"); *Best Buy Stores, L.P. v. Developers Diversified Realty Corp.*, 2008 WL 227689, at *2 (D. Minn. Jan. 25, 2008) (finding that the "circumstantial evidence" offered by plaintiff "does not give rise to a prima facie showing of clear and convincing evidence that defendants acted with deliberate disregard").

To investigate 3M's subjective intent in filing the 2012 Case, Moldex has had over four months to depose witnesses with relevant knowledge. Moldex's failure to do so has left it without sufficient evidence for its present motion. But "the circumstance confronting [Moldex] is largely due to [its] own pretrial strategies," and provides no excuse from the requirements for asserting punitive damages under Minnesota law.

13

*Berczyk*, 291 F. Supp. 2d at 1013 (noting that "at the time that their Motion papers were filed, [plaintiff] had 'not yet taken the first [defendants'] employee deposition'").

### C.   Moldex Does Not Provide Evidence of Subjective Knowledge or Intent for the '157 Patent Because Moldex's Theory Is Based on an Alleged Unknown Prior Invention.

Moldex's motion to amend fails in its entirety for all the reasons above.  There is, however, another reason to deny the motion with respect to any amendment for punitive damages for malicious prosecution of the '157 patent: Moldex's theory is based on evidence that 3M undisputedly did not have access to at the time the 2012 Case was filed. Moldex alleges that 3M's claim for infringement of the '157 patent was baseless because the patented invention "had been conceived by Moldex before the foreign priority date of the '157 patent so the patent was invalid."  (Moldex Br. 12-13.)  In other words, Moldex asserts that it invented the subject matter of the '157 patent before 3M.  But **at the time the 2012 Case was filed**, 3M undisputedly did not have access to Moldex's internal, confidential research and development records.  Thus, 3M could not have had "knowledge of" those facts or "intentionally disregard[ed]" those facts.  And Moldex plainly presented no evidence whatsoever that 3M had any such knowledge.[6]

For this additional reason, any amendment for punitive damages with respect to malicious prosecution for the '157 patent should be denied.

---

[6] Moldex also states in its brief that "Moldex's earmuff product had been on the market for more than ten years before 3M's lawsuit was brought."  (Moldex Br. 13.)  But Moldex only cites its pleading for this allegation—not evidence—and clearly did not submit evidence of 3M's knowledge of that alleged fact.

**III.    The Court Has Not Previously Decided Moldex's Entitlement to Allege Punitive Damages, or Whether There Is Clear and Convincing Evidence that 3M Acted With Deliberate Disregard as Defined by Section 549.20.**

Finally, Moldex argues that it can short-circuit the statutory punitive damage gatekeeping requirements because, in connection with 3M's earlier motion to dismiss, the Court found "that Moldex Metric has satisfied its burden to show by clear and convincing evidence that 3M is not immune" under the anti-SLAPP statute and that Moldex had "sufficiently alleged that" the 2012 Case was "subjectively baseless."  (Moldex Br. 13-14.)  But Moldex cannot simply side-step the statutory requirements for alleging punitive damages, for at least three reasons.

First, in the Court's February 9, 2015 Order, the Court simply did not address whether Moldex had satisfied the specifically-defined requirements under Sections 549.191 and 549.20.  (*See* Dkt. 62 at 22-23.)  As explained above, Minnesota law permits a claim for punitive damages only if the plaintiff shows that the defendant acted with "deliberate disregard for the rights or safety of others."  Minn. Stat. § 549.20.  And the Minnesota legislature has specifically defined the term "deliberate disregard" in the context of this statute:

> (b) A defendant has acted with deliberate disregard for the rights or safety of others if the Defendant has knowledge of facts or intentionally disregards facts that create a high probability of injury to the rights or safety of others and:
>
> (1) deliberately proceeds to act in conscious or intentional disregard of the high degree of probability of injury to the rights or safety of others; or
>
> (2) deliberately proceeds to act with indifference to the high probability of injury to the rights or safety of others.

Minn. Stat. §§ 549.20, subd. 1(b), 549.191.

15

Indeed, in 1990, the statute was amended to "further limit[] punitive damages" by providing the precise definition of "deliberate disregard" that appears in the statute today. *See Jensen v. Walsh*, 623 N.W.2d 247, 250 (Minn. 2001); *see also Bougie v. Sibley Manor, Inc.*, 504 N.W. 2d 493, 500 n. 4 (Minn. App. 1993) (describing the "heightened standard" of deliberate disregard enacted in the 1990 amendment). In connection with 3M's earlier motion to dismiss, however, Sections 549.191 and 549.20 and their statutory requirements were simply not briefed by the parties and accordingly, were not considered by this Court. In other words, the Court's previous Order neither addresses nor finds that Moldex presented clear and convincing, admissible evidence of each specific element of deliberate disregard, as defined by Section 549.20. Moldex cannot read into the Court's previous Order a finding on an issue that simply was not raised or addressed.

Second, regardless of the Court's previous findings, Minnesota law still provides strict procedural and evidentiary requirements that must be complied with in order to amend the pleadings to claim punitive damages. *See* Minn. Stat. §§ 549.191-.20; *Olson*, 29 F. Supp. 2d at 1034; *see also Murrin*, 2008 WL 540857, at *30-*31 (holding that the moving party "must" submit an affidavit "setting forth the factual grounds" for a punitive damages claim, and that a failure to do so is "fatal to a Motion to Amend"). As explained in detail above, Moldex plainly failed to comply with these requirements. Moldex cannot rely on the Court's earlier ruling on a motion to dismiss to evade Minnesota's statutory requirements for pleading punitive damages, which requires the Court to conduct an "independent search for clear and convincing, prima facie evidence that the defendant acted with a deliberate disregard." *Berczyk*, 291 F. Supp. 2d at 1008-09.

16

Third, it is irrelevant whether Moldex "sufficiently alleged that 3M's prior patent lawsuit was subjectively baseless." (Moldex Br. 14.) As explained above, Sections 549.191 and 549.20 require the submission of affidavits and actual, admissible **evidence**, and "mere allegations in a complaint are not evidence." *Leiendecker*, 848 N.W.2d at 230. Moldex's allegations—and the Court's previous findings regarding the sufficiency of those allegations—have no bearing on whether Moldex satisfies the statutory requirements for amending the pleadings to claim punitive damages under the requirements of Sections 549.191 and 549.20.

Accordingly, Moldex cannot short-circuit the punitive damage gatekeeping requirements and its motion fails.

## CONCLUSION

For the foregoing reasons, Moldex's Motion for Leave to Amend to Add a Claim for Punitive Damages should be denied.

Dated:  July 10, 2015                FAEGRE BAKER DANIELS LLP


                                   *s/ Eileen M. Hunter*
                                   David J.F. Gross (#208772)
                                   Eileen M. Hunter (#0336336)
                                   2200 Wells Fargo Center
                                   90 South Seventh Street
                                   Minneapolis, Minnesota 55402-3901
                                   Telephone:  (612) 766-7000
                                   Fax:  (612) 766-1600
                                   david.gross@FaegreBD.com
                                   eileen.hunter@FaegreBD.com

                                   CLEARY GOTTLIEB STEEN & HAMILTON LLP
                                   Lawrence B. Friedman (*pro hac vice*)
                                   Leah Brannon (*pro hac vice*)
                                   One Liberty Plaza
                                   New York, New York 10006
                                   Phone: (212) 225-2000
                                   Fax: (212) 225-3999

                                   **Attorneys for Defendants**