UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Moldex Metric, Inc.,                                     Civil No. 14-1821 (JNE/FLN)

                Plaintiff,

v.                                                       **ORDER**

3M Company et al.,

                Defendants.

---

Kevin Conneely and Katherine Moerke for Plaintiff.
Eileen Hunter and Chad Drown for Defendants.

---

**THIS MATTER** came before the undersigned United States Magistrate Judge on August 10, 2015 on Plaintiff Moldex-Metric, Inc.'s ("Moldex") motion to amend its Complaint to add a claim for punitive damages (ECF No. 89). For the reasons set forth below, the motion is **DENIED**.

For many years, Defendants 3M Company and 3M Innovative Properties Company (collectively, "3M") have manufactured and sold a non-linear earplug called "Combat Arms" to the U.S. Military. *See* Compl. ¶ 14, ECF No. 1. In 2011, Moldex introduced a non-linear dual-mode earplug called "BattlePlug," which provided the first real competition to Combat Arms in the market for non-linear earplugs approved for purchase by the U.S. Military. *Id*. ¶ 15. Shortly after Moldex began selling BattlePlug earplugs to the U.S. Military, 3M sued Moldex for allegedly infringing two of 3M's patents. *Id*. ¶¶ 15–16. Specifically, 3M claimed that Moldex's BattlePlug earplug infringed 3M's U.S. Patent No. 6,070,693 ("the '693 Patent"), while Moldex's earmuff products infringed 3M's U.S. Patent No. 7,036,157 ("the '157 Patent"). *Id*. ¶¶ 16, 22. One week before a summary judgment hearing on the '693 Patent, 3M sent Moldex a covenant not to sue, and then filed a motion to dismiss the '693 Patent claim. *Id*. ¶ 24. Similarly, 3M sent Moldex a covenant not to sue regarding the '157 Patent and likewise requested the Court to dismiss the '157 Patent claim. *Id*. ¶ 26. Both of

3M's patent claims against Moldex were ultimately dismissed with prejudice. *Id*. ¶¶ 24, 26.

According to Moldex, 3M either knew or should have known that its infringement claims were baseless, and pursued this "sham litigation" in bad faith, causing Moldex damages in excess of $1 million. *Id*. ¶ 28. Consequently, Moldex filed this present action against 3M on June 5, 2014, alleging: (1) monopolization and attempted monopolization; (2) malicious prosecution; and (3) unfair competition under the California Business and Professions Code § 17200. *Id*. ¶¶ 30–41.

Moldex now seeks leave to amend its Complaint to add a claim for punitive damages based upon Moldex's malicious prosecution claim. ECF No. 89. Moldex argues that it is entitled to plead punitive damages because it has (1) made the necessary prima facie showing under Minn. Stat. §§ 549.191 and 549.20, and (2) this Court has effectively already decided that Moldex is entitled to plead punitive damages. *See generally* Pl.'s Mem. in Supp. 11–16, ECF No. 91. Conversely, 3M contends that Moldex has (1) failed to comply with the requirements of Minn. Stat. §§ 549.191 and 549.20, and (2) this Court has not previously decided Moldex's entitlement to plead punitive damages. *See generally* Defs.' Mem. in Opp. 4–17, ECF No. 100. The Court agrees with 3M.

**A.     Moldex has failed to present prima facie, clear and convincing evidence in support of its motion as required by Minn. Stat. §§ 549.191 and 549.20**

Under Minnesota law, a plaintiff must comply with the requisites of Minn. Stat. §§ 549.191 and 549.20 in order to add a claim for punitive damages. *See* Minn. Stat. § 549.191; *see also Olson v. Snap Prods., Inc*., 29 F. Supp. 2d 1027, 1034 (D. Minn. 1998) ("In the Federal Courts of this District, the pleading of punitive damage claims, under causes of actions premised upon the law of the State of Minnesota, must generally conform to the requirements of Minnesota Statutes Sections 549.191 and 549.20.").

Section 549.191 provides:

Upon commencement of a civil action, the complaint must not seek punitive

2

> damages. After filing the suit a party may make a motion to amend the pleadings to claim punitive damages. The motion must allege the applicable legal basis under section 549.20 or other law for awarding punitive damages in the action and *must* be accompanied by *one or more affidavits* showing the factual basis for the claim. At the hearing on the motion, if the court finds *prima facie* evidence in support of the motion, the court shall grant the moving party permission to amend the pleadings to claim punitive damages.

Minn. Stat. § 549.191 (emphasis added). In other words, Section 549.191 requires a party to submit one or more affidavits showing prima facie evidence of entitlement to claim punitive damages under Minnesota law. Minnesota law permits a claim for punitive damages only if a plaintiff shows, with clear and convincing evidence, that a defendant acted with "deliberate disregard for the rights or safety of others." Minn. Stat. § 549.20. "Deliberate disregard" is defined by the statute as follows:

> (b) A defendant has acted with deliberate disregard for the rights or safety of others if the defendant has knowledge of facts or intentionally disregards facts that create a high probability of injury to the rights or safety of others and:
>
> > (1)   deliberately proceeds to act in conscious or intentional disregard of the high degree of probability of injury to the rights or safety of others; or
> >
> > (2)   deliberately proceeds to act with indifference to the high probability of injury to the rights or safety of others.

Minn. Stat. § 549.20, subdiv. 1(b). Additionally, "prima facie evidence is evidence which, if unrebutted, would support a judgment in the party's favor." *Am. Bank of St. Paul v. Carolina First Bank*, Civ. No. 09–2240, 2010 WL 3168644, at *1 (D. Minn. March 2, 2010) (citing *McKenzie v. NSP Co.*, 440 N.W.2d 182, 184 (Minn. Ct. App. 1989)). This evidence must be "both competent and probative, that is, the evidence must be admissible." *Berczyk v. Emerson Tool Co.*, 291 F. Supp. 2d 1004, 1010 (D. Minn. 2003) (citing *State ex rel. Sime v. Pennebaker*, 9 N.W.2d 257, 258–59 (Minn. 1943)).

