UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MOLDEX-METRIC, INC.,<br><br>Plaintiff,<br><br>v.<br><br>3M COMPANY and 3M INNOVATIVE PROPERTIES COMPANY,<br><br>Defendants. | Civil No. 14-cv-01821 (JNE/LFN)<br><br>**MOLDEX'S OBJECTIONS TO SEPTEMBER 4, 2015, ORDER DENYING MOTION TO AMEND TO CLAIM PUNITIVE DAMAGES** |

Pursuant to Local Rule 72.2(a), Moldex objects to the Court's September 4, 2015 Order (Doc. No. 105) denying Moldex's motion to amend its complaint to add a claim for punitive damages based on Moldex's malicious prosecution claim. The September 4 Order is clearly erroneous and contrary to law because, having presented clear and convincing evidence to support its malicious prosecution claim so as to defeat 3M's prior motion to dismiss under Minnesota's anti-SLAPP statute, Moldex presented prima facie evidence sufficient to plead punitive damages as required by Minnesota Statutes Sections 549.191 and 549.20.

## BACKGROUND

In this action, Moldex accuses 3M of violating the antitrust laws, of committing unfair competition, and of malicious prosecution, based in large part on 3M's pursuit in this Court of a prior patent infringement lawsuit that was dismissed with prejudice in Moldex's favor. When Moldex brought the present action, based in part on that prior lawsuit, 3M responded by seeking dismissal of the malicious prosecution claim, at the

pleading stage, based on Minnesota's anti-SLAPP statute (Minn. Stat. § 554.03). Doc. Nos. 22, 24. In 3M's motion to dismiss, 3M argued that, under the anti-SLAPP statute, Moldex needed to establish the elements of its malicious prosecution claim with "clear and convincing" evidence, showing that 3M was not immune from that claim by virtue of that statute. Doc. No. 24 at 2. In effect, 3M argued, Moldex's claim should be thrown out at the pleading stage "*unless the conduct* [i.e., prosecuting the prior 3M patent case] or speech *constitutes a tort* or a violation of a person's constitutional rights." Minn. Stat. § 554.03 (setting forth the exceptions to otherwise immune conduct) (emphasis added). Moldex responded to 3M's anti-SLAPP argument—before any discovery had been permitted in this case—by submitting an evidentiary record that included a declaration with more than 20 exhibits from the prior patent case, such as summary judgment briefing and evidence, comprising about 650 pages. Doc. No. 37.

Based on the record Moldex presented, the Court denied 3M's anti-SLAPP challenge on February 9, 2015, finding that Moldex had met its factual burden to submit "clear and convincing" evidence establishing that Moldex's state law claim for malicious prosecution was meritorious and that 3M's conduct constituted a tort—i.e., malicious prosecution—and therefore was not barred by the anti-SLAPP statute.[1] Doc. No. 62 at 20-22. In ruling that the malicious prosecution claim was not barred, the February 9 Order cited to and relied upon the extensive evidentiary record in this case setting forth

---

[1] The Court may recall that 3M's anti-SLAPP challenge on the merits could only be directed to Moldex's malicious prosecution count; this controversial statute does not apply to Moldex's antitrust (federal law) or unfair competition (injunction only) claims. *See* Doc. No. 36 at 34.

2

3M's conduct in the prior patent case. *Id*. at 21-22. "The Court finds that Moldex has satisfied its burden to show by clear and convincing evidence that 3M is not immune." *Id*. at 22 (footnote omitted).

The scheduling conference in this case was held on March 31, 2015. Doc. No. 68. At that conference, the Court discussed case deadlines with the parties. As for a deadline for any motions to amend the pleadings, Moldex sought a later date for such motions (closer to the end of fact discovery), but the Court set a July 1, 2015 deadline. *See* Doc. No. 66 at 6, ¶ (f)(2); Doc. No. 70 at 1 ¶ 1.a.

Between April 1 and July 1, 2015, notwithstanding Moldex's efforts, 3M produced no documents responsive to Moldex's discovery requests, which had been promptly served, instead forcing Moldex to move to compel. Doc. No. 75. Moldex's motion was granted in part on July 8, 2015, and 3M was ordered to produce discovery. Doc. No. 98. Nor did 3M make any witnesses available for deposition before July 1.

With the July 1 motion-to-amend deadline looming, Moldex met and conferred with 3M in late June and asked for a stipulation to amend the complaint to add punitive damages; 3M refused. Doc. No. 93. Moldex then sought the first available hearing date for its motion to amend, which was August 10, 2015. Accordingly, Moldex had to file its motion papers by the July 1 deadline without the benefit of any discovery from 3M beyond that produced in the prior 3M patent suit. As Moldex's counsel noted at the hearing on Moldex's motion to amend, Moldex could not take the 3M witness depositions before 3M produced their custodial files. Doc. No. 105 at 7.

