# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| MOLDEX-METRIC, INC.,<br><br>               Plaintiff,<br><br>vs.<br><br>3M COMPANY and 3M INNOVATIVE<br>PROPERTIES COMPANY,<br><br>               Defendants. | Civil No. 14-1821 (JNE/FLN)<br><br><br>**ORDER** |

On February 1, 2016, 3M Company and 3M Innovative Properties Company (collectively "3M") filed a Motion to Disqualify Harold A. Barza as Trial Counsel, Dkt. No. 167 ("Motion"). On February 8, 2016, 3M and Moldex-Metric, Inc. ("Moldex") filed a Stipulation Resolving 3M's Motion (Dkt. No. 176). Based on the parties' Stipulation and the file, record, and proceedings herein, IT IS HEREBY ORDERED that:

1.      Harold A. Barza is prohibited from having a live speaking role as an advocate at trial before the jury.

2.      Harold A. Barza may testify as a witness if Moldex and/or 3M elects to call him, subject to any other objections Moldex or 3M may raise.

3.      Harold A. Barza may take and defend depositions of expert witnesses before trial.

4.      The parties may play video or read from depositions Harold A. Barza has taken or will take in the future, subject to any other objections Moldex or 3M may raise,

including at trial.

      5.      Harold A. Barza may argue motions or address other matters to the Court outside the presence of the jury before, during, and after trial.

      6.      Harold A. Barza may, at Moldex's election, sit at Moldex's counsel table for portions of or the entirety of the trial, even if there is a witness sequestration order (like a client representative could), unless said sequestration order is based on conduct or events involving Mr. Barza that occur after the date of the Stipulation and the Court expressly sequesters Mr. Barza as a result.  3M agrees it will not argue that Mr. Barza's performance of activities expressly permitted by the Stipulation, in compliance with the terms of the Stipulation, is a basis for Mr. Barza's sequestration.

      7.      Harold A. Barza is retaining the option of serving as an advocate for Moldex outside the presence of the jury.  Accordingly, following the date of the Stipulation, unless and until Mr. Barza withdraws as an advocate in this case for Moldex entirely, 3M's outside and in-house counsel in this case may continue to communicate directly with Mr. Barza.  Neither 3M nor Moldex shall make any reference in the presence of the jury to any communications involving Mr. Barza and 3M's counsel in this case that occur after the date of the Stipulation.  For purposes of this provision, "communications involving Mr. Barza and 3M's counsel" do not include court filings, disclosures required by federal or local rule or Court order, discovery materials, or on-record communications at depositions.

      8.      3M's Motion, Dkt. No. 167, shall be treated as withdrawn.

Dated:  February 19, 2016              s/*Franklin L. Noel*
                                       FRANKLIN L. NOEL
                                       UNITED STATES MAGISTRATE JUDGE