UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Moldex Metric, Inc.,

    Plaintiff,

v.                                                             Civil No. 14-1821 (JNE/FLN)
                                                            ORDER

3M Company and 3M Innovative Properties
Company,

    Defendants.

Approximately one year after the dismissal of an action for patent infringement brought against Moldex Metric, Inc., by 3M Company and 3M Innovative Properties Company, Moldex Metric brought this action against 3M Company and 3M Innovative Properties Company (collectively, 3M) for monopolization and attempted monopolization, malicious prosecution, and unfair competition under the California Business and Professions Code.  In February 2015, the Court denied 3M's motion to dismiss.  The next month, a pretrial conference took place.  In early April 2015, a pretrial scheduling order was issued.

The pretrial scheduling order set July 1, 2015, as the deadline for "[a]ll motions which seek to amend the pleadings, [to] add parties, or to seek punitive damages."  On July 1, Moldex Metric moved to amend its complaint to claim punitive damages.  *See* Minn. Stat. §§ 549.191, .20 (2014).  3M opposed the motion.  In early September 2015, the Honorable Franklin L. Noel, United States Magistrate Judge, denied the motion.  The magistrate judge concluded that Moldex Metric "failed to present prima facie evidence for its punitive damages claim in the manner required by Minn. Stat. §§ 549.191 and

1

549.20." The magistrate judge also rejected the contention that the denial of 3M's motion to dismiss meant that Moldex Metric was entitled to plead punitive damages. Moldex Metric objected to the denial of its motion to amend. *See* D. Minn. LR 72.2(a). The Court affirmed the magistrate judge's Order on November 10, 2015.

Six days later, Moldex Metric moved to amend its complaint. Moldex Metric sought leave to amend its allegations regarding a noise reduction rating, to plead punitive damages, and to remove its allegation that the product market for passive industrial earmuffs is relevant to its monopolization claim. 3M opposed the motion. To the extent Moldex Metric sought leave to claim punitive damages, the magistrate judge denied the motion. The magistrate judge otherwise granted the motion. Moldex Metric objected to the denial of its request to claim punitive damages. 3M responded to Moldex Metric's objection.

In denying Moldex Metric's request to claim punitive damages, the magistrate judge concluded that Moldex Metric had "failed to show by clear and convincing evidence that 3M acted with deliberate disregard for the rights and safety of others" and that Moldex Metric "put forward absolutely no evidence of 3M's knowledge that [Moldex Metric's] product was not infringing [3M's patent]." Moldex Metric objected, asserting that it "presented prima facie evidence that 3M filed and prosecuted [the action for patent infringement] in deliberate disregard for [Moldex Metric's] rights." 3M asserted that the Order should be affirmed because Moldex Metric failed to make the requisite showing to plead punitive damages and because Moldex Metric failed to show good cause to amend after the deadline set by the pretrial scheduling order.

2

A district court must issue a scheduling order that limits the time to amend pleadings. Fed. R. Civ. P. 16(b)(1), (3). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s good-cause standard governs when a party seeks leave to amend a pleading outside of the time period established by a scheduling order, not the more liberal standard of Rule 15(a)." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008); *see Harris v. FedEx Nat'l LTL, Inc.*, 760 F.3d 780, 786 (8th Cir. 2014). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012) (quoting *Sherman*, 532 F.3d at 716). Although "the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, [the court] will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." *Sherman*, 532 F.3d at 717.

When Moldex Metric first moved to amend its complaint to claim punitive damages, it supported the motion with a declaration of one its attorneys. The declaration included five attachments: a proposed amended complaint; an e-mail exchange between the parties' attorneys; a few pages of Moldex Metric's answer in the patent infringement action; and two internal 3M e-mails. Moldex Metric's submission in support of its second motion to amend to claim punitive damages was much more extensive. Although documents were produced and depositions took place after July 1, a substantial portion of the evidence on which Moldex Metric relied to support its second motion was available to it months before July 1. Moldex Metric could have presented the essence of its second

motion to amend to claim punitive damages by July 1. Its failure to do so reveals a lack of diligence that is incompatible with a finding of good cause.

The Court concludes that Moldex Metric did not demonstrate good cause under to amend its complaint to claim punitive damages. For this reason, Moldex Metric's second motion to amend is denied insofar as Moldex Metric moved to amend its complaint to claim punitive damages. *See* D. Minn. LR 72.2(a)(3) ("The district judge must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law. The district judge may also reconsider on his or her own any matter decided by the magistrate judge but not objected to.").

IT IS SO ORDERED.

Dated: March 4, 2016

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge