UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MOLDEX-METRIC, INC., <br><br> Plaintiff, <br><br> vs. <br><br> 3M COMPANY and 3M INNOVATIVE PROPERTIES COMPANY, <br><br> Defendants. | Civil No. 14-1821 (JNE/FLN) <br><br> DECLARATION OF MATTHEW HOSEN IN SUPPORT OF MOLDEX'S OPPOSITION TO 3M'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND/OR FOR JUDGMENT ON THE PLEADINGS |

I, MATTHEW HOSEN, hereby declare and state as follows:

1. I am an attorney with the law firm of Quinn Emanuel Urquhart & Sullivan, LLP, admitted *Pro Hac Vice*, representing Plaintiff Moldex-Metric, Inc. ("Moldex") in this action.

2. This Declaration is submitted, under penalty of perjury, in connection with Moldex's Motion for partial summary judgment on elements of its sham litigation and malicious prosecution claims. In accordance with 28 U.S.C. Sec. 1746, I intend this Declaration to have the same binding legal effect as an affidavit signed by me. The materials that are either referenced in or attached to this Declaration relate to Moldex's opposition to 3M's requests for summary judgment on the objective baselessness and probable cause elements of Moldex's sham litigation and malicious prosecution claims.

3. During 3M's prior patent lawsuit against Moldex (12-cv-00611) ("3M's Patent Lawsuit"), Moldex made the following productions to 3M in 2012:

| Date | Number of Documents Produced |
|---|---|
| 9/20/2012 | 8 |
| 11/16/2012 | 5815 |
| 12/18/2012 | 299 |
| 12/30/2012 | 1818 |

4. In March and April of 2013, 3M deposed eight Moldex witnesses:

| Deposition Date(s) | Moldex Witness |
|---|---|
| 3/27/2013 and 4/20/2013 | Daniel Dix |
| 4/19/2013 | James Hornstein |
| 4/11/2013 | Jeffrey Birkner, Ph.D |
| 4/10/2013 | Terry Grimsley |
| 4/8/2013 | Norman Smith |
| 3/26/2013 | Bernard Mishkin |
| 3/25/2013 | Michael Scholey |
| 3/22/2013 | Stephen Young |

5. Attached hereto as Exhibit 1 is a true and correct copy of relevant pages from the transcript of Kenneth Cunefare's February 26, 2016 deposition testimony in this action. (FILED UNDER SEAL)

6. Attached hereto as Exhibit 2 is a true and correct copy of relevant pages from the transcript of Harold A. Barza's December 21, 2015 deposition testimony in this action. (FILED UNDER SEAL)

7. Attached hereto as Exhibit 3 is a true and correct copy of relevant pages from the transcript of James Hornstein's September 25, 2015 deposition testimony in this action. (FILED UNDER SEAL)

8. Attached hereto as Exhibit 4 is a true and correct copy of relevant pages from the transcript of Brian McGinley's April 3, 2013 30(b)6 deposition testimony in 3M's Patent Lawsuit. (FILED UNDER SEAL)

9. Attached hereto as Exhibit 5 is a true and correct copy of relevant pages from the transcript of Mark Magidson's October 6, 2015 deposition testimony in this action. (FILED UNDER SEAL)

10. Attached hereto as Exhibit 6 is a true and correct copy of relevant pages from the transcript of Terry Grimsley's April 10, 2013 deposition testimony in 3M's Patent Lawsuit. (FILED UNDER SEAL)

11. Attached hereto as Exhibit 7 is a true and correct copy of relevant pages from the transcript of Daniel Dix's November 30, 2015 deposition testimony in this action. (FILED UNDER SEAL)

12. Attached hereto as Exhibit 8 is a true and correct copy of relevant pages from the transcript of Norman Smith's December 1, 2015 deposition testimony in this action. (FILED UNDER SEAL)

13. Attached hereto as Exhibit 9 is a true and correct copy of 3M's Memorandum in Support of Plaintiffs' Motion to Dismiss Count II of the Complaint [With Prejudice], Counterclaims II and IV and Fifth Affirmative Defense [Without Prejudice], filed by 3M on March 29, 2013 in 3M's Patent Lawsuit.

