UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MOLDEX-METRIC, INC.,
                Plaintiff,

vs.

3M COMPANY and 3M INNOVATIVE PROPERTIES COMPANY,
                Defendants.

Civil No. 14-1821 (JNE/FLN)

**MOLDEX'S REPLY IN SUPPORT OF ITS
MOTION FOR PARTIAL SUMMARY JUDGMENT ON ELEMENTS
OF ITS SHAM LITIGATION AND MALICIOUS PROSECUTION CLAIMS**

3M's opposition rehashes the same arguments in support of a construction of "end" to read the '693 patent on Moldex's BattlePlug that 3M asserted in its own summary judgment motion. At bottom, 3M suggests that it should have infinite leeway to file lawsuits based on frivolous constructions because "parties can disagree" about claim construction. But this is not the law, and the Federal Circuit has found objective baselessness on unreasonable constructions like 3M's. Most telling about 3M's opposition is that 3M does not deny that the constructions it needed to prevail on infringement would invalidate the asserted claims. Thus, even if 3M's constructions were somehow not objectively baseless, 3M's assertion of the '693 patent could not be deemed objectively reasonable because the claims would be invalid. To Moldex's knowledge, no court has ever held that it is objectively reasonable to assert an infringement claim where prevailing on infringement would require invalidating the asserted claims; this Court should not be the first.

1

## I. 3M'S CONSTRUCTION OF "END" IS FRIVOLOUS

3M contends that the Court must ignore the '693 specification's description of the "invention" as a whole as a double-ended earplug because Moldex did not address 3M's manufactured arguments for a "plain" meaning of "end."

The crux of 3M's argument is that "[a] 'patentee is free to choose a broad term'—e.g., 'end'—'and expect to obtain the full scope of its plain and ordinary meaning'" unless the patentee expressly defined the term differently or disavowed scope in the specification or prosecution. Opp. at 10-11 (quoting *Thorner v. Sony Computer Entertainment America*, 669 F.3d 1362, 1367 (Fed. Cir. 2012)). But the Federal Circuit has **expressly rejected** 3M's misreading of *Thorner* as contrary to its *en banc* decision in *Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005). *Trustees of Columbia Univ. in City of New York v. Symantec Corp.*, 811 F.3d 1359, 1363-64 (Fed. Cir. 2016) (rejecting patentee's reading of *Thorner* and holding that "[o]ur case law does not require explicit redefinition or disavowal" (citing *Phillips* and other precedent)). The Federal Circuit has made clear:

> "[T]he specification may define claim terms by implication…meaning may be found in or ascertained by a reading of the patent documents." …[A] patent applicant need not expressly state 'my invention does not include X' to indicate his exclusion of X from the scope of his patent because 'the patentee's choice of preferred embodiments can shed light on the intended scope of the claims.' "[W]hen the scope of the invention is clearly stated in the specification, and is described as the advantage and distinction of the invention, it is not necessary to disavow explicitly a different scope."

2

*Id.* at 1364 (citing and quoting *Phillips* and other precedent) (internal citations omitted). Moldex did not ignore the plain meaning of "end"; it demonstrated that 3M's focus on the claim language to the exclusion of the clear import of the specification was improper under cases like *Honeywell International, Inc. v. ITT Industries, Inc.*, 452 F.3d 1312 (Fed. Cir. 2006).

The prosecution history has nothing of value to offer in construing "end." The speculative inferences 3M's expert Dr. Cunefare attempts to draw from a ***silent*** prosecution history are inadmissible, *see Am. Med. Sys., Inc. v. Laser Peripherals, LLC*, 712 F. Supp. 2d 885, 904 (D. Minn. 2010) (opinions inadmissible because expert "cannot know what the examiner believed"), and entitled to no weight in view of the specification's clear claim scope limitation. Op. at 30-31; *see, e.g.*, *Honeywell*, 452 F.3d at 1319 ("[A] broad and vague statement [during prosecution] cannot contradict the clear statements in the specification describing the invention more narrowly."). 3M's erroneous claim differentiation argument also depends on its prosecution history argument equating "ferrules" with double-ended and fares no better for the same reasons. Claim 1 also is broader than dependent claim 4: Claim 1 covers double-ended earplugs that may or may not have ferrules.

Finally, 3M complains that Moldex did not analyze the "context" of the specification because Moldex did not reprint a sentence in a paragraph referencing ferrules that precedes a paragraph on which Moldex relies. According to 3M, because the earlier paragraph references ferrules, all of the statements in the following paragraph referring to "double-ended" earplugs must refer to a ferruled embodiment and, thus, non-

3

asserted claim 4. This is facially erroneous because, in the very next column, the specification discusses the "'double-ended' hearing protector" of Figure 2, which does not have ferrules. *Compare* Hosen Decl. Ex. 5014 at 1:50-56 (discussing ferruled embodiment) *with id.* at 2:52-54. 3M's argument does not change the fact that *every single embodiment* is a double-ended earplug and the specification distinguishes the invention over single-ended prior art earplugs. *See* Br. at 10-14 (ECF No. 202).

## II.     3M'S INFRINGEMENT CLAIM WAS OBJECTIVELY BASELESS

3M argues that an infringement suit can never be objectively baseless based on a frivolous construction because "parties can disagree," Opp. at 7-8, and implies that such a suit can only become objectively baseless following an adverse construction. Opp. at 28. This is not the law.

