UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MOLDEX-METRIC, INC.,<br>      Plaintiff,<br><br>vs.<br><br>3M COMPANY and 3M INNOVATIVE PROPERTIES COMPANY,<br>      Defendants. | Civil No. 14-1821 (JNE/FLN) |

**MOLDEX'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON 3M'S "UNCLEAN HANDS" AFFIRMATIVE DEFENSE**

  The equitable relief sought by Moldex under California's Unfair Competition Law ("UCL") is to mitigate harm that 3M has caused by selling its defective Combat Arms earplugs for more than a decade in violation of state and federal statutes. Under well-established case law, unclean hands is not a defense to 3M's conduct and it has no bearing on the remedies Moldex seeks. Putting aside this absolute bar, 3M's defense also fails because 3M's unclean hands allegations are premised on unintentional conduct with no causal relationship to 3M's wrongdoing.

**I. UNCLEAN HANDS IS NOT A DEFENSE FOR STATUTORILY-PROHIBITED CONDUCT, NOR IS IT RELEVANT TO ANY REMEDY**

  "[T]he unclean hands defense does not apply where its application would result in permitting or approving an act declared by law to be void or against public policy." *R.H. Dyck, Inc. v. Haynes*, 2007 WL 196755, at *7 (Cal. Ct. App. Jan. 26, 2007); *see also Olenicoff v. UBS AG*, 2010 WL 8530286, at *17 (C.D. Cal. Mar. 16, 2010)("[U]nclean

hands is not a defense to…[a] claim based on violation of a statute, such as California's Unfair Competition Law.").

*Cortez v. Purolator Air Filtration Products Co.*, 23 Cal. 4th 163 (2000) does not change that well-established rule. In fact, *Cortez* did not even involve an unclean hands defense. *Id.* at 168, 170 (argument that overtime violation not intentional relevant because "equitable considerations may guide the court in fashioning the appropriate remedy in a UCL action."). Numerous decisions after *Cortez* have held that unclean hands is not a defense to statutorily prohibited conduct. *See, e.g., Ticconi v. Blue Shield of California Life & Health Ins. Co.*, 160 Cal. App. 4th 528, 543-44 (2008); *FLIR Sys., Inc. v. Parrish*, 174 Cal. App. 4th 1270, 1284 (2009); *Summit Media LLC v. City of Los Angeles*, 211 Cal. App. 4th 921, 938 (2012).

The notion that "unclean hands" is relevant to fashioning a *remedy* even though it is plainly not a *defense* to a statutory violation is based on a line of authority holding that such conduct may preclude a plaintiff from obtaining certain remedies *if* the plaintiff's misconduct is relevant to the remedy. *See, e.g.*, *Salas v. Sierra Chem. Co.*, 59 Cal. 4th 407, 430-32 (2014) (employee's use of another person's identity to obtain employment can limit remedies but is no defense to discrimination). Moldex is not seeking a remedy for which Moldex's conduct is relevant. Moldex seeks to put an end to 3M's illegal and dangerous conduct. Thus, Moldex's alleged "unclean hands" is not a *defense* nor is it relevant to fashioning any remedy sought by Moldex.

3M's argues that summary judgment is improper because Moldex has yet to "prove" 3M violated any statute that would bar its defense. But Moldex either will prove

3M violated the UCL (and, thus, violated a statute) or it will not (and an affirmative defense is irrelevant). Summary judgment is proper.

