# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| MOLDEX-METRIC, INC., <br><br>            Plaintiff, <br><br> vs. <br><br> 3M COMPANY and 3M INNOVATIVE PROPERTIES COMPANY, <br><br>            Defendants. | Civil No. 14-1821 (JNE/FLN) |

## 3M'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT AND/OR JUDGMENT ON THE PLEADINGS

**REDACTED VERSION**

## <u>INTRODUCTION</u>

Moldex's response reveals a fundamental misunderstanding of this case.  Moldex needs to prove that 3M's Patent Case was objectively baseless such that "no reasonable litigant could realistically [have] expect[ed] to secure favorable relief."  *Prof'l Real Estate Investors, Inc. v. Columbia Pictures Indus.* ("*PRE*"), 508 U.S. 49, 62 (1993).  Yet in arguing that no reasonable litigant could oppose its construction of "end," Moldex cherry-picks a passage from the specification and either ignores or misstates critical aspects of the intrinsic record, including the claims themselves, the entire specification, and the prosecution history.  Moldex also cherry-picks a few Federal Circuit cases while ignoring critical Federal Circuit cases, including *Liebel-Flarsheim*, *Ventana*, *Rambus*, *Absolute Software*, and *Thorner*, all of which constituted "existing law" when the Patent Case was filed.  *PRE*, 508 U.S. at 65.

Moldex's response also illustrates 3M's point that under the standard for sham litigation, it does not matter who has the "winning" claim construction argument, because merely "non-frivolous" arguments provide a litigant with full *Noerr* immunity.  *ERBE Elektromedizin GmbH v. Canady Tech.*, 629 F.3d 1278, 1292 (Fed. Cir. 2010).  Moldex's reliance on the *Honeywell* case shows that parties can reasonably dispute claim construction—the patentee in *Honeywell* was not sanctioned or even chastised for opposing the defendant's claim construction arguments.  Here, too, the Patent Case involved a claim construction dispute in which a reasonable litigant could oppose Moldex's narrow constructions with multiple, non-frivolous arguments that were arguably warranted by existing law, entitling 3M to summary judgment.

1

# ARGUMENT

## I.      3M's '693 CLAIM

*Warranted by Existing Law.*  Moldex ignores existing Federal Circuit law.  3M outlined nine arguments against limiting "end" to "insertable end" and cited a Federal Circuit case after each argument to show that those arguments were "arguably warranted by existing law" under *PRE.*  508 U.S. at 65.  (3M Br. 2-3.)  Moldex fails to cite—let alone address—five of the six cited cases:

| Principal Case | Cited by Moldex? |
|----------------|------------------|
| *Liebel-Flarsheim* | NO |
| *Ventana* | NO |
| *Rambus* | NO |
| *Absolute Software* | NO |
| *Thorner* | NO |

*Plain Language.*  Moldex offers no response to the argument that the ordinary meaning of "end" is not limited to insertable end.  (3M Br. 8-9.)  Because "[o]n its face, the claim language does not preclude the patentee's construction" of "end," a "reasonable litigant could proffer these arguments in good faith."  *iLOR, LLC v. Google, Inc.*, 631 F.3d 1372, 1378 (Fed. Cir. 2011).

*Disclaimer/Disavowal.*  Because a reasonable litigant had "non-frivolous arguments" to oppose Moldex's argument that the specification disclaims the ordinary meaning of "end," *ERBE*, 629 F.3d at 1292, Moldex now pretends that it is not making a disclaimer argument, (Moldex Br. 20).  Moldex claims that it is an "erroneous premise

that the Court must find a clear and unambiguous explicit disclaimer" to limit the term "end" to an "insertable end."  (*Id.*)  But in the Patent Case, Moldex itself argued disclaimer, contending that the '693 patent contained a "**clear and unambiguous disclaimer** of single-ended earplugs."  (Patent Case, Dkt. 35 at 3, 21.)[1]  Moldex also ignores the *Thorner* decision where the Federal Circuit stated:  "The patentee is free to choose a broad term and expect to obtain the full scope of its plain and ordinary meaning unless the patentee [1] explicitly redefines the term or [2] disavows its full scope." *Thorner v. Sony Computer Entm't Am.*, 669 F.3d 1362, 1367 (Fed. Cir. 2012).  Moldex fails to acknowledge that the Federal Circuit "has **repeatedly stated since *Phillips*** that redefinition or **disavowal is required** where claim language **is plain**."  *Straight Path IP Grp. v. Sipnet EU S.R.O.*, 806 F.3d 1356, 1361 (Fed. Cir. 2015); *accord Akamai Techs., Inc. v. Limelight Networks, Inc.*, 805 F.3d 1368, 1375 (Fed. Cir. 2015).  Moldex's avoidance of these cases confirms that a reasonable litigant had non-frivolous arguments that disclaimer was required to limit "end."