Here, 3M argues that Moldex has failed to support it motion with the statutorily required

3

affidavit setting forth the factual basis for the claim and therefore the motion must be denied. *See* ECF No. 100 at 4–7. Indeed, this Court has previously held that Section 549.191 imposes a "mandatory obligation, on a party moving to plead punitive damages, to accompany its Motion with one or more Affidavits." *Berczyk*, 291 F. Supp. 2d at 1010. The Court, however, notes that Section 549.191 does not specify the precise form of the supporting affidavit. Although Moldex did not submit an affidavit in support of its motion, Moldex did submit a declaration from one of its outside counsel. *See* Moerke Decl., ECF No. 92. Assuming without deciding that Moldex's attached declaration qualifies as the statutory affidavit, the Court nevertheless concludes that Moldex has failed to present prima facie evidence that 3M acted with deliberate disregard to Moldex's rights.

In reaching this conclusion, the Court first notes that Moldex's motion relies primarily upon allegations from its Complaint to make the necessary showing that 3M prosecuted its prior patent lawsuit with deliberate disregard to Moldex's rights. *See generally* ECF No. 91. Indeed, in many instances, Moldex cites directly to the Complaint itself without further evidentiary support. *See, e.g.*, ECF No. 91 at 12–13. It is well-established, however, that mere allegations in a complaint are not admissible evidence and are therefore insufficient to meet its burden under Section 549.191. *See Berczyk*, 291 F. Supp. 2d at 1010; *see also Leiendecker v. Asian Women United of Minn.*, 848 N.W.2d 224, 230 (Minn. 2014) ("Indeed, courts have long held that mere allegations in a complaint are not evidence." (citing *Nisenbaum v. Milwaukee Cnty.*, 333 F.3d 804, 810 (7th Cir. 2003))).

In fact, the only evidence submitted by Moldex in support of its motion is two internal emails from 3M. *See* Moerke Decl., Exs. 4 and 5. However, these two emails attached to Moldex's declaration hardly present a prima facie case that 3M acted with deliberate disregard to Moldex's rights. For instance, the first email simply discusses the possibility of sharing public information regarding the patent infringement lawsuit with the U.S. Military (Ex. 4), while the second email

4

discusses whether 3M should/could enforce certain patent rights against Moldex (Ex. 5). Neither email indicates that 3M knew its patent suit was baseless at the time it was filed, nor do they show that a decision was made to proceed despite such knowledge in deliberate disregard of Moldex's rights. In any event, it certainly cannot be said that, if left unrebutted, this evidence would support a judgment in Moldex's favor. *See Am. Bank of St. Paul*, 2010 WL 3168644, at *1 ("Prima facie evidence is evidence which, if unrebutted, would support a judgment in the party's favor.").

Because Moldex has failed to present prima facie evidence for its punitive damages claim in the manner required by Minn. Stat. §§ 549.191 and 549.20, leave to amend must be denied.

**B.   This Court has not previously decided that Moldex is entitled to plead punitive damages**

Moldex additionally argues that this Court, in its February 9, 2015 Order denying 3M's motion to dismiss, already found that Moldex presented clear and convincing evidence in support of its malicious prosecution claim and sufficiently alleged that the prior patent lawsuit was subjectively baseless. ECF No. 91 at 13–14; *see also* Order 16, 21–22, ECF No. 62. Because Moldex has already presented sufficient evidence in support of its malicious prosecution claim, Moldex argues that it has necessarily presented sufficient evidence to plead punitive damages. ECF No. 91 at 14. Moldex, however, misunderstands its burden under Sections 549.191 and 549.20.

First, the Court did not address whether Moldex had satisfied the requirements of Sections 549.191 and 549.20 in its previous Order. *See* ECF No. 62 at 19–22. Judge Erickson merely held that Moldex had satisfied its burden to show by clear and convincing evidence that 3M's litigation conduct is not immune from liability under Minnesota's anti-SLAPP statutes, Minn. Stat. ch. 554 (2014). ECF No. 62 at 22. Simply put, Moldex's entitlement to plead punitive damages was not briefed, argued, or considered by the Court in connection to 3M's motion to dismiss.

Second, when considering a motion to plead punitive damages, the Court is required to make

5

an "independent search" for clear and convincing, prima facie evidence that the defendant acted with a deliberate disregard for the rights or safety of others. *See Berczyk*, 291 F. Supp. 2d at 1008–09; *see also Ulrich v. City of Crosby*, 848 F. Supp. 861, 868–69 (D. Minn. 1994) ("The Court must independently ascertain whether there exists prima facie evidence that the defendant acted with a deliberate disregard of the rights or safety of others."). In conducting this "independent search," the Court must act as more than a "rubber stamp." *Ulrich*, 848 F. Supp. at 868. In effect, Moldex seeks to circumvent the gatekeeping requirements of Sections 549.191 and 549.20 by relying on this Court's earlier ruling. Such an action runs contrary to the strict procedural and evidentiary requirements necessary to claim punitive damages.

Accordingly, Moldex's contention that this Court has already decided it is entitled to plead punitive damages is without merit. Furthermore, Moldex cannot rely on a previous decision of this Court to satisfy Minnesota's statutory requirements for pleading punitive damages.

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's motion to amend its Complaint to claim punitive damages (ECF No. 89) is **DENIED**.

DATED: September 4, 2015                                                     *s/Franklin L. Noel*
                                                                                               FRANKLIN L. NOEL
                                                                                               United States Magistrate Judge