3

At the hearing on Moldex's motion to amend, the Court posed no questions to Moldex's counsel about the relative sufficiency of Moldex's factual showing. *See* Doc. No. 105 at 2-9. It was clear that in referencing the Court's February 9 Order, Moldex was also referring the Court to the record underlying it, including specifically the hundreds of pages that make up the declaration and exhibits at Doc. No. 37. *See id*. at 4-5.

The September 4, 2015 Order, to which Moldex objects, denied Moldex's motion to amend and plead punitive damages on two principal grounds. First, the September 4 Order said that the only evidence Moldex presented in support of its motion were two 3M e-mails produced by 3M in 3M's prior patent lawsuit:

> [T]he only evidence submitted by Moldex in support of its motion is two internal emails from 3M. *See* Moerke Decl., Exs. 4 and 5. However, these two emails attached to Moldex's declaration hardly present a prima facie case that 3M acted with deliberate disregard to Moldex's rights.

Doc. No. 105 at 4. Second, the September 4 Order declined to accept Moldex's argument that the Court's February 9 holding that Moldex had established by "clear and convincing" evidence that 3M's conduct constituted malicious prosecution necessarily means that the gatekeeping function of Minn. Stat, Sec. 549. 191 must also be satisfied:

> In effect, Moldex seeks to circumvent the gatekeeping requirements of Sections 549.191 and 549.20 by relying on this Court's earlier ruling. Such an action runs contrary to the strict procedural and evidentiary requirements necessary to claim punitive damages.
>
> Accordingly, Moldex's contention that this Court has already decided it is entitled to plead punitive damages is without merit. Furthermore, Moldex cannot rely on a previous decision of this Court to satisfy Minnesota's statutory requirements for pleading punitive damages.

Doc. No. 105 at 6.

4

# ARGUMENT

The Court should set aside the September 4 Order and permit Moldex to amend its complaint to plead a claim for punitive damages. A district court "must consider timely objections and modify or set aside any part of [a non-dispositive] order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); D. Minn. L. Rule 72.2(a)(3) (same). Moldex understands that an order on a non-dispositive motion is entitled to an "extremely deferential" standard of review. *United States v. Afremov*, No. 06-196 (JRT/SRN), 2007 WL 3237624, at *1 (D. Minn. Oct. 30, 2007) (quoting *Reko v. Creative Promotions, Inc.*, 70 F.Supp.2d 1005, 1007 (D. Minn. 1999)). An order is clearly erroneous, however, if "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Shukh v. Seagate Tech., LLC*, No. 10–404 (JRT/JJK), 2013 WL 5467215, at *6 (D. Minn. Sept. 30, 2013).

The September 4 Order committed such a mistake: it ignored, or improperly rejected, Moldex's proffer of clear and convincing evidence that 3M acted with "deliberate disregard for the rights or safety of others." Minn. Stat § 549.20, subd. 1(a) (standard for punitive damages). There are two ways that the September 4 Order erred in rejecting Moldex's showing.

## I. The September 4 Order Erroneously Limited the "Independent Search" of the Record to Two E-mails.

In denying Moldex's motion to amend, the September 4 Order stated that "the only evidence submitted by Moldex in support of its motion is two internal emails from 3M." Doc. No. 105 at 4. This was clearly erroneous. The evidence supporting Moldex's

5

motion to amend to plead punitive damages is the largely public information already available on the court docket—3M's prior patent lawsuit against Moldex; the baselessness of 3M's prior lawsuit with respect to both the earplug and the earmuff patents; the timing of 3M's prior lawsuit with respect to the introduction of Moldex's competing earplug to the United States military; and the timing of 3M's uninvited covenants not to sue on the eve of predestined failure at summary judgment on both patents that 3M asserted.

Moreover, this evidence *was* submitted to the Court in the present lawsuit. *See* Doc. No. 89 (Moldex's Motion to Amend Its Complaint to Claim Punitive Damages, stating that the motion "is supported by the Moldex's Memorandum of Law in Support, the exhibits attached to the accompanying declaration of counsel, and the files, records, and proceedings in this action"); Doc. No. 37 (Conneely Decl. in Opp. to Motion to Dismiss).[2] And this evidence (specifically discussed at the August 10 hearing but dismissed in the September 4 Order) supports the conclusion that 3M's prior patent lawsuit was objectively baseless, that 3M brought the lawsuit to inhibit competition, and that 3M did so with deliberate disregard for the rights of Moldex. Indeed, this same evidence was cited by the Court as clear and convincing evidence of Moldex's malicious prosecution claim in the Court's February 9 Order denying 3M's prior motion to dismiss. Doc. No. 62 at 20-22.