14. Attached hereto as Exhibit 10 is a true and correct copy of 3M's Amended Claim Charts comparing Moldex's BattlePlug to claims 1, 3, and 17 of the United States Patent No. 6,070,693, served by 3M on Moldex on August 24, 2012.

15. Attached hereto as Exhibit 11 is a true and correct copy of 3M's Opposition to Moldex's Motion for Summary Judgment of Non-Infringement of U.S. Pat. No. 6,070,693 (ECF No. 46 in 3M's Patent Lawsuit).

16. Attached hereto as Exhibit 12 is a true and correct copy of the Court's Order Dismissing 3M's '693 and '157 claims with prejudice in 3M's Patent Lawsuit. (ECF No. 92 in 3M's Patent Lawsuit).

17. Attached hereto as Exhibit 13 is a true and correct copy of United States Patent No. 5,113,967.

18. Attached hereto as Exhibit 14 is a true and correct copy of United States Patent No. 4,852,683.

19. Attached hereto as Exhibit 15 is a true and correct copy of Moldex's Chart Demonstrating Non-Infringement of U.S. Pat. No. 6,070,693 by the BattlePlug, served by Moldex on 3M on August 31, 2012.

20. Attached hereto as Exhibits 16 through 31 are true and correct copies of Moldex's Invalidity Contentions and Prior Art Statement, served by Moldex on 3M in September 2012.

21. Attached hereto as Exhibit 32 is a true and correct copy of Moldex's Memorandum in Support of Moldex's Motion for Summary Judgment of Non-Infringement of U.S. Pat. No. 6,070,693 (ECF No. 35 in 3M's Patent Lawsuit) (FILED UNDER SEAL).

22. Attached hereto as Exhibit 33 is a true and correct copy of Moldex's Reply in Support of Moldex's Motion for Summary Judgment of Non-Infringement of U.S. Pat. No. 6,070,693 (ECF No. 53 in 3M's Patent Lawsuit) (FILED UNDER SEAL).

23. Attached hereto as Exhibit 34 is a true and correct copy of Moldex's original responses to 3M's First Set of Interrogatories, served by Moldex on 3M on May 11, 2015.

24. Attached hereto as Exhibit 35 is a true and correct copy of a letter sent by Eileen Hunter, counsel for 3M, to Moldex's counsel on January 29, 2016.

25. Attached hereto as Exhibit 36 is a true and correct copy of an email sent by Chad Drown, counsel for 3M, to Moldex's counsel on February 28, 2016.

26. Attached hereto as Exhibit 37 is a true and correct copy of a cover sheet displaying Moldex's M-Series Earmuffs for Moldex's "2001 NSC Sales Meeting" dated September 22, 2001, bates-stamped Moldex00147710. (FILED UNDER SEAL)

27. Attached hereto as Exhibit 38 is a true and correct copy of an internal 3M spreadsheet, bates-stamped 3M00100233. (FILED UNDER SEAL)

28. Attached hereto as Exhibit 223 is a true and correct copy of what has been marked as Deposition Exhibit 223, and is a lab journal maintained by Moldex's Terry Grimsley. (FILED UNDER SEAL).

29. Attached hereto as Exhibit 1045 is a true and correct copy of what has been marked as Deposition Exhibit 1045, and is an email chain between Moldex's Mark Magidson and 3M's Frank Little and Julie Bushman dated March 8-9, 2012. (FILED UNDER SEAL).

30.     Attached hereto as Exhibit 1140 is a true and correct copy of what has been marked as Deposition Exhibit 1140, and is a series of Moldex purchase orders from 1999. (FILED UNDER SEAL).

31.     Attached hereto as Exhibit 1141 is a true and correct copy of what has been marked as Deposition Exhibit 1141. (FILED UNDER SEAL).

32.     Attached hereto as Exhibit 1142 is a true and correct copy of what has been marked as Deposition Exhibit 1142. (FILED UNDER SEAL).