That one judge dissented in *Verizon Systems Corp. v. Vonage Holdings Corp.*, 503 F.3d 1295 (Fed. Cir. 2007) does not immunize 3M's frivolous suit. Judge Michel did not dispute the principle that the specification properly limits the claims; he found that it was improper *in that case* to limit a claim based on a specification statement that did not relate to the claimed invention but rather to a claimed invention in another application. *Id.* at 1313-14. His dissent on those facts does not suggest that a construction covering single-ended earplugs given the '693 specification's description of the invention as a whole as a double-ended earplug is not baseless.

Contrary to 3M's assertions, the Federal Circuit ***has*** found constructions like 3M's to be objectively baseless. Br. at 18-20. *Taurus IP, LLC v. DaimlerChrysler Corp.*, 726 F.3d 1306, 1327 (Fed. Cir. 2013), is squarely on point. Although 3M attempts to

4

distinguish *Taurus* on the basis that "the patentee continued to press its infringement claims even **after** receiving an adverse claim construction," Opp. at 28 (emphasis original to 3M), this fact was not determinative and the Federal Circuit deemed Taurus's construction frivolous from inception:

> [N]o reasonable litigant in Taurus's position could have expected a finding that a web surfer accessing the accused external websites satisfied the requirement for a "user," as recited in claim 16. Although reasonable minds can differ on claim construction positions, Taurus's proposed constructions of "user," and the related terms discussed above, fall below the threshold required to avoid a finding of objective baselessness….
>
> ***Taurus proposed that "user" either not be construed at all, or effectively not construed, as "a person who uses the claimed computer system."***…As discussed above, however, ***the written description provides no support for Taurus's unreasonably broad construction and instead limits the term to those with sufficient internal access*** to the data model to allow the creation and editing of relationship information. ***When patentees have sought unreasonable claim constructions divorced from the written description, this court has found infringement claims objectively baseless***.

*Taurus*, 726 F.3d at 1327-28 (emphases added). Although 3M contends that Taurus's construction "conflict[ed] with the plain language of [the] claim," Opp. at 28, this applied to *another* claim term, "user-defined relationship information," *Taurus*, 726 F.3d at 1321. As the analysis quoted above shows, the Federal Circuit found Taurus's proposition that "'user' either not be construed at all, or effectively not construed'"—no different than 3M's proposed construction of "end" here—to be objectively baseless.

## III. 3M DOES NOT DISPUTE THAT PREVAILING ON INFRINGEMENT WOULD INVALIDATE THE ASSERTED CLAIMS

5

Even if 3M *could* have reasonably expected to prevail on infringement with its erroneous constructions (it could not), that would not save 3M's claim from objective baselessness because those same constructions would invalidate the asserted claims. 3M does not identify a single claim element that, if construed to read on Moldex's BattlePlug, is not present in Figure 4 of FR'642. Instead, 3M urges the Court to skip this dispositive inquiry based on a series of meritless procedural complaints.

3M ignores the fact in assessing whether its decision to assert the '693 patent was objectively baseless that claim constructions must preserve the claim's validity if possible. *See Rhine v. Casio, Inc.*, 183 F.3d 1342, 1345 (Fed. Cir. 1999). As such, the invalidity of the asserted claims must be considered regardless whether Moldex raised it in pleading or discovery (which it did).

3M's Rule 8 and Rule 37 complaints are quickly disposed of because Moldex disclosed this dispositive invalidity argument in its summary judgment briefing in the Patent Litigation, on which it relied in opposing 3M's motion to dismiss in this action. *See* Hosen Decl. Ex. 1 at 33 (illustrating presence of claim limitations as construed by 3M in Figure 4 of FR'642); *id.* Ex. 2 at 14 (same). Moldex also disclosed this argument in an interrogatory response in this case. *See id.* Exs. 3, 4.

3M's claim that Moldex's expert, Dr. Soli, offered "new" expert opinions is false. Dr. Soli merely submitted a shorter, tailored version of his report as a declaration in support of summary judgment. *Compare id.* Ex. 5 *with* Ex. 6. Dr. Soli fully analyzed Figure 4 of FR'642 in "a claim-by-claim, element-by-element" chart incorporated and served with his report. *See id.* Ex. 7. 3M chose not to depose Dr. Soli so 3M was not

6

prejudiced. Dr. Soli's declaration also *did* "state [his] interpretation of the claim element," *see* Opp. at 26; the premise of his opinion is that 3M's constructions show invalidity and he identified each element of the claims in FR'642. *See id. Ex*. 5 ¶¶ 53-57. If 3M had any substantive response, it would have offered it instead of hiding behind procedural complaints. 3M's contention that the '693 patent could read on single-ended earplugs is, and always has been, objectively baseless and partial summary judgment should be granted in Moldex's favor.

Date: May 6, 2016 By:   s/Kevin D. Conneely
Kevin D. Conneely (MN #192703)
Katherine A. Moerke (MN #312277)
STINSON LEONARD STREET P.A.
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402
Telephone: (612) 335-1500
Facsimile: (612) 335-1657
kevin.conneely@stinsonleonard.com
katie.moerke@stinsonleonard.com

AND

Harold A. Barza
(California Bar No. 80888)
(admitted pro hac vice)
Joseph M. Paunovich
(California Bar No. 228222)
(admitted pro hac vice)
Valerie Roddy
(California Bar No. 235163)
(admitted pro hac vice)
Matthew Hosen
(California Bar No. 291631)
(admitted pro hac vice)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
865 South Figueroa Street, 10th Floor

Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
halbarza@quinnemanuel.com
joepaunovich@quinnemanuel.com
valerieroddy@quinnemanuel.com
matthosen@quinnemanuel.com

**ATTORNEYS FOR PLAINTIFF MOLDEX-METRIC, INC.**