Finally, 3M has not abandoned its unlawful conduct. Its earplugs are still for sale on the Internet, likely still in the possession of soldiers and until recalled, and still pose a significant public safety threat. Although 3M discontinued directly selling its earplug, to Moldex's knowledge, 3M has neither recalled the plugs nor informed anyone about the earplug's defects. ███████████████████████████████████████████████████████████████,[1] ███████████████. Hosen Decl. Ex. 1 at 60:5-61:7, 62:24-63:17, 65:14-66:14, 68:4-69:3, 69:17-71:2. 3M's claim that the military is aware of the defects is unsupported. Opp. at 2-3. There is no document showing knowledge of the defect nor a single test by the military that examined the extent to which the earplug pulls out after insertion if the non-inserted flanges are not rolled back. In fact, the military testing 3M cites was for impulse noise testing, not NRR, and was conducted using a mannequin, not live test subjects. *See* Drown Decl. Ex. 47 at Executive Summary. Such testing would not reveal whether the earplug loosens after insertion and does not support 3M's uncorroborated contention that the military was "fully aware" of the earplug's defects. *See* Opp. at 2-3. 3M's falsely-labeled and defective earplugs are a continuing threat to public safety.

## II.     MOLDEX'S CONDUCT DOES NOT CONSTITUTE UNCLEAN HANDS

---

[1] 3M's insistence that the defect only impacts wearers with large ear canals is inconsistent with its data and admissions. Opp. at 3. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. *See* Hosen Decl. Ex. 5211 at 2-3; *Id.* Ex. 2 at 87:21-89:2.

3M does not dispute that "[w]hether particular misconduct is a bar to the alleged claim for relief depends on (1) analogous case law, (2) the nature of the misconduct, and (3) the relationship of the misconduct to the claimed injuries." *Kendall-Jackson Winery, Ltd. v. Superior Court*, 76 Cal. App. 4th 970, 979 (2000).

### A.     Analogous Case Law Confirms 3M Cannot Establish Unclean Hands

3M has failed to identify any analogous case wherein a defendant in 3M's position was allowed to assert an unclean hands defense to a UCL violation. That 3M relies on *Cortez*, which did not involve unclean hands, as one of its "most analogous cases" is telling. *See* Opp. at 14. Truly analogous cases show that defendants may not assert unclean hands as a defense, and plaintiff's conduct is not considered in fashioning remedial relief, where such conduct was not egregious and did not give rise to the asserted UCL claim. Moldex Br. at 11-13; *see also Magic Kitchen LLC v. Good Things Int'l Ltd.*, 153 Cal. App. 4th 1144, 1167 (2007) (rejecting argument that false advertising prevented defendant from asserting equitable defense where defendant's conduct did not cause it to "acquire[] any rights relevant to plaintiffs'…infringement claim").

### B.     Moldex's Alleged Conduct Was Not Intentional or Unconscionable

"The doctrine of unclean hands requires unconscionable, bad faith, or inequitable conduct by the plaintiff in connection with the matter in controversy." *Mendoza*, 169 Cal. App. 4th at 279. "The extent of actual harm caused by the conduct in question, either to the defendant or to the public interest, is a highly relevant consideration [in applying the unclean hands defense]." *Pom Wonderful LLC v. Welch Foods, Inc.*, 737 F. Supp. 2d 1105, 1109 (C.D. Cal. 2010).

3M's unclean hands defense fails because Moldex's alleged misrepresentations were inadvertent and were promptly corrected when discovered. Moldex inadvertently mislabeled the mean attenuation and standard deviation data on its M-Series Internet brochures, and inadvertently transposed the correct mean attenuation and standard deviation data on its M-Series packaging. Moldex Br. at 6-8. The same brochures and packaging have always displayed the correct NRRs for each M-Series earmuff. *Id.* Moldex quickly corrected the above mistakes after it was made aware of them. 3M has no evidence suggesting that 3M, the military, or the general public was harmed by Moldex's inadvertent conduct.