    ***Prosecution History.***  Moldex ignores the undisputed fact that, by finding anticipation, the PTO necessarily read "a first end and a second end" to cover the Killion prior art, which unquestionably has only one insertable end.

    Moldex incorrectly asserts that "the prosecution history is completely **silent** as to why the examiner rejected claims 1, 15, and 16 of the '208 patent over the Killion prior art."  (Moldex Br. 25.)  The examiner said—twice—that "the basis for the rejections" was that the claims are "**clearly anticipated** by Killion."  (Ex. 4 at 48-50.)  Since the

---

[1] All emphases added.  All "Ex." cites are attached to Dkt. 198 unless noted.

Killion patents disclosed only a single insertable end, a reasonable litigant could have **only** viewed the PTO's anticipation rejection as reading the claim term "a first end and a second end" to cover earplugs with only one insertable end.

Moldex argues that "3M simply assumes that the examiner understood the Killion prior art to claim only single-ended earplugs" (Moldex Br. 25), yet **everyone agrees** that the Killion prior art discloses earplugs with only one insertable end: (1) 3M agrees; (2) Moldex agrees, (Ex. 16 at 7); (3) 3M's expert agrees, (Dkt. 199-1 ¶¶ 83, 89); and (4) ███████████████████████. Because examiners are "presumed to have properly done [their] job" and are "assumed to have some expertise in interpreting the references," *PowerOasis, Inc. v. T-Mobile USA*, 522 F.3d 1299, 1304 (Fed. Cir. 2008) (quotations omitted), the **only** reasonable reading of the record is that the examiner understood that the Killion prior art discloses earplugs with only one insertable end.

Moldex complains that "3M makes another unfounded assumption when it concludes that . . . the examiner 'considered the addition of 'ferrules' to signal insertability.'" (Moldex Br. 25.) Yet Moldex ████████ argued the **same interpretation** to this Court: "the 'ferrules and connector' limitation in the parent **showed the examiner** that the claim was limited to a double-ended earplug." (Ex. 16 at 7; ████████.) Moldex's own argument shows that the interpretation is a reasonable one.

Moldex also argues that it was wrong for "3M [to] assume[] the examiner necessarily interpreted 'a first end and a second' [sic]" consistently across the '208 and '693 patents. (Moldex Br. 27.) But settled law provides that courts "must interpret the

4

claims consistently across" claims in a patent family, *NTP, Inc. v. Research In Motion*, 418 F.3d 1282, 1293 (Fed. Cir. 2005), making an argument based on that principle a reasonable one.

Finally, to the extent Moldex makes any argument regarding a restriction requirement, it is a non-starter. There was no restriction requirement in the '693 patent prosecution, let alone one that would limit "end." *Plantronics, Inc. v. Aliph, Inc.*, 724 F.3d 1343, 1351 (Fed. Cir. 2013).

***Specification.*** Moldex ignores 3M's argument that the following sentence shows that the language in the specification that Moldex relies on describes **the embodiment of dependent claim 4**, not the entire invention: "The hearing protector includes a flexible cylindrical body having a ferrule at each end . . . ." (Ex. 1 at 1:52-53.) Moldex does not mention this sentence in its brief—let alone explain why a reasonable litigant could not realistically expect success in making this argument.

Moldex attempts to rely on *Honeywell* to support its claim (Moldex Br. 15-17), but *Honeywell* was not a sham litigation case. Rather, *Honeywell* merely involved a disputed claim construction that was resolved in the defendant's favor. And in that case, the specification contained greater limiting language than here, referring to the technology as "this invention" or "the present invention" on **at least four occasions**." *Honeywell Int'l v. ITT Indus.*, 452 F.3d 1312, 1318 (Fed. Cir. 2006). Here, only one sentence refers to "the present invention" as having two insertable ends—and that sentence relates only to dependent claim 4. A reasonable litigant could argue that a single statement about "the present invention" does not limit the claims where, as here, "other portions of the

intrinsic evidence do not support applying the limitation to the entire patent." *Absolute Software v. Stealth Signal*, 659 F.3d 1121, 1136 (Fed. Cir. 2011) (reconciling *Honeywell* and other precedents).

## II.    MOLDEX'S NEW ANTITRUST ALLEGATIONS

Moldex's New Antitrust Allegations do not save its sham litigation claims, first because they may not be considered (3M Br. 21-25), and second because a reasonable litigant could oppose them, (*id.* 25-34).

***Rule 12(c).***  3M expressly moved and explained why the New Antitrust Allegations fail under Rule 12(c).  (Dkt. 195; 3M Br. 25.)  Moldex failed to respond to 3M's Rule 12(c) motion, thereby waiving any opposition.  *Rosen v. Mystery Method, Inc.*, 2008 WL 723331, at *6 (N.D. Ill. Mar. 14, 2008).