---

[2] At the August 10, 2015, hearing on Moldex's motion to amend, Moldex and the Court both referenced this voluminous declaration with exhibits that is Docket Number 37. Doc. No. 107, at 5, 9-10. 3M's counsel, on the other hand, chose not to do so. *See id.* at 9-15.

6

The two internal 3M e-mails referenced in the September 4 Order merely *bolster* the ample evidence of 3M's actions and intent that was already before the Court. In addition, on July 1, 2015, when Moldex's moving papers were due under the Court's Pretrial Scheduling Order, 3M had only just begun producing documents to Moldex.[3]

The facts surrounding 3M's prior patent lawsuit—its objective baselessness, its timing, and the circumstances of its dismissal—and the additional internal 3M documents that bolster these facts are all circumstantial evidence (rather than direct, guilty admissions) of deliberate disregard by 3M. That is not surprising, however, as recognized by decisions addressing leave to plead punitive damages:

> Understandably, the Plaintiffs complain that, realistically, proof of a deliberate disregard will infrequently be revealed in an inculpatory admission by a defendant. *We do not dispute that proposition, and we recognize, as we did at the Hearing on their Motion, that circumstantial showings can serve, as readily as direct admissions, as the predicate for punitive damages.*

*Berczyk v. Emerson Tool Co.*, 291 F. Supp. 2d 1004, 1013 (D. Minn. 2003) (denying a motion to plead punitive damages because the support for the motion, unlike here, did not consist of "the existence of facts" and instead was "simply arguments of fact and law—not evidence").

The two additional internal 3M e-mails added to Moldex's July 1, 2015, moving papers were never intended, by themselves, to "present a prima facie case that 3M acted with deliberate disregard to Moldex's rights" or to conclusively prove "that 3M knew its

---

[3] At the August 10, 2015, hearing on Moldex's motion to amend, Moldex offered to submit additional documents that had been produced by 3M after the deadline for Moldex's moving papers but the Court did not take Moldex up on this offer. Transcript, Doc. No. 107, at 16.

7

patent suit was baseless at the time it was filed, nor . . . that a decision was made to proceed despite such knowledge in deliberate disregard of Moldex's rights" (*see* Doc. No. 105 at 4-5). Because these e-mails were not already part of the evidentiary record, they were submitted in conjunction with Moldex's motion. Scrutinizing them alone in isolation from the remainder of the substantial evidentiary record does not justify denying Moldex the opportunity to move to amend.[4]

In addition, although these e-mails are not direct admissions of improper intent, they, along with the evidence of 3M's prior patent lawsuit already submitted to the Court and the additional evidence produced since Moldex's moving papers were due, are circumstantial evidence for the conclusion that 3M's lawsuit was brought to inhibit competition rather than to properly enforce intellectual property rights and seek to succeed on the merits. *Cf. Swanlund v. Shimano Indus., Corp.*, Ltd., 459 N.W.2d 151, 154 (Minn. App. 1990) (quoting *McKenzie v. Northern States Power Co.*, 440 N.W.2d

---

[4] Moldex also objects to the way that the September 4 Order seems to put an ameliporatory spin on these internal documents, drawing innocent inferences in 3M's favor. *See* Doc. No. 105 at 4 ("[T]he first email simply discusses the possibility of sharing public information regarding the patent infringement lawsuit with the U.S. Military (Ex. 4). . . ."). 3M brought its failed patent enforcement lawsuit specifically in response to Moldex's entry into the military market. Thus, a reasonable inference in Moldex's favor would have been that telling the Military about the pendency of the suit furthered 3M's anti-competitive and malicious intent. The prima facie evidence standard applied in Minn. Stat. 549.191 motions draws inferences for the movant: "the facts are recounted from a fair reading of the Plaintiff's version of the evidence." *In re Levaquin Prods. Liability Litig.*, MDL No. 08-1943, Civil No. 08-5743, 2010 WL 7852346, at *1 (D. Minn. Nov. 9, 2010) (internal quotation omitted) (granting motion to amend to add a demand for punitive damages); *Olson v. Snap Prods., Inc.*, 29 F. Supp. 2d 1027, 1029 (D. Minn. 1998) (same).

8

183, 184 (Minn. App. 1989) ("The trial court may not allow an amendment where the motion and supporting affidavits 'do not reasonably allow a conclusion that clear and convincing evidence will establish the defendant acted with willful indifference . . . .'").

## II.     The September 4 Order Is Contrary to Minnesota Law.

In Minnesota, at common law, punitive damages were permitted on a showing of malice. Long before the prima facie evidentiary requirement for pleading punitive damages was codified in Minnesota Statutes Section 541.191, Minnesota courts allowed punitive damages in cases involving "malice" or "malicious intent."[5] In the Minnesota Supreme Court's very first case involving punitive damages, a creditor obtained a writ of attachment even though it knew that the debtor's property was exempt. *See Lynd v. Picket*, 7 Minn. 184, 200-01 (1862). The Minnesota Supreme Court ascribed a "malicious motive" to the act of execution of the writ, because the creditor knew of its impropriety and took the step anyway for the purposes of oppressing the debtor. *Id.* at 190-191.