33.     Attached hereto as Exhibit 1143 is a true and correct copy of what has been marked as Deposition Exhibit 1143. (FILED UNDER SEAL).

34.     Attached hereto as Exhibit 5004 is a true and correct copy of what has been marked as Deposition Exhibit 5004, and is an internal 3M spreadsheet dated November 18, 2008. (FILED UNDER SEAL).

35.     Attached hereto as Exhibit 5005 is a true and correct copy of what has been marked as Deposition Exhibit 5005, and is an internal 3M Powerpoint slide deck dated April 22, 2014. (FILED UNDER SEAL).

36.     Attached hereto as Exhibit 5006 is a true and correct copy of what has been marked as Deposition Exhibit 5006, is United States Patent No. 7,036,157.

37.     Attached hereto as Exhibit 5014 is a true and correct copy of what has been marked as Deposition Exhibit 5014, is United States Patent No. 6,070,693.

38.     Attached as Exhibit 5102 is a true and correct copy of what has been marked as Deposition Exhibit 5102, and is 3M's Complaint in 3M's Patent Lawsuit, dated March 8, 2012.

39.     Attached hereto as Exhibit 5107 is a true and correct copy of what has been marked as Deposition Exhibit 5107, and is a publication entitled "Empirical evaluation using impulse noise of the level-dependency of various passive earplug designs," authored by Elliot Berger and Pascal Hamery (one of the named inventors on the asserted patent in this action).

40.     Attached as Exhibit 5118 is a true and correct copy of an email sent by Hal Barza, counsel for Moldex, to 3M's counsel on June 11, 2012. (FILED UNDER SEAL).

41.     Attached hereto as Exhibit 5122 is a true and correct copy of what has been marked as Deposition Exhibit 5122, and is a March 12, 2013 letter from 3M's counsel to Moldex's counsel attaching a covenant not to sue on the '693 patent.

42.     Attached hereto as Exhibit 5124 is a true and correct copy of what has been marked as Deposition Exhibit 5124, and is a May 9, 2013 letter from 3M's counsel to Moldex's counsel attaching a covenant not to sue on the '157 patent.

43.     Attached hereto as Exhibit 5503 is a true and correct copy of what has been marked as Deposition Exhibit 5503, and is an August 20, 2002 internal 3M memorandum. (FILED UNDER SEAL).

44.     Attached hereto as Exhibit 5627 is a true and correct copy of what has been marked as Deposition Exhibit 5627, and is a Combat Arms earplug sales analysis prepared by 3M employees. (FILED UNDER SEAL).

45.     Attached hereto as Exhibit 5645 is a true and correct copy of what has been marked as Deposition Exhibit 5645, and is a Combat Arms earplug sales analysis prepared by 3M employees. (FILED UNDER SEAL).

46. Attached as Exhibit 6100 is a true and correct copy of what has been marked as Deposition Exhibit 6100, and is the file history for U.S. Patent No. 5,936,208.

47. Attached as Exhibit 6103 is a true and correct copy of what has been marked as Deposition Exhibit 6103, and is the file history for U.S. Patent No. 6,070,693.

48. Attached as Exhibit 6104 is a true and correct copy of what has been marked as Deposition Exhibit 6104, and is U.S. Patent No. 4,852,683 which was drawn on by Dr. Cunefare during his deposition.

49. Attached as Exhibit 6105 is a true and correct copy of what has been marked as Deposition Exhibit 6105, and is Dr. Cunefare's expert report dated February 5, 2016. (FILED UNDER SEAL)

50. Attached as Exhibit 6108 is a true and correct copy of what has been marked as Deposition Exhibit 6108, and is French Patent Publication No. 2 676 642 ("FR '642")) for an "Improved Hearing Protection Device."

51. Attached as Exhibit 6112 is a true and correct copy of what has been marked as Deposition Exhibit 6112, and is U.S. Patent No. 6,068,079.

I DECLARE, UNDER PENALTY OF PERJURY, THAT THE FOREGOING STATEMENTS ARE TRUE AND CORRECT.

Executed on: April 22, 2016          s/ Matthew Hosen
                                     Matthew Hosen