Similarly, Moldex's alleged presentation of the "8 NRR" PowerPoint slide to Army audiologists in November 2010 would have been harmless even if, contrary to Mr. Hornstein's testimony, it ever happened or was not immediately corrected. *See* Hosen Decl. Ex. 3 at 58:22-62:20. There is no evidence that the military received or (if it did) was confused by this slide; the military had purchased millions of pairs of 3M's earplugs since at least 2004, and was well-aware of the "0" NRR claimed by 3M on the open-end of the plug.[2] *Id.* Ex. 5645 at -83681. That Mr. Hornstein forwarded the 28-slide presentation to Moldex sales representatives does not suggest bad faith because, except for one line in the 28 pages, the presentation was accurate and focuses on Moldex's BattlePlug and impulse noise testing performed on the BattlePlug and dual-ended Combat Arms earplug. Opp. at 8; Hosen Decl. Ex. 1037. 3M does not challenge these

---

[2] The Army could easily verify that 3M claimed a "0" NRR on the earplugs, because the "0" NRR is featured in 3M's advertisements and packaging. *See e.g.*, Hosen Decl. Exs. 4 & 5501.

test results and has no evidence that Moldex's conduct was "unconscionable, bad faith, or inequitable."

### C. Moldex's Conduct Is Unrelated to 3M's Unlawful Testing/Marketing

3M's unclean hands defense also fails because Moldex's conduct is not directly related to, nor did it give rise to, 3M's UCL violations. Unclean hands is *only* relevant to misdeeds that have an "immediate and necessary relation to the equity that [plaintiff] seeks in respect of the matter in litigation." *S. California Darts Ass'n v. Zaffina*, 762 F.3d 921, 932 (9th Cir. 2014). In other words, "[w]hat is material is not that the plaintiff's hands are dirty, but that he dirtied them in acquiring the right he now asserts, or that the manner of dirtying renders inequitable the assertion of such rights against the defendant." *Id.*, 762 F.3d at 932; *see also Nutro Products, Inc. v. Cole Grain Co.*, 3 Cal. App. 4th 860, 869 (1992) (plaintiff's false advertising disregarded where it did not "directly 'infect[]' the actual cause of action before the court").

Moldex's inadvertent misstatements bear no relation to 3M's misconduct in knowingly marketing and selling defective earplugs to the military.[3] The former did not cause or contribute to the latter. Nor did Moldex's purported presentation of a slide to the Army cause 3M's misconduct. Indeed, Moldex's meeting with the Army in November 2010 occurred over 6 years after the defective earplug was first sold to the Army. *S*ee Hosen Decl. Ex. 5645. Thus, Moldex's conduct was not directly related to

---

[3] Moldex is in the process of correcting the inadvertent transposition of the mean attenuations and standard deviations displayed on certain M-Series packaging. Hornstein Decl. at ¶¶3-5.

3M's UCL violations nor the equitable relief sought by Moldex, and the Court should grant Moldex's unclean hands summary judgment motion.

| | |
|---|---|
| Date: May 6, 2016 | By:   s/Kevin D. Conneely<br>Kevin D. Conneely (MN #192703)<br>Katherine A. Moerke (MN #312277)<br>STINSON LEONARD STREET P.A.<br>150 South Fifth Street, Suite 2300<br>Minneapolis, MN 55402<br>Telephone: (612) 335-1500<br>Facsimile: (612) 335-1657<br>kevin.conneely@stinsonleonard.com<br>katie.moerke@stinsonleonard.com<br><br>AND<br><br>Harold A. Barza<br>(California Bar No. 80888)<br>(admitted pro hac vice)<br>Joseph M. Paunovich<br>(California Bar No. 228222)<br>(admitted pro hac vice)<br>Valerie Roddy<br>(California Bar No. 235163)<br>(admitted pro hac vice)<br>Matthew Hosen<br>(California Bar No. 291631)<br>(admitted pro hac vice)<br>QUINN EMANUEL URQUHART<br>& SULLIVAN, LLP<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>Telephone: (213) 443-3000<br>Facsimile: (213) 443-3100<br>halbarza@quinnemanuel.com<br>joepaunovich@quinnemanuel.com<br>valerieroddy@quinnemanuel.com<br>matthosen@quinnemanuel.com<br><br>**ATTORNEYS FOR PLAINTIFF MOLDEX-METRIC, INC.** |