***Rule 8(a).***  Moldex argues that the "notice pleading standard does not require" Moldex to plead the New Antitrust Allegations.  (Moldex Br. 41.)  That is wrong.  In *Bell Atl. Corp. v. Twombly*, the Supreme Court squarely rejected the argument that "a wholly conclusory statement of claim" was sufficient "whenever the pleadings left open the possibility **that a plaintiff might later establish some 'set of [undisclosed] facts'** to support recovery," and noted that that idea had "earned its retirement."  550 U.S. 544, 561, 563 (2007) (alteration in *Twombly*).

***Rule 37(c).***  Moldex contends it did not have to disclose the New Antitrust Allegations in interrogatory answers at **any** time during fact discovery.  (Moldex Br. 42.)  That is also wrong.  3M "was entitled to a reply to its interrogatory," so when Moldex "chose not to respond before the closing of discovery," *Transclean Corp. v. Bridgewood*

6

*Servs.*, 290 F.3d 1364, 1373 (Fed. Cir. 2002), exclusion became "automatic" because Moldex failed to satisfy **its burden** to show justification or no prejudice, Fed. R. Civ. P. 37(c), 1993 Comm. Note.  Moldex's ordinary defenses in the Patent Case do not automatically transfer as grounds for a new claim in this new case.

*New Soli Opinion and Rule 16(f).*  Moldex also submitted a new expert opinion on invalidity from Sigfrid Soli regarding Figure 4 of FR '642 that was not included in his report—specifically, paragraphs 71-73 of his declaration.  (*Compare* Dkt. 219, Ex. 24, *with* Dkt. 224 ¶¶ 71-73.)  Rules 16(f) and 37 preclude that new opinion.

Even if the New Antitrust Allegations were allowed, they involve only garden-variety claim construction arguments regarding "channel" and "filter" and a conclusory invalidity argument.  (Moldex Br. 31-40.)  A reasonable litigant could have perceived some likelihood of success in opposing those arguments.  (3M Br. 25-34.)

## III.  3M'S '157 CLAIM

Moldex's brief highlights just how preposterous its sham claim on the '157 patent really is.  Moldex admits infringement of the '157 patent "was uncontested."  (Moldex Br. 4, 1, 43.)  That left prior invention as Moldex's only basis for proving 3M's claim was a sham.  But Moldex does not dispute that, before filing the Patent Case, a reasonable litigant **could not have known** Moldex's: (1) conception date; (2) reduction-to-practice date; or (3) diligence.  (Ex. 26, Nos. 2-9.)  Since these three facts are prerequisites for a prior invention defense (3M Br. 36-38), and since Moldex concedes they were unknowable, the reasonableness of bringing the '157 Claim is undisputed, *see*

generally *Commil USA v. Cisco Sys.*, 135 S. Ct. 1920, 1929 (2015) (presumption of validity "takes away any need for a plaintiff to prove his patent is valid to bring a claim").

Moldex's fallback argument is equally preposterous.  According to Moldex, it was "3M's **maintenance** of a claim for infringement" after the litigation began that was baseless.  (Moldex Br. 46-47.)  But *PRE* "requires an inquiry into the reasonableness of the antitrust defendant's litigation **when filed**," not after.  *FilmTec Corp. v. Hydranautics*, 67 F.3d 931, 938 (Fed. Cir. 1995).  (3M Br. 35.)

Moreover, a reasonable litigant could argue that Moldex never possessed clear and convincing evidence of an actual prior invention **at any time**.  Even now, Moldex does not explain on a claim-by-claim, limitation-by-limitation basis how all nine asserted claims of the '157 patent are anticipated by a supposed prior invention.  *Koito Mfg. v. Turn-Key-Techs.*, 381 F.3d 1142, 1152 (Fed. Cir. 2004).  Moreover, the facts show that Moldex could never do so.  (3M Br. 36-38.)

## CONCLUSION

3M's motion for summary judgment should be granted.

Dated:  May 6, 2016

David J.F. Gross (#208772)
Calvin L. Litsey (#153746)
Nick P. Chan (*pro hac vice*)
Helen E. Chacon (*pro hac vice*)
FAEGRE BAKER DANIELS LLP
1950 University Avenue, Suite 450
East Palo Alto, California 94303
Telephone:  (650) 324-6700
david.gross@FaegreBD.com
calvin.litsey@FaegreBD.com
nick.chan@FaegreBD.com
helen.chacon@FaegreBD.com

U.S.106175491

FAEGRE BAKER DANIELS LLP

*s/ David J.F. Gross*
Chad Drown (#319053)
Elizabeth Cowan Wright (#387126)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402-3901
Telephone:  (612) 766-7000
chad.drown@FaegreBD.com
elizabeth.cowanwright@FaegreBD.com

**Attorneys for Defendants 3M Company
and 3M Innovative Properties Company**