As a matter of logic, if the evidence Moldex presented in response to 3M's anti-SLAPP challenge at the pleading stage was sufficient to constitute clear and convincing evidence of the "malicious intent" element—as required to plead the tort of malicious

---

[5] *See, e.g.*, *Stuempges v. Parke, Davis & Co.*, 297 N.W.2d 252, 260 (Minn. 1980) (punitive damages are properly awarded in a defamation action requiring "actual malice"); *Wilson v. City of Eagan*, 297 N.W.2d 146, 150 (Minn. 1980) (punitive damages are allowed only if the harm complained of is the result of "malicious, willful, or reckless disregard for the rights of others"); *Huebsch v. Larson*, 191 N.W.2d 433, 434-35 (Minn. 1971) (*quoting Vine v. Casmey*, 86 Minn. 74, 76, 90 N.W. 158, 158-59 (1902)) (complaint for punitive damages must allege as ultimate fact that defendant's purpose or intent was to do the alleged wrongful act); *Benson Coop. Creamery Ass'n v. First District Ass'n*, 151 N.W.2d 422, 427-28 (Minn. 1967) (punitive damages are justified if a wrongful act was done with malice).

9

prosecution—then that same evidence is *a fortiori* sufficient to constitute clear and convincing evidence of "deliberate disregard"—as required to add to the pleadings a claim for punitive damages. Moldex never sought to end run around the gatekeeping function intended by applying Minnesota Statutes Section 549.191 in federal court. But the September 8 Order did not recognize the direct correlation between the Court's February 9 prior finding based on the factual record (i.e., that Moldex presented "clear and convincing" evidence for the elements of malicious prosecution) and the current requirement (i.e., "clear and convincing evidence" of deliberate disregard for Moldex's rights based on the same cause of action and the same predicate conduct). The September 4 Order defied this logic, and did so without taking a look at the nature and quantity of evidence that led the Court to previously find "clear and convincing" evidence that Moldex could proceed with its claim of malicious prosecution.

Moldex also appeals the illogical September 4 Order because, if it stands, it will cause uncertainty in this case going forward. In the event that the Court does not sustain Moldex's Objections to the September 4 Order, Moldex will move to amend the Pretrial Scheduling Order and to renew its motion to amend to plead punitive damages based on both the evidence already presented and the additional evidence that will be discovered during the fact discovery period. In this event, Moldex should not be foreclosed from relying on both the "clear and convincing" evidence of record Moldex already had and the additional evidence that is being discovered. Therefore, Moldex also objects to the September 4 Order the extent that the Order could be read to reject any future reliance by Moldex on the evidence in the declaration at Doc. No. 37.

CORE/2070122.0002/109345922.1

In sum, if, as the Court has already found, there is clear and convincing factual evidence of 3M's *malicious intent*, there must also be, as a matter of law, clear and convincing evidence of 3M's deliberate disregard for the rights or safety of others, because deliberate disregard encompasses both intent and indifference. *See* Minn. Stat. § 549.20(b) (defining "deliberate disregard" to be either "conscious or intentional disregard" or "indifference"). An objectively baseless patent lawsuit brought with subjectively malicious intent meets both tests. As Moldex reminded the Court at the August 10 hearing, Moldex was seeking only the right to amend and plead punitive damages, a recognized remedy for intentional torts in Minnesota. Doc. No. 107 at 3. The time to challenge the merits of Moldex's claim and 3M's defenses will come later in the case.

## CONCLUSION

For these reasons, Moldex's Objections should be granted, and the Court should reverse the September 4 Order and instead permit Moldex to amend and plead punitive damages based on its factually supported malicious prosecution claim against 3M.

Dated:  September 18, 2015           By:   s/Katherine A. Moerke
                                           Kevin D. Conneely (#192703)
                                           Katherine A. Moerke (#312277)
                                           STINSON LEONARD STREET LLP
                                           150 South Fifth Street, Suite 2300
                                           Minneapolis, MN  55402
                                           612-335-1500
                                           kevin.conneely@stinson.com
                                           katie.moerke@stinson.com

                                                              AND

11

Harold A. Barza
(California Bar No. 80888) (admitted *pro hac vice*)
halbarza@quinnemanuel.com
Matthew Hosen (California Bar No. 291631)
(admitted *pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 South Figueroa Street
Los Angeles, CA  90017
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3211

**ATTORNEYS FOR PLAINTIFF MOLDEX-METRIC